IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> NETFLIX, INC., a Delaware corporation, <br><br> Defendant. | Case No. 2:19-cv-1602 (PSG)(DFMx) <br><br> **STIPULATED ORDER GOVERNING THE PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |
| NETFLIX, INC., a Delaware corporation, <br><br> Counterclaimant, <br><br> v. <br><br> DIVX, LLC, a Delaware limited liability company, <br><br> Counterclaim-Defendant. | |

1. This Order supplements all other discovery rules and orders. It streamlines production of Electronically Stored Information ("ESI"), except information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE" under the Protective Order in this case, to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified in the Court's discretion or by stipulation.

3. Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a further Court order, shall include the following limited metadata: fields showing the date and time that the document or file was created, modified, sent, and received, as well as the complete distribution list, document title/email subject, file extension, and custodian, if such fields exist.

4. Absent agreement of the parties or further Court order, the following parameters apply to ESI production:

   4.1 *General Document Image Format.* Each electronic document shall be produced in single-page Tagged Image File Format ("TIFF"). TIFF files shall be single page and shall be named with a unique production number with page break information in load file identifying document start and end. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document. Load files stating the location and unitization of the TIFF files shall be provided using the following format:

   - Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.
   
   Example of Opticon Delimited File:
   ABC0000001,ABC001,D:\IMAGES\001\ABC0000001.TIF,Y,,,3
   ABC0000002,ABC001,D:\IMAGES\001\ABC0000002.TIF,,,,,
   ABC0000003,ABC001,D:\IMAGES\001\ABC0000003.TIF,,,,,
   
   Example of Concordance Delimited File:
   þBegDocþþEndDocþþAttachRangeþþCustodianþ

   - The electronic file metadata should be provided in the following format:

    1. Fields should be delimited by the default Concordance field delimiter for ANSI character 20 ().

    2. String values within the fields file should be enclosed with a text delimiter (þ).

    3. The first line should contain objective coding and or electronic file metadata headers and below the first line there should be exactly one line for each document.

    4. Each row of metadata must contain the same number of fields as the header row.

    5. Multi-values should be separated by a semicolon (;).

4.2 *Text-Searchable Documents*. Documents shall be produced in text-searchable format at no cost to the receiving party. The document-level text file should be extracted directly from the native file and each text file will be named using its corresponding image files (e.g., ABC0000001.TXT), except for documents with redactions.

4.3 *Footer*. Each document image shall contain a footer with a sequentially ascending production number.

4.4 *Native Files*. Spreadsheet documents (like Excel files) and other documents not compatible with production as TIFF files will be produced in native format. Native Files will be produced with a placeholder TIFF image and will contain the endorsed production number. A party may make a reasonable request to receive the document in its native format, and upon receiving such a request, the producing party shall produce the document in its native format.

4.5 *Redactions*. With respect to documents containing redacted text, no text will be provided for the redacted portion. OCR will be provided for the un-redacted portions of the documents.

    4.6    *Color*.  Upon request after the initial production, specifically identified documents that originally contained color shall be reproduced as a color JPG or produced natively.

    4.7    *No Backup Restoration Required*.  Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks, SAN, and other forms of media.

    4.8    *Voicemail, Chats, and Mobile Devices*.  Absent a showing of good cause, voicemails, chats, PDAs, and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

5.    General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order or other further order of this Court, shall not include email or other forms of electronic correspondence (collectively, "email").  To obtain email, parties must propound specific email production requests.

6.    In the event any party makes a good faith determination that email discovery is reasonably likely to result in production of noncumulative discovery that is relevant to any party's claim or defense and proportional to the needs of the case pursuant to Fed. R. Civ. P. 26(b)(1), the parties shall meet and confer in an effort to come to agreement as to whether email discovery is necessary and, if so, a framework for conducting email discovery that fairly accounts for the likelihood of actually discovering relevant email and the burden and expense to the producing party.

7.    Under Federal Rule of Evidence 502(d), the inadvertent production of privileged or work product protected ESI is not a waiver in this case or in any other federal or state proceeding.

8.    The mere production of ESI in litigation as part of a mass production shall not itself constitute a waiver for any purpose.

9. Except as expressly stated, nothing in this order affects the parties' discovery obligations under Federal or Local Rules.

IT IS SO ORDERED.

DATED: April 27, 2020

_____
HONORABLE DOUGLAS F. McCORMICK
UNITED STATES MAGISTRATE JUDGE