AO 120 (Rev. 08/10)

| TO: | Mail Stop 8<br>Director of the U.S. Patent and Trademark Office<br>P.O. Box 1450<br>Alexandria, VA 22313-1450 | REPORT ON THE<br>FILING OR DETERMINATION OF AN<br>ACTION REGARDING A PATENT OR<br>TRADEMARK |
|---|---|---|

In Compliance with 35 U.S.C. § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court __for the Central District of California__ on the following

☐ Trademarks or ☑ Patents. ( ☐ the patent action involves 35 U.S.C. § 292.):

| DOCKET NO. 2:19-cv-1602 | DATE FILED 3/5/2019 | U.S. DISTRICT COURT for the Central District of California |
|---|---|---|
| PLAINTIFF<br>DivX, LLC | | DEFENDANT<br>Netflix, Inc. |

| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|---|
| 1 | 7,295,673 | 11/13/2007 | DivX, LLC |
| 2 | 8,139,651 | 3/20/2012 | DivX, LLC |
| 3 | 8,472,792 | 6/25/2013 | DivX, LLC |
| 4 | 9,184,920 | 11/10/2015 | DivX, LLC |
| 5 | 9,270,720 | 2/23/2016 | DivX, LLC |

In the above—entitled case, the following patent(s)/ trademark(s) have been included:

| DATE INCLUDED 3/5/2019 | INCLUDED BY ☐ Amendment ☐ Answer ☐ Cross Bill ☐ Other Pleading | | |
|---|---|---|---|
| | PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | 9,998,515 | 6/12/2018 | DivX, LLC |
| 2 | 10,212,486 | 2/19/2019 | DivX, LLC |
| 3 | 10,225,588 | 3/5/2019 | DivX, LLC |
| 4 | | | |
| 5 | | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

| DECISION/JUDGEMENT |
|---|
| see attached |

| CLERK<br>KIRY K. GRAY | (BY) DEPUTY CLERK<br>[signature] | DATE<br>5/11/2020 |
|---|---|---|

**Copy 1**—Upon initiation of action, mail this copy to Director   **Copy 3**—Upon termination of action, mail this copy to Director
**Copy 2**—Upon filing document adding patent(s), mail this copy to Director   **Copy 4**—Case file copy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  JS-6

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
|  | CV 19-1606 PSG (DFMx) |  |  |
| Title | DivX, LLC v. Netflix, Inc. | | |
|  | DivX, LLC v. Hulu, LLC | | |

Present: The Honorable **Philip S. Gutierrez, United States District Judge**

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
| Not Present | Not Present |

**Proceedings (In Chambers):**    **The Court GRANTS Defendants' Motions to Stay**

On March 5, 2019, Plaintiff DivX, LLC ("DivX" or "Plaintiff") filed these two actions for patent infringement against Defendants Netflix, Inc. ("Netflix") and Hulu, LLC ("Hulu," collectively with Netflix, "Defendants"). *See* LACV 19-1602 PSG (DFMx) ("*Netflix Case*"), Dkt. # 1 ("*Netflix Case Compl.*"); LACV 19-1606 PSG (DFMx) ("*Hulu Case*"), Dkt. # 1 ("*Hulu Case Compl.*"). Plaintiff alleges that Hulu infringes seven of its United States Patents. *Hulu Case Compl.* ¶ 9. Plaintiff alleges that Netflix infringes the same seven patents, as well as an eighth patent. *Netflix Case Compl.* ¶ 9.[1]

Before the Court are Defendants' motions to stay these cases pending *inter partes* review proceedings. *See* Dkt. # 94 ("*Netflix Mot.*"); *Hulu Case*, Dkt. # 100 (Notice of Hulu's Motion to Stay), 113 (Corrected Memorandum in Support of Hulu's Motion to Stay, hereinafter "*Hulu Mot.*"). Plaintiff timely opposed each motion. *See* Dkt. # 102 ("*Opp. to Netflix*"); *Hulu Case*, Dkt. # 115 ("*Opp. to Hulu*"). Defendants each replied. *See* Dkt. # 104 ("*Netflix Reply*"); *Hulu Case*, Dkt. # 119 ("*Hulu Reply*").

The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers, the Court **GRANTS** Defendants' motions. LACV 19-1602, Dkt. # 94; LACV 19-1606, Dkt. # 100.

---

[1] All further citations will be to the Netflix Case unless otherwise noted.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
| | CV 19-1606 PSG (DFMx) | | |
| Title | DivX, LLC v. Netflix, Inc. | | |
| | DivX, LLC v. Hulu, LLC | | |

I. Background

On February 20, 2020, the same schedule was entered in both the Netflix Case and Hulu Case. Dkt. # 89; *Hulu Case*, Dkt. # 87. The schedule includes a trial date for April 27, 2021 and a final pretrial conference for April 12, 2021. *Id.* It set the non-expert discovery cut-off for September 24, 2020. It also set a claim construction hearing for August 31, 2020. The parties' first deadline for disclosures relating to claim construction only recently passed on May 7, 2020.[2] *Id.*

The parties also agreed to certain deadlines for reducing the number of asserted patent claims and prior art references at issue in these cases. *See id.* at 2. Plaintiff served Defendants with its lists of no more than 30 selected asserted claims on April 16, 2020. *Id.*

Starting in October 2019, Defendants began filing petitions for *inter partes* review ("IPR") of certain claims of the asserted patents before the Patent Trial and Appeal Board ("PTAB"). Defendants filed the majority of their IPR petitions between February and March 2020. The deadline for Defendants to file their IPR petitions passed in mid-March 2020, before Plaintiff's deadline to reduce the number of asserted claims in this case. *See* 35 U.S.C. § 315(b) (party may not file IPR petition for a patent more than one year after being served with complaint for infringement of that patent).

The following table summarizes the status of Defendants' petitioned IPR proceedings:

| Asserted Patent | Some Selected Claims Challenged in Defendants' IPR Petitions? | All Selected Claims Challenged in Defendants' IPR Petitions? | Date Petition Filed? | Date Institution Decision Received or Expected (Approximate)? |
|---|---|---|---|---|
| 10,212,486 | No | No | N/A | N/A |
| 7,295,673 | No (Hulu Case) Yes (Netflix Case) | No | February 29, 2020 | Expected (Late) August 2020 |

---

[2] Hulu filed an *ex parte* application for a continuation of the May 7, 2020 deadline and other related claim construction deadlines. Dkt. # 120. Hulu's *ex parte* application is addressed in the conclusion section of this Order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
| | CV 19-1606 PSG (DFMx) | | |
| Title | DivX, LLC v. Netflix, Inc. | | |
| | DivX, LLC v. Hulu, LLC | | |

| | | | | |
|---|---|---|---|---|
| **8,472,792** | Yes | **No** | March 6, 2020 | Expected September 2020 |
| **9,998,515** | Yes | **No (Hulu Case)** Yes (Netflix Case) | March 11, 2020 | Expected September 2020 |
| **8,139,651** | Yes | Yes | October 18, 2019 | **Instituted** April 27, 2020 |
| **9,270,720** | Yes | Yes | March 11, 2020 | Expected September 2020 |
| **10,225,588** | Yes | Yes | February 15, 2020 | Expected August 2020 |
| **9,184,920 (Netflix Case Only)** | Yes | Yes | February 6, 2020 | Expected August 2020 |

II.  Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 252 (1936)).  District courts have long considered three factors in deciding whether to grant a stay of district court proceedings until the completion of co-pending patent office proceedings, including IPR proceedings:

1. whether discovery is complete and whether a trial date has been set;

2. whether a stay will simplify the issues in question and trial of the case; and

3. whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-1153 VAP (SPx), 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013)); *see also ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1380 (N.D. Cal. 1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
|  | CV 19-1606 PSG (DFMx) |  |  |
| Title | DivX, LLC v. Netflix, Inc. | | |
|  | DivX, LLC v. Hulu, LLC | | |

Ultimately, courts consider the "totality of the circumstances" in evaluating whether a stay is proper. *Wonderland Nurserygoods*, 2015 WL 1809309, at *2 ("While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately 'the totality of the circumstances governs.'" (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031)).

III.   Discussion

   A.   Stage of the Proceedings

Although a trial date has been set, these cases are in their early stages. Claim construction proceedings have only just begun, and a claim construction hearing is not scheduled until August 31, 2020. Limited discovery has occurred.

Plaintiff emphasizes the steps the parties and Court have already taken to streamline these cases. *See, e.g. Opp. to Netflix* 12:4–12. It argues that the stage of the proceedings does not weigh in favor of a stay because "[t]rial has been set, the fact discovery period is nearly halfway complete, and the parties will make significant headway well before institution decisions on the remaining six petitions are due." *Id.* 13:8–10. Plaintiff also argues that the fact that there has been limited discovery in the case should not weigh in favor of a stay because such a determination would "incentivize . . . an infringement defendant to manufacture circumstances supporting a stay motion." *Id.* 14:8–9.

There is significantly more work left to be done in this case compared to work that has already been completed, and Plaintiff does not reasonably dispute that fact. *Id.* 14:15–16; *see also Lodge Mfg. Co. v. Gibson Overseas, Inc.*, CV 18-8085 PSG (GJSx) (slip op.), at *4–5 (C.D. Cal. Sept. 24, 2019) (collecting cases to support that stage of proceedings factor weighs in favor of stay where claim construction proceedings have not yet occurred). Moreover, the entry of a stay pending patent office proceedings would not mean that the parties' commendable efforts to streamline litigation thus far will have been completely in vain. Those efforts will remain relevant even after any stay is lifted. Plaintiff's argument regarding the status of discovery and concerns about an improper incentive are creative, but also unpersuasive here. Plaintiff has not shown that Defendants indeed intentionally delayed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
| | CV 19-1606 PSG (DFMx) | | |
| Title | DivX, LLC v. Netflix, Inc. | | |
| | DivX, LLC v. Hulu, LLC | | |

discovery in this case in a manner so that they could nefariously "manufacture circumstances supporting a stay motion."

The coronavirus pandemic is also a relevant consideration under this factor. Defendants, particularly Hulu, has stated that the pandemic has hindered their ability to meet certain case deadlines. *See, e.g. Hulu Case*, Dkt. # 120. Plaintiff also recognizes that "the Court, parties, and counsel face unprecedented challenges from COVID-19 and the corresponding guidance and restrictions that have disrupted everyday life and routines." *Opp. to Netflix* 14:21–23. It is likely that if these cases were to proceed on their current schedule, hearings and trial would be subject to delays, particularly because criminal matters will take priority over these patent infringement actions.

For these reasons, this factor weighs in favor of a stay.

B.   Simplification of the Issues

Defendants have filed IPR petitions challenging claims in some, but not all, of the asserted patents. Defendants did not file an IPR petition for the '486 Patent.[3] Hulu also has not brought an IPR petition that challenges any claims currently asserted against it for the '673 Patent. Even where asserted patents are the subject of Defendants' current IPR petitions, there are still some claims asserted in this case that are not the subject of those petitions. Specifically, there are asserted claims in the '673, '792, and '515 Patents that are not challenged in IPR petitions, even though other asserted claims in those patents have been challenged by one or both parties in IPR.

The result is that even if the PTAB institutes IPR proceedings for all of the challenged claims before it, there will be asserted patent claims in this case that will necessarily remain for adjudication. To support their motions, Defendants emphasize the asserted claims that *are* the subject of IPR petitions, and urge that the simplification factor continues to weigh in favor of stay in light of those claims. *See generally, e.g. Netflix Reply* 4:27–7:15. Plaintiff emphasizes the asserted claims that *are not* the subject of IPR petitions, and further notes the fact that the

---

[3] Netflix states that it "expects to move for—and prevail on—summary judgment of non-infringement for that asserted patent." *Netflix Mot.* 1 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
| | CV 19-1606 PSG (DFMx) | | |
| Title | DivX, LLC v. Netflix, Inc. | | |
| | DivX, LLC v. Hulu, LLC | | |

PTAB has not made preliminary decisions on whether to institute IPR for most of Defendants' pending IPR petitions. *See generally, e.g. Opp. to Netflix* 15:9–17:19.

The Court finds this factor only very slightly weighs in favor of stay. That many of the IPR proceedings await preliminary decisions from the PTAB "clouds the simplification inquiry, but does not inherently mean a stay should be denied." *Lodge Mfg.*, slip op., at *6 (all quotations and citations omitted). That not all asserted claims in the case are subject to pending IPR petitions presents the larger issue. However, at least some, if not all, claims in seven of the eight asserted patents in these cases are currently under consideration before the PTAB. The parties' disputes regarding the claims in these seven patents not subject to IPR challenge could still be influenced by what occurs in PTAB proceedings. There is a possibility, for instance, that the parties make characterizations about the scope of the claim language in IPR proceedings that become relevant to their disputes in this case, even to claims not challenged in IPR. Ultimately, judicial resources would be better served by at least waiting to see the outcomes of Defendants' pending IPR petitions. After the PTAB has issued its preliminary decisions on those petitions, either party may apply ex parte to reopen some or a portion of the case, including as to the '486 Patent.

    C.    <u>Possibility of Undue Prejudice</u>

Plaintiff does not contend that Defendants engaged in "dilatory tactics" in filing their IPR petitions. Further, the IPR proceedings are finite in duration. Barring an unusual request for a six-month extension of its statutory deadlines, the latest the PTAB could issue a final written decision regarding Defendants' challenges to any of the asserted patents is September of next year. Defendants also timely brought their motions to stay after filing their March 2020 petitions. Finally, Plaintiff does not dispute that Defendants do not compete against Plaintiff.

Plaintiff instead argues that there are

> at least two ways that a stay *may* cause damage to DivX . . . : it *may* impede DivX's licensing business, and it *may* preclude DivX from a full and fair opportunity to defend its patents with objective considerations of non-obviousness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
| | CV 19-1606 PSG (DFMx) | | |
| Title | DivX, LLC v. Netflix, Inc. | | |
| | DivX, LLC v. Hulu, LLC | | |

*Opp. to Netflix* 19:16–20 (emphasis added). Plaintiff's arguments do not present a fair possibility that damage could be caused by a stay of this litigation, let alone a possibility of undue prejudice. Regarding Plaintiff's licensing practices, Plaintiff has provided no basis to support that its licensees' decisions to take or renew a license are influenced at all by whether this district court litigation is stayed or proceeds in parallel with PTAB proceedings, particularly where those PTAB proceedings remain ongoing even if a stay is entered. Plaintiff's second suggestion – that PTAB proceedings do not permit an adequate opportunity for discovery from Defendants regarding secondary considerations of non-obviousness – is also unpersuasive. As recently as April 14, 2020, the PTAB has designated decisions addressing secondary considerations of non-obviousness as precedential or informative, providing guidance to practitioners on the topic and showing its willingness to consider evidence relating to the issue, as is required by the law for evaluating obviousness. *See, e.g. Lectrosonics, Inc. v. Zaxcom, Inc.*, Case IPR2018-01129, Paper 33 (Jan. 24, 2020). As Netflix also notes, "[i]n any case, the PTAB has the ability and authority to permit or deny the type of discovery DivX purports to need." *Netflix Reply* 8 n.3. This factor weighs in favor of a stay.

   D. <u>Balancing the Factors and Totality of the Circumstances</u>

  The early stage of the proceedings weighs in favor of a stay, the likelihood of simplification weighs very slightly in favor of a stay, and the lack of undue prejudice to Plaintiff weighs in favor of a stay. Collectively, these factors thus weigh in favor of a stay.

  In its opposition, Plaintiff also makes unique arguments regarding the legal authority that should govern the stay inquiry, as well as arguments about how various factors should be weighed and considered in the analysis. *See, e.g. Opp. to Netflix* 6:26–11:19. Those arguments are found unpersuasive. First, the Court has considered the same three factors that district courts in the Ninth Circuit have adopted and considered for over 25 years in deciding whether to stay district court proceedings until the completion of co-pending patent office proceedings. *See ASCII*, 844 F. Supp. at 1380. Second, and more importantly, although the Court has considered and balanced those three factors, the totality of the circumstances ultimately governs. And here, the Court finds that the totality of the circumstances – including the competing interests presented by the parties and the efficient management of this Court's docket – support a stay pending review of asserted patent claims by a specialty administrative agency specifically established for that purpose.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 19-1602 PSG (DFMx) | Date | May 11, 2020 |
|---|---|---|---|
|  | CV 19-1606 PSG (DFMx) |  |  |
| Title | DivX, LLC v. Netflix, Inc. | | |
|  | DivX, LLC v. Hulu, LLC | | |

IV.     Conclusion

For the reasons stated, the Court **GRANTS** Defendants' motions. These cases are administratively closed. As noted, any party may apply ex parte to reopen the cases as to some or all of the asserted patents (a) after the PTAB has issued preliminary decisions on all of Defendants' pending IPR petitions or (b) after the conclusion of all IPR proceedings.

Because these matters are administratively closed by this Order, Hulu's *ex parte* application to amend the scheduling order in this case (Dkt. # 120) is **MOOT**.

**IT IS SO ORDERED.**