QUINN EMANUEL URQUHART & SULLIVAN, LLP
David Perlson (Bar No. 209502)
davidperlson@quinnemanuel.com
Andrew Holmes (Bar No. 260475)
drewholmes@quinnemanuel.com
50 California Street, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 875-6600
Facsimile: (415) 875-6700

Lance Yang (Bar No. 260705)
lanceyang@quinnemanuel.com
Valerie Lozano (Bar No. 260020)
valerielozano@quinnemanuel.com
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Brian Biddinger (Bar No. 224604)
brianbiddinger@quinnemanuel.com
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Defendant and Counterclaimant
Netflix, Inc.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>    Defendant.<br>———————————————<br>NETFLIX, INC., a Delaware corporation,<br><br>    Counterclaimant,<br><br>v.<br><br>DIVX, LLC, a Delaware limited liability company,<br><br>    Counterclaim-Defendant. | Case No. 2:19-cv-01602-PSG(DFMx)<br><br>**DECLARATION OF LANCE YANG IN SUPPORT OF NETFLIX, INC.'S OPPOSITION TO DIVX, LLC'S MOTION TO LIFT STAY AND REOPEN CASE** |

## DECLARATION OF LANCE L. YANG

I, Lance L. Yang, hereby declare as follows:

1. I am a partner at Quinn Emanuel Urquhart & Sullivan LLP, counsel for Netflix, Inc. ("Netflix"). I am a member in good standing of the Bar of the State of California. I make this declaration based on personal knowledge and, if called as a witness, I could and would testify competently to the matters set forth herein.

2. I make this declaration in support of Netflix's Opposition to Plaintiff DivX, LLC's Motion to Lift Stay and Reopen Case.

3. Prior to the Court's May 11, 2020 order staying this case, DivX and Netflix each served a set of requests for production and interrogatories on the other party, as well as objections and responses to those discovery requests. DivX also served one additional interrogatory on Netflix.

4. Netflix has produced 1408 pages of documents in this case.

5. DivX also served two Rule 30(b)(6) notices and requested in a corresponding letter a preliminary deposition of a document systems custodian to testify about the types and categories of documents, data, and materials in Netflix's possession, custody or control. No depositions had been scheduled when this case was stayed.

6. When this case was stayed, the parties had not yet exchanged proposed claim constructions.

7. Netflix has filed appeals of six of the PTAB's IPR decisions to the Federal Circuit:

- Docket No. 2021-1931, filed on April 30, 2021, appeals the PTAB's decision in IPR2020-00052 challenging claims 1, 2, 4, and 17-19 of U.S. Patent No. 8,139,651. Netflix filed its opening brief on September 20, 2021 and DivX filed its response brief on January 3, 2022. Netflix's reply brief is due on February 24, 2022.

- Docket No. 2022-1043, filed on October 12, 2021, appeals the PTAB's decision in IPR2020-00511 challenging claims 1-3, 5, 6, 12, 14, and 15 of U.S. Patent No. 9,184,920. Netflix's opening brief is due on February 22, 2022.
- Docket No. 2022-1083, filed on October 22, 2021, appeals the PTAB's decision in IPR2020-00558 challenging claims 1-24 of U.S. Patent No. 10,225,588. Netflix's opening brief is due on February 25, 2022.
- Docket No. 2022-1138, filed on November 8, 2021, appeals the PTAB's decision in IPR2020-000646 challenging claims 1, 5, 8, 9, 13-15, 18 and 21-23 of U.S. Patent No. 8,472,792. Netflix's opening brief is due on February 19, 2022.
- Docket No. 2022-1203, filed on November 24, 2021, appeals the PTAB's decision in IPR2020-000647 challenging claims 1-5 and 12 of U.S. Patent No. 9,270,720. Netflix's opening brief is due on March 11, 2022.
- Docket No. 2022-1204, filed on November 24, 2021, appeals the PTAB's decision in IPR2020-000648 challenging claims 1-6, 8-10, 13-14, 16, 17, and 19 of U.S. Patent No. 9,998,515. Netflix's opening brief is due on March 11, 2022.

8. The PTAB's Final Written Decision in IPR2020-00646 invalidated all fifteen challenged claims of U.S. Patent No. 7,295,673. DivX has until February 18, 2022 to file a Notice of Appeal of this decision.

9. Attached as Exhibit 1 is a true and correct copy of the Complaint filed by DivX on September 10, 2020 at the International Trade Commission ("ITC") asserting infringement of four patents—including U.S. Patent No. 10,212,486—against Respondents LG Electronics, Inc., LG Electronics USA, Inc. (collectively, "LG"), MediaTek Inc., MediaTek USA Inc., MStar Semiconductor, Inc. (collectively, "MediaTek"), Realtek Semiconductor Corporation ("Realtek"), Samsung Electronics America, Inc., Samsung Electronics Co., Ltd., Samsung

Electronics HCMC CE Complex Co, Ltd. (collectively, "Samsung"), Shenzhen TCL New Technology Company Limited, TCL Electronics Holdings Ltd. f/k/a TCL Multimedia Technology Holdings Ltd., TCL King Electrical Appliances (Huizhou) Co. Ltd., TCL MOKA International Limited, TCL Smart Device (Vietnam) Company Ltd., TCL Technology Group Corporation f/k/a TCL Corporation, and TTE Technology, Inc. (collectively, "TCL").

10. Attached as Exhibit 2 is a true and correct copy of excerpts of Respondent TCL's Initial Post-Hearing Brief in *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same*, Inv. No. 337-TA-1222 (USITC).

11. Attached as Exhibit 3 is a true and correct copy of Order No. 71 in *Certain Video Processing Devices, Components Thereof, and Digital Smart Televisions Containing the Same*, Inv. No. 337-TA-1222 (USITC) issued by the ALJ on December 3, 2021.

12. Attached as Exhibit 4 is a true and correct copy of an excerpt of the Final Written Decision in IPR2020-00558 issued by the PTAB on August 23, 2021.

13. Attached as Exhibit 5 is a true and correct copy of an excerpt of Netflix and Hulu, LLC's opening brief in the Federal Circuit appeal with docket no. 2021-1931.

14. Attached as Exhibit 6 is a true and correct copy of excerpts of the Final Written Decision in IPR2020-00052 issued by the PTAB on April 22, 2021.

15. Attached as Exhibit 7 is a true and correct copy of the Notice of Appeal filed by Netflix in *Netflix, Inc. v. DivX LLC*, No. 2022-1043 (Fed. Cir. Oct. 13, 2021).

16. Attached as Exhibit 8 is a true and correct copy of excerpts of the Final Written Decision in IPR2020-00511 issued by the PTAB on August 13, 2021.

17. Attached as Exhibit 9 is a true and correct copy of the Notice of Appeal filed by Netflix in *Netflix, Inc. v. DivX LLC*, No. 2022-1138 (Fed. Cir. Nov. 10, 2021).

18. Attached as Exhibit 10 is a true and correct copy of the Notice of Appeal in filed by Netflix *Netflix, Inc. v. DivX LLC*, No. 2022-1083 (Fed. Cir. Oct. 25, 2021).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 4th day of February, 2022, in Los Angeles, California.

>  */s/ Lance L. Yang*
>  Lance L. Yang