1  | Matthew D. Powers (Bar No. 104795)
2  | matthew.powers@tensegritylawgroup.com
   | TENSEGRITY LAW GROUP, LLP
3  | 555 Twin Dolphin Drive, Suite 650
4  | Redwood Shores, CA 94065
   | Telephone:   (650) 802-6000
5  | Facsimile:    (650) 802-6001
6  |
7  | David M. Stein, SBN 198256
   | dstein@brownrudnick.com
8  | Brown Rudnick LLP
   | 2211 Michelson Drive, 7th Floor
9  | Irvine, CA 92612
10 | Telephone: (949) 752-7100
   | Facsimile:  (949) 252-1514
11 |
12 | *Attorneys for Plaintiff DivX, LLC*

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company, | **Case No. 2:19-cv-1602 PSG (DFMx)** |
|     Plaintiff and Counterclaim-Defendant, | **PLAINTIFF DIVX, LLC'S REPLY IN SUPPORT OF MOTION TO LIFT STAY AND REOPEN CASE** |
|     v. | |
| NETFLIX, INC., a Delaware corporation, | Date:   February 25, 2022 |
|     Defendant and Counterclaimant. | Time:   1:30 pm |
| | Ctrm:   6A |
| | Judge:  Hon. Philip S. Gutierrez |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I.     INTRODUCTION ............................................................ 1

II.    ARGUMENT ................................................................. 1

    A.    The Stage Of The Litigation Supports Lifting The Stay .................... 1

    B.    Continuing The Stay Will Not Simplify This Litigation ................... 3

        1.    Netflix's Appeals Will Not Simplify This Litigation .............. 3

        2.    Netflix's Other Arguments Lack Merit.................................. 10

    C.    A Continued Stay Will Prejudice DivX ........................................... 10

III.   CONCLUSION .......................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Andrea Elec. Corp. v. Apple Inc.*,

    16-CV-5220, 2019 WL 3712120 (E.D.N.Y. Aug. 6, 2019) ....................................... 2, 8

*Baxter Healthcare Corp., v. Becton, Dickinson and Company*,

    Case No. 3:17-cv-2186, 2021 WL 22553 (C.D. Cal. Jan. 4, 2021) .................. 2, 4, 11

*Boston Sci. Corp., v. Edwards Lifescis. Corp.*,

    Case No. SACV 16-00730, 2018 WL 11349847 (C.D. Cal. Nov. 15, 2018) ............. 1

*Game and Tech. Co. v. Blizzard Entm't, Inc.*,

    No. CV 16-06499-BRO (SK), slip op. (C.D. Cal. Nov. 4, 2016) .............................. 2

*Game and Tech. v. Blizzard Entm't, Inc.*,

    No. CV 16-06499-BRO (SK), slip op. (C.D. Cal. May 15, 2017) ........................ 2, 11

*Ioengine, LLC v. PayPal Holdings, Inc.*,

    No. 18-452-WCB, 2019 WL 3943058 (D. Del. Aug. 21, 2019) ................................. 2

*Ioengine, LLC v. PayPal Holdings, Inc.*,

    No. 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020) ........................ passim

*Juno Therapeutics, Inc. v. Kite Pharma*,

    No. CV 17-07639 SJO (RAOx), 2018 WL 1470594 (C.D. Cal. Mar. 8, 2018).......... 7

*Magseis FF LLC, v. Seabed Geosolutions (US) Inc.*,

    Civil No. H-17-1458, 2020 WL 1429338 (S.D. Tex. Mar. 19, 2020).............. 2, 9, 12

*Masterobjects, Inc. v. Ebay, Inc.*,

    No. 16-cv-06824-JSW, 2018 WL 11353751 (N.D. Cal. Nov. 7, 2018)................... 12

*Milwaukee Electrical Tool Corporation v. Hilti, Inc.*,

    No. 14-CV-1288-JPS, 2016 WL 7495808 (E.D. Wis. Dec. 30, 2016) ...................... 9

*Netflix, Inc. v. DivX, LLC*,

    Case No. 2021-1931, Dkt. 11 (Fed. Cir. Aug. 2 , 2021) ............................................ 4

*Netflix, Inc. v. DivX, LLC*,

    Case No. 2021-1931, Dkt. 12 (Fed. Cir. Aug. 3, 2021) ............................................ 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2021-1931, Dkt. 19 (Fed. Cir. Jan. 10, 2022) ............................................. 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2021-1931, Dkt. 20 (Fed. Cir. Jan. 14, 2022) ............................................. 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1043, Dkt. 14 (Fed. Cir. Jan. 6, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1043, Dkt. 15 (Fed. Cir. Jan. 6, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1043, Dkt. 16 (Fed. Cir. Feb. 1, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1043, Dkt. 17 (Fed. Cir. Feb. 7, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1083, Dkt. 12 (Fed. Cir. Feb. 1, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1083, Dkt. 13 (Fed. Cir. Feb. 1, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1138, Dkt. 10 (Fed. Cir. Feb. 1, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1138, Dkt. 11 (Fed. Cir. Feb. 1, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1203, Dkt. 11 (Fed. Cir. Feb. 1, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,*

    Case No. 2022-1203, Dkt. 12 (Fed. Cir. Feb. 1, 2022) ............................................... 4

*Netflix, Inc. v. DivX, LLC,* No. 2022-1204, Dkt. 2 (Fed. Cir. Dec. 13, 2021) ............... 4

*Network-1 Security Solutions., Inc. v. Alcatel-Lucent USA Inc.,*

    No. 6:11cv492, 2015 WL 11439060 (E.D. Tex. Jan. 5, 2015) ................................. 11

*Puget BioVentures, LLC v. Medical Device Business, Services Inc.,*

    No. 3:17-CV-503-JD-MGG, 2017 WL 6947786 (N.D. Ind. Sept. 22, 2017) ............. 9

*Realtime Data LLC v. Silver Peak Sys., Inc.,*

    No. 17-cv-02373-PJH, 2018 WL 3744223 (N.D. Cal. Aug. 7, 2018) ..................... 12

*Software Rights Archive, LLC v. Facebook, Inc.,*

    No. C-12-3970 RMW, 2013 WL 5225522 (N.D. Cal. Sept. 17, 2013) ................... 11

*Straight Path IP Group, Inc. v. Verizon Communications Inc.,*

    16-CV-4236, 2016 WL 6094114 (S.D.N.Y. Oct. 18, 2016) ................................. 9, 11

*Willis Elec. Co. v. Polygroup Ltd.,*

    No. 15-cv-3443-WMW-KMM, 2018 WL 7690327 (D. Minn. Apr. 24, 2018) .... 9, 11

*Zoll Medical Corp., v. Respironics, Inc.,*

    C.A. No. 12-1775, 2015 WL 4126741 (D. Del. July 8, 2015).............................. 1, 11

## I.      INTRODUCTION

Netflix's opposition reads as if it is routine to continue a stay after IPRs have failed based on Netflix's appeals from its IPR losses. The opposite is true. As Judge Bryson of the Federal Circuit sitting by designation held: "the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." *Ioengine*, 2020 WL 6270776, at *4. As another court in this district concluded: "Waiting for a decision from the Federal Circuit subjects the present action to the indefinite timeline of the appeal process in exchange for an uncertain or unlikely possibility of further simplification of the issues." *Boston Sci. Corp., v. Edwards Lifescis. Corp.*, 2018 WL 11349847, at *2 (C.D. Cal. Nov. 15, 2018) (Carney, J.). Netflix has had its day before the PTAB. It lost. DivX is now entitled to its day in Court.

## II.     ARGUMENT

### A.      The Stage Of The Litigation Supports Lifting The Stay

Netflix fails to rebut that the stage of the proceedings supports lifting the stay. As the case ages, the early stage compounds the prejudice of an indefinite deferral of the plaintiff's rights. In *Ioengine*, Judge Bryson, senior Federal Circuit judge, sitting by designation and lifting a stay that he had previously ordered addressed this squarely. *Ioengine*, 2020 WL 6270776.[1] Judge Bryson did not just find the factor "unchanged" as Netflix suggests, he also stated "[t]he focus of the inquiry is ***therefore*** on the [other] factors." *Id.* at *2. Judge Bryson recognized how the same state of the proceedings that once weighed in favor of a stay now compounded the prejudice from further delay. Judge Bryson quoted Judge Stark explaining that continuing the stay "would unduly prejudice [the patent holder] and unfairly advantage [the accused infringer] in part ***by keeping this case at its relatively early stage*** for perhaps up to another year, while the appeal is briefed and decided." *Id.*, at *6 (quoting *Zoll*, 2015 WL 4126741, at *1).

---

[1] Emphasis added and internal quotation marks and citations omitted unless noted.

1    *Compare with Ioengine*, 2019 WL 3943058, at *4-5, *12 (D. Del. Aug. 21, 2019)

2    (early stage of proceeding favored initial stay). Netflix ignores this key reasoning.[2]

3          Netflix similarly misstates the point of *Game and Technology*, on which DivX

4    relies. The court there weighed the factor ***differently*** based on the passage of time

5    during the stay. The Court first found "this factor weighs ***in favor*** of granting a stay."

6    DivX Ex. 12, *Game and Tech. Co. v. Blizzard Entm't, Inc.*, No. CV 16-06499-BRO

7    (SK), slip op. at 4 (C.D. Cal. Nov. 4, 2016). Then, when lifting the stay, the court

8    found that "[o]verall, this factor is ***neutral***." DivX Ex. 2, *Game and Tech.*, slip op. at 4.

9          Even if the Court rejects these cases, Netflix's cases do not apply. They were

10   stayed at earlier stages. *Andrea* was "stayed in its infancy" by statute within three

11   months of filing with "no fact or expert discovery." 2019 WL 3712120, at *2. Netflix's

12   other cases had no schedule when stayed. *Ioengine*, 2020 WL 6270776, at *5 (noting

13   in *Safe Storage* "no scheduling order had been entered, there had been no discovery,

14   and claim construction had not commenced"); *id.* at *4 (noting in *Realtime* "litigation

15   was in its earliest stages—the first case management conference had yet to be held, and

16   no deadlines had been set"); *Baxter*, 2021 WL 22553, at *2 ("Little discovery has been

17   completed. . . the Court has not yet issued a scheduling order, and the Court has not

18   held an Early Neutral Evaluation Conference."); *Magseis*, 2020 WL 1429338, at *3

19   ("The case has not been scheduled for docket call, and no trial date has been set."").

20   Here, trial was scheduled, the Court decided substantive motions, discovery was

21   ongoing, and claim construction was about to start. DivX Br. 5-6.

22         Netflix's reliance on the COVID-19 suspension of trials lacks merit. DivX

23   understands that the current civil trial suspension is coming to an end sooner than

24   expected. Further, two years into the pandemic, it has become customary for all

25

26   ───────────────

27   [2] Netflix's argument is further inconsistent with *Lund*. In *Lund*, this factor favored
     lifting a stay when there were PTAB proceedings and motions practice before the
28   Court, as in the present case. DivX Br. at 5.

pretrial proceedings to occur remotely if necessary. When this case was stayed, about 12 months remained to trial, and nothing prevents this case from being tried in about 12-13 months if the stay is lifted now. Even if this case were subject to COVID-19 delays, this favors **lifting** the stay: If Netflix is right, the delay will be even worse because the longer the stay, the greater the backlog of trials before DivX.

## B. Continuing The Stay Will Not Simplify This Litigation

### 1. Netflix's Appeals Will Not Simplify This Litigation

The main thrust of Netflix's argument is that this Court should make DivX wait for Netflix's Federal Circuit appeals. But Netflix's appeals are extremely unlikely to materially alter the comprehensive defeat Netflix suffered at the PTAB and do not justify keeping the entire eight-patent case stayed for what is likely to be another year or more. *Ioengine*, 2020 WL 6270776, at *7. Netflix cannot show that waiting for these appeals to complete is reasonably likely to result in any material simplification of this case and Netflix's cases do not support such a protracted stay in a case like this one. By far the most likely result of all its appeals will be that this Court must still address the vast majority if not every single one of the same issues as today.

DivX relies on the *Ioengine* case where Judge Bryson explains why waiting for Federal Circuit appeals when the PTAB has already ruled does not make sense. DivX Br. at 7-9. Netflix does not address the reasoning, claiming instead that courts have "already rejected" it, and tries to distinguish it by arguing that "that case does not apply here because . . . there was no pending Federal Circuit appeal" as of the time of that decision. Netflix Br. at 13-14. This is misleading. First, *Ioengine* specifically addressed whether to stay pending an IPR appeal. *E.g., Ioengine*, 2020 WL 6270776, at *2 ("Those same factors govern the question whether to extend the stay, after the PTAB has issued its decision in an IPR proceeding, pending a request for rehearing before the PTAB or an appeal to the Federal Circuit"). Second, the timing of the appeals in the present case—*i.e.*, before the filing of even the first brief in five of six appeals (*see* Netflix Br. at 2)—is more similar to *Ioengine* than the cases cited by

Netflix that were far along in the appeal process when the cases were stayed. Netflix already sought and obtained extensions of its opening brief in all six appeals and in some instances did not inform this Court that it was ***prolonging*** the appeals (and thus the stay it now seeks based on them) and included inaccurate dates in its appeals table (Netflix Br. at 2) that did not reflect multiple extensions it has sought.[3]

More importantly, Netflix fails to address the ***reasoning*** of *Ioengine*. Judge Bryson explained, "although district courts have, from time to time, granted motions to stay pending appeals from IPR decisions to the Federal Circuit, that practice has been ***anything but 'routine'***" and "[i]n fact, ***the great weight of the case law***, both in this district [Delaware] and elsewhere, ***has been to the contrary***." *Ioengine*, 2020 WL 6270776, at *5; DivX Br. at 7-8. Instead of addressing this reasoning, Netflix Br. at 14, Netflix merely cites a handful of counterexamples (addressed in full below at pages 8-9). Judge Bryson acknowledged that courts "from time to time" have granted motions to stay pending appeals and distinguished those cases, including ones Netflix cites, as against prevailing practice. *Ioengine*, 2020 WL 6270776, at *4-5. As *Ioengine* states, "the case law concerning motions to extend stays pending Federal Circuit review of a PTAB decision in an IPR proceeding substantially favors lifting the stay." 2020 WL 6270776, at *4. Netflix does not rebut this.[4]

Further, Judge Bryson explains "it is possible that a decision by the Federal

---

[3] *Netflix, Inc. v. DivX, LLC*, No. 2021-1931, Dkts. 11, 12, 19, 20 (Fed. Cir. Aug. 2 and 3, 2021, Jan. 10 and 14, 2022) (extended opening and reply); No. 2022-1043, Dkts. 14, 15, 16, 17 (Fed. Cir. Jan. 6, 2022, Feb. 1 and 7, 2022) (opening brief extended to Feb. 22, 2022, second extension to Mar. 24, 2022, request not in Netflix Br.); No. 2022-1083, Dkt. 12, 13 (Fed. Cir. Feb. 1, 2022) (opening brief extended to March 31, 2022, not in Netflix Br.); No. 2022-1138, Dkts. 10, 11 (Fed. Cir. Feb. 1, 2022) (opening brief extended to March 21, 2022, not in Netflix Br.); No. 2022-1203, Dkts. 11, 12 (Fed. Cir. Feb. 1, 2022) (opening brief extended to April 4, 2022, not in Netflix Br.); No. 2022-1204, Dkt. 2 (Fed. Cir. Dec. 13, 2021) (consolidated with No. 2022-1203).

[4] Netflix also failed to note that *Baxter* recognized that courts have found "persuasive" that the outcome of an appeal is speculative. 2021 WL 22553, at *3.

---

Circuit could narrow the case even further; indeed, if the Federal Circuit were to reverse the portions of the PTAB's decisions upholding the validity of the three remaining claims, these cases would evaporate entirely. But as a statistical matter, the likelihood of that happening is low." *Id.* at *2. Judge Bryson states that "[r]ecords of the outcomes of Federal Circuit dispositions in PTAB appeals indicate that the Federal Circuit has issued a full affirmance in more than 75% of appeals from the PTAB…. In order for a decision on appeal to end these cases altogether, the Federal Circuit would have to reverse the outcome in two separate IPR proceedings involving three separate claims. Purely as a matter of statistics, that outcome would be expected to occur no more than about six percent of the time." *Id.* at *3. The odds here are far more dire for Netflix because of the greater number of patents.[5] Here, Netflix is seeking to overturn final determinations on not ***three*** claims in two patents as in *Ioengine* but ***eighteen*** (***six times as many***) asserted claims in six patents. The probability that Netflix will succeed at altering the result in any way on even ***one*** patent is less than 25%. The probability that it will do so for two patents is less than 6%. The probability that it will do so for all patents it is challenging on appeal is less than a vanishingly small ***0.024%***, an event that would occur in less than once in four thousand cases—a denominator that exceeds the number of IPR appeals that have ever happened by a factor of more than four.[6] And

---

[5] Netflix quibbles with public data DivX relies on as including all affirmances rather than only affirmances of patent-challenger appeals. First, this is exactly what Judge Bryson did and is an accurate reflection of the odds of success on appeal. Second, even taking the time period and patent-challenger dataset that Netflix proposes, when one includes not only complete affirmances but partial affirmances—which is appropriate because even a partial affirmance leaves patent claims still at issue—the loss rate (the affirmance or partial affirmance rate) for patent-challengers goes up to 78%. *See* https://fedcircuit.shinyapps.io/federalcompendium/ (filter by dispute type "IPR," date after Jan 5, 2020, Appellant Type Primary "Patent challenger" to obtain 109 appeals (like Netflix); filter further by Disposition General to "Affirmed" or "Affirmed-in-part" to obtain 85 appeals). This is similar to the summed 83% affirmance or affirmance-in-part rate for all appeals over all time described in DivX's brief (at 8).

[6] Total of 941 appeals for all time. https://fedcircuit.shinyapps.io/federalcompendium/.

even if Netflix is successful in all its appeals, there will still be nine claims from three patents that were not challenged in IPR. DivX Exs. 1, 4.

Relatedly, Netflix's speculation about the supposed "possibility that Federal Circuit review could invalidate most of the asserted claims for six of the eight Asserted Patents," Netflix Br. at 13, fails to address and is contrary to another important basis of *Ioengine*. Judge Bryson rejected the argument that "because of the ***possibility*** that . . . the Federal Circuit will reverse the PTAB with respect to one or more of the claims . . . the overall balance of interests has not changed since the stay was initially instituted." *Ioengine*, 2020 WL 6270776, at *3. As Judge Bryson explained, "[t]he fact that the PTAB has issued its decision has a very important impact on the balance of factors. When the PTAB instituted the relevant IPRs, the institution decision indicated that the PTAB regarded the challenged claims as ***reasonably likely to be invalid*** as written. The PTAB's decisions on the merits confirm that judgment with respect to the canceled claims and overturn that judgment with respect to the claims that were not found to be unpatentable." *Id.* Judge Bryson reiterates that by contrast the Federal Circuit is ***not likely*** to overturn those results. *Id. See also id.* at *5 ("[W]hile the Federal Circuit may come to a different conclusion than the PTAB, the mere *possibility* (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated [after an] appeal and [that this would] result in simplification is too speculative to be given much weight."). Now that the cases are on appeal the odds are completely different and massively in DivX's favor, which Netflix does not address.

In arguing that the Federal Circuit will clarify the issues through claim construction, regardless of outcome, Netflix claims if the Federal Circuit changes the claim constructions in those appeals where claim construction is at issue, then this will lead to invalidating claims that were previously affirmed. Netflix is double counting: Netflix is asserting a path to a possible reversal, which is already addressed and accounted for by the odds of reversal for any reason and is not a ***different*** outcome. The statistics Netflix cites show the Federal Circuit is ***more likely to affirm***, in whole

or in part, when patent challengers file IPR appeals that address claim construction.[7] Even if this were not true, Netflix is only addressing claim construction in two of four appeals (651 and 920 Patents, Netflix Br. at 9-10, 14).

Netflix also cannot support its claim that the appeals will simplify things even in appeals that Netflix loses. The Federal Circuit does not even write an opinion in 59% percent of blanket post-grant affirmances. *See* DivX Ex. 6 (674 affirmances on every issue, 401 Rule 36 affirmances). If Netflix loses all six appeals, the Federal Circuit is likely to write on only three. *Id.* Because only two appeals involve claim construction, this further reduces the odds that claim construction will be addressed. Even if the Federal Circuit writes on claim construction in an affirmance, this is unlikely to simplify anything. Beyond claim construction, Netflix's proffer that the Federal Circuit's reasoning will somehow inform this Court's adjudication of the case is vague and unsubstantiated, with no explanation of what dispute in this Court the appeals will resolve or how the appeals will resolve such a dispute. Netflix Br. at 9-12.

Netflix does not show the Federal Circuit is ***likely*** to reverse anything or that affirmance would ***likely*** simplify the case. *Juno*, 2018 WL 1470594, at *7 ("While it is true that the Federal Circuit's decision ***could potentially*** vacate the Board's decision and thereby alter the scope of Defendant's invalidity arguments, Kite ***has not established that this is likely***."). Netflix does not address simplification from the 720 and 515 Patents, nor the 486 Patent (for which there was no IPR to appeal). Netflix notes issues for appeal for the 651, 920, 792, 588, and 673 Patents, but does not say why it is ***likely*** to win. Netflix Br. at 9-12. Netflix's claims are speculative and vague.[8]

---

[7] For appeals with claim construction, the loss rate (affirmance or partial affirmance) for patent challengers is 87%. https://fedcircuit.shinyapps.io/federalcompendium/ (109 patent-challenger appeals over two years (*see above*), filter by "Issue: Claim Construction" "Yes" to obtain 31 appeals, and filter by Disposition General to "Affirmed" or "Affirmed-in-part" to obtain 27 appeals).

[8] Regarding the 673 Patent, Netflix Br. at 12, DivX already said it will not proceed on the three invalidated claims.

Netflix's attempts to distinguish DivX's other cases fail. Netflix Br. at 14. Netflix claims *Masterobjects* does not involve claim construction, but fails to mention that claim construction ***hurts*** Netflix's chances. *Supra*, n.7 Netflix says in *Milwaukee Electronic Tool*, *Medtronic*, and *Lund* that defendants did not explain why "the Federal Circuit would be substantially more helpful beyond the prospect of reversing the PTAB's ruling." Netflix Br. at 14. But that is exactly what Netflix failed to do as shown above. Netflix's argument shows a reason these cases apply. DivX Br. at 7-8.

Netflix argues that *Andrea* stands for the proposition that "the Federal Circuit's opinion, even if it upholds the PTAB decision, will clarify the definition of . . . a claim term." Netflix Br. at 8. *Andrea* actually says: "***Apple also contends that the*** Federal Circuit's opinion, even if it upholds the PTAB decision, will clarify the definition of ***the*** claim term *'periodically,' which appears in all four claims and is being challenged on appeal*." *Andrea*, 2019 WL 3712120, at *1. Netflix misleadingly omits that this is a description of a ***party's*** argument, misquotes "the" as "a claim term" (which avoids drawing attention to a key reason *Andrea* does not apply) and omits the rest of the sentence that lays out the distinction, while also omitting the actual conclusion. In *Andrea*, there were only four remaining claims after IPRs, and the defendant argued they all had the same term that was on appeal. The *Andrea* court actually explained: "The Court will not speculate about how the Federal Circuit will define 'periodically,' but acknowledges its potential to change the contours of this case." *Andrea*, 2019 WL 3712120, at *2. Netflix cannot and has not argued that ***any*** issue on appeal will affect ***all*** remaining claims and potentially "change the contours of this case." Instead, Netflix cites multiple separate issues none of which has broad implications for the complexity of the case. Netflix Br. at 9-12. Also, in *Andrea*, the appeal was "fully briefed before the Federal Circuit." *Andrea*, 2019 WL 3712120, at *1. Not so here; in most appeals the opening brief is not yet filed. Netflix Br. at 2; *see Ioengine*, 2020 WL 6270776, at *5 (distinguishing *Andrea*).

Like *Andrea*, *Magseis* (another of Netflix's cases) had claim construction issues

on appeal that "are the same" for all four asserted patents, again, unlike here. Two of four patents were invalidated in IPR while another was not and the fourth had all claims but one rejected in reexam. *Magseis*, 2020 WL 1429338, at *2. The court found the Federal Circuit decision on ***invalidated*** claims would simplify constructions of the ***valid*** claims. *Id.* Netflix quotes part of the relevant language while omitting the portion showing *Magseis* is inapposite. Netflix Br. at 9.

Many of Netflix's other cases either involve far more advanced appeals (like *Andrea*) or were stayed initially pending appeals of prior proceedings. *Ioengine* distinguished *Safe Storage* because "both parties had filed their Federal Circuit briefs, and thus the delay that would have resulted from a Federal Circuit appeal was likely to be considerably shorter than the delay that would result in the present cases," and those appeals were decided less than five months after the stay. *Ioengine*, 2020 WL 6270776, at *5 & n.4. In *Straight Path*, the court found "unusual circumstances" supported stay. 2016 WL 6094114, at *3. Before *Straight Path* was filed, there had already been proceedings and IPRs, appeal and remand, the PTAB's additional decisions in IPRs on two of three patents, and appeals filed on the IPR decisions.[9] *Id.* at *1-2.[10] *Puget BioVentures* involved an *Inter Partes* Reexam—not IPR as Netflix's brief states—filed ***years*** before the complaint, which invalidated some claims, and the appeal was filed less than two months after the complaint. 2017 WL 6947786, at *1.[11]

---

[9] Even Netflix's portion of *Straight Path* refers to this and the prior Federal Circuit decision: "contours of the infringement inquiry are sharpened by the Federal Circuit's application of ***its recent claim construction*** to prior art." *Id.* at *7-8; Netflix Br. at 8.

[10] *Milwaukee Electric Tool* declined to follow *Straight Path*: "[m]ore compelling are those courts which declined to continue a stay for appeal to the Federal Circuit after considering the age of the case and the diminishing likelihood that the stay would pay dividends in simplification or expert guidance." 2016 WL 7495808, at *8.

[11] Netflix's other cases lack facts like ours. *Sleep Number*, *Baxter*, *Realtime*, and *Boston Scientific* (Netflix Br. at 7-9) had fewer patents, and Netflix identifies no case with DivX's IPR success rate. *Willis* (Netflix Br. at 8) was unusual as the PTAB issued dissents and plaintiff agreed IPRs will "simplify" issues. 2018 WL 7690327, at *1, *3.

### 2.    Netflix's Other Arguments Lack Merit

*First*, Netflix's claim that the Court should wait for the ITC to rule on *two claims* of *one patent* in a proceeding that does not control here, Netflix Br. at 12, relates to a tiny part of the case and has no power to change it. *Second*, Netflix's claim that "whether IPRs are timely and cost-effective as an alternative to litigation in general is separate and distinct from the question of whether continuing the stay here will be timely and cost-effective," Netflix Br. at 15, rests on the idea that Congress would have opted for efficient IPRs at the expense of timely court proceedings. Nothing suggests this, let alone that Congress intended stays to halt litigation through the IPR appeals. DivX Br. at 9. *Third*, Netflix's claim that this case should remain stayed if the *Hulu* cases do does not show the benefit of coordination outweighs the harm of delay. DivX Br. at 10. If the cases remain together, both stays should be lifted.

### C.    A Continued Stay Will Prejudice DivX

Netflix essentially claims that if DivX does not compete directly against Netflix then DivX cannot be harmed. Judge Bryson expressly rejected this argument: "undue prejudice to the nonmoving party . . . is stronger now than it was when the stay was initially sought. . . . [A] *patentee has an interest in prompt enforcement of its patent rights*. While that interest in the case of a non-practicing entity is not typically as strong as it is for a competitor of the accused infringer, it is nonetheless a factor that *must be afforded weight in the balance*." *Ioengine*, 2020 WL 6270776, at *3. Moreover, "further delay of the district court litigation would exacerbate that prejudice" and "while the period of delay for an IPR is limited by statute, there is no such limitation on the period required for Federal Circuit review." *Id.* at *3. Further, "the prejudice to the patent owner is increased by a stay pending appeal, because the period of delay pending a Federal Circuit appeal comes on top of the delay resulting from the initial stay pending the IPR decision by the PTAB." *Id.* at *6. *See also id.* at *7 (stay pending appeal would "increas[e] the prejudice to the patent owner's interest in having its patent rights enforced on a timely basis" and "would be unduly

prejudicial to [patent holder's] interest in the timely enforcement of its patent rights.").

DivX is an operating company. DivX has a platform business, has software in 1.5 billion devices, has consumer software with over a billion downloads, and DivX is in the process of launching its new mobile app for consumers. DivX Ex. 8 at 10, 15; Ex. 10 at 12, Ex. 11 at 13; Ex. 13. Even if the Court credited Netflix's false claim that DivX is an NPE, notwithstanding the record to the contrary, as another court in this district stated: "Although Plaintiff is an NPE, *it still has an interest in protecting its property rights through the courts* and reaching a timely resolution of the dispute. Considering that Plaintiff has already waited for the PTAB to issue decisions on all of Defendant's requests for IPRs, and that only one has been instituted for review, *an imposition of further delay does not appear sufficiently warranted*." DivX Ex. 2, *Game and Tech.*, No. CV 16-06499-BRO (SK), slip op. at 5; *see also Network-1*, 2015 WL 11439060, at *4-5 (E.D. Tex. Jan. 5, 2015) (finding plaintiffs have an "interest in timely enforcement of a patent" regardless if they "make or sell any product or services," "the additional delay that would be incurred by maintaining the stay pending exhaustion of appeals is considerable," and plaintiffs "would be unduly prejudiced by maintaining the stay until all appeals have been exhausted"); *ZOLL*, 2015 WL 4126741, at *1 ("Continuing the stay would unduly prejudice Zoll and unfairly advantage Respironics, in part by keeping this case at its relatively early stage for perhaps up to another year, while the appeal is briefed and decided.").

Netflix relies on cases where the original stay was not disputed. *Baxter* recognized that "even if . . . already-occurred delay is not given any weight in this analysis, the additional delay that would be incurred by continuing the stay pending exhaustion of appeals *is significant*." *Baxter*, 2021 WL 22553, at *4. Baxter rejected claims of prejudice because the plaintiffs did not oppose the original stay. *See also Willis*, 2018 WL 7690327, at *1 (stipulated stay); *Straight Path*, 2016 WL 6094114 at *4 (plaintiff joined motion for stay). Other Netflix cases address claims of prejudice DivX does not rely on. *See Software Rights*, 2013 WL 5225522, at *5-6 (risk of losing

evidence); *Magseis,* 2020 WL 1429338, at \*2 (expiring patents). In *Realtime*, there was "no argument that [plaintiff] will be unduly prejudiced by a stay." 2018 WL 3744223, at \*2. DivX has justified its prejudice assertion.

Netflix fails to rebut DivX's showing of prejudice. ***First***, Netflix should not be heard to argue that DivX suffers no prejudice because the companies do not compete when Netflix decided to infringe instead of adopting DivX's platform, harming DivX's reputation and business opportunities. As DivX explained and ***Netflix does not deny***, Netflix approached DivX in the mid-2000s to discuss using DivX's technology to power online video content delivery platforms; but rather than purchase DivX technology, Netflix built its streaming video empire by infringing DivX's patents. DivX Br. at 13-14. It is not equitable for Netflix to benefit from a supposed lack of competition when Netflix itself chose to infringe DivX's patents instead of doing business with DivX. ***Second***, DivX's inability to enter licenses is prejudicial. *See Masterobjects*, 2018 WL 11353751 at \*3-4 (plaintiff argued that "a delay of resolution in this case impairs its ability to license its intellectual property," and "allowing this case to proceed, even with the ongoing Federal Circuit appeal, decreases the likelihood of prolonged uncertainty with respect to the patent at issue"). This Court previously rejected this when DivX only claimed the stay "***may*** impede DivX's licensing business." Dkt. 106 at 6 (emphasis in Order). This harm is no longer speculative. It is fact. DivX Br. at 14-15 & n.4. This also shows why Netflix's preliminary injunction argument is inapposite. DivX's harm is irreparable. The stay forces DivX to choose whether to sue multiple other parties or forever lose the right to damages for infringement before the statutory cutoff. No injunction will solve this. Netflix's disrespect of DivX's patents for its own commercial advantage threatens to proliferate lawsuits, not simplify them, and a continued stay causes DivX irreparable harm.

## III.   CONCLUSION

DivX respectfully requests that the stay be lifted.

1    Dated: February 11, 2022        Respectfully submitted,

2

3                          */s/   Matthew D. Powers*

                         Matthew D. Powers (Bar No. 104795)

4                          matthew.powers@tensegritylawgroup.com

                         Paul T. Ehrlich (Bar No. 228543)

5                          paul.ehrlich@tensegritylawgroup.com

                         William P. Nelson (Bar No. 196091)

6                          william.nelson@tensegritylawgroup.com

                         Natasha M. Saputo (Bar No. 291151)

7                          natasha.saputo@tensegritylawgroup.com

8                          TENSEGRITY LAW GROUP, LLP

9                          555 Twin Dolphin Drive, Suite 650

10                         Redwood Shores, CA 94065

                        Telephone:   (650) 802-6000

11                         Facsimile:   (650) 802-6001

12                         DivX_Netflix_Service@tensegritylawgroup.com

13                         Azra M. Hadzimehmedovic (Bar No. 239088)

14                         azra@tensegritylawgroup.com

                        Aaron M. Nathan (Bar No. 251316)

15                         aaron.nathan@tensegritylawgroup.com

16                         Samantha A. Jameson (Bar No. 296411)

                        samantha.jameson@tensegritylawgroup.com

17                         TENSEGRITY LAW GROUP, LLP

18                         8260 Greensboro Drive, Suite 260

                        McLean, VA 22102

19                         Telephone:   (703) 940-5033

20                         Facsimile:   (650) 802-6001

21                         DivX_Netflix_Service@tensegritylawgroup.com

22                         David M. Stein, SBN 198256

23                         dstein@brownrudnick.com

                        Brown Rudnick LLP

24                         2211 Michelson Drive, 7th Floor

                        Irvine, CA 92612

25                         Telephone:  (949) 752-7100

26                         Facsimile:   (949) 252-1514

27                         *Attorneys for Plaintiff*

28                         *DivX, LLC*