UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) <br> CV 19-1606 PSG (DFMx) <br> CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc. <br> DivX, LLC v. Hulu, LLC <br> DivX, LLC v. Hulu, LLC | | |

| Present: The Honorable | Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy Hernandez | | Not Reported |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiff(s): | | Attorneys Present for Defendant(s): |
| Not Present | | Not Present |

**Proceedings (In Chambers):** The Court DENIES Plaintiff's motions to lift the stays.

These matters involve three related cases filed by Plaintiff DivX, LLC ("Plaintiff") against Defendants Netflix, Inc. ("Netflix") and Hulu, LLC ("Hulu," collectively with Netflix, "Defendants"), asserting infringement of a total of 13 United States Patents related to video streaming services. *See generally* CV 19-1602 PSG (DFMx) ("*Netflix*"), Dkt. # 1; CV 19-1606 PSG (DFMx) ("*Hulu I*"), Dkt. # 1; CV 21-1615 PSG (DFMx) ("*Hulu II*"), Dkt. # 1. Each of the cases is currently stayed. *See generally Hulu I*, Dkt. # 122 ("*Stay Order 1*"); *Netflix*, Dkt. # 106; *Hulu II*, Dkt. # 83 ("*Stay Order 2*").

Plaintiff now moves to lift the stay in each case. *See generally Netflix*, Dkt. # 125-1 ("*Netflix Mot.*"); *Hulu I*, Dkt. # 144-1 ("*Hulu I Mot.*"); *Hulu II*, Dkt. # 92-1 ("*Hulu II Mot.*").[1] Netflix opposed the motion to lift the stay in *Netflix*. *See generally Netflix*, Dkt. # 126 ("*Netflix Opp.*"). Plaintiff replied. *See generally Netflix*, Dkt. # 127 ("*Netflix Reply*"). Hulu opposed the motions to lift the stays in *Hulu I* and *Hulu II*. *See generally Hulu I*, Dkt. # 145 ("*Hulu I Opp.*"); *Hulu II*, Dkt. # 93 ("*Hulu II Opp.*"). Plaintiff replied. *See generally Hulu I*, Dkt. # 146 ("*Hulu I Reply*"); *Hulu II*, Dkt. # 94 ("*Hulu II Reply*"). The Court finds these matters appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the

---

[1] The Court cites Plaintiff's memoranda in support of its motions because they contain Plaintiff's substantive arguments. Plaintiff's motions themselves are *Netflix*, Docket Entry # 125; *Hulu I*, Docket Entry # 144; and *Hulu II*, Docket Entry # 92.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | | |

moving, opposing, and reply papers, the Court **DENIES** Plaintiff's motions to lift the stays in each case.

    I.    Background

In March 2019, Plaintiff filed an action for patent infringement against Hulu, alleging infringement of seven of its patents. *See generally Hulu I*, Dkt. # 1. Plaintiff also filed an action against Netflix, alleging infringement of the same seven patents as well as an eighth patent. *See generally Netflix*, Dkt. # 1. The Court entered the same schedule in *Hulu I* and *Netflix*. *See Hulu I*, Dkt. # 87; *Netflix*, Dkt. # 89. In May 2020, the Court granted Defendants' motions to stay both cases pending *inter partes* review ("IPR") proceedings. *See generally Stay Order 1*; *Netflix*, Dkt. # 106.

In February 2021, Plaintiff filed another patent infringement action against Hulu, alleging infringement of five other patents. *See generally Hulu II*, Dkt. # 1. Two of these patents are related to patents asserted in *Hulu I* and *Netflix*. *See Stay Order 2* at 2. In October 2021, the Court granted Hulu's motion to consolidate *Hulu I* and *Hulu II* for pretrial purposes and to stay the consolidated cases pending IPR. *See Stay Order 2*.

Prior to the Court's order staying *Hulu I* and *Netflix*, Defendants filed petitions for IPR of certain claims of most asserted patents before the Patent Trial and Appeal Board ("PTAB"). *See Stay Order 1* at 2. In total, Defendants filed IPR petitions for six of the seven patents at issue in *Hulu I* and the additional patent asserted in *Netflix*. *See id.* at 2–3. The PTAB instituted review in each petition and has since issued Final Written Decisions ("FWDs") for all these IPR proceedings. *See id.* at 2; *Hulu I Mot.* 4:4–12; *Hulu I*, Dkt. # 144-3; *Netflix Mot.* 3:1–9; *Netflix*, Dkt. # 144-3; *Hulu I Opp.* 5:23–6:1; *Netflix Opp.* 2:12–13. Collectively, the parties have since appealed the FWDs for each of these patents to the Federal Circuit. *See Hulu I*, Dkt. # 144-3; *Netflix*, Dkt. # 144-3; *Hulu I Opp.* 7:8–10; *Netflix Opp.* 2:14–3:1; *Hulu I*, Dkt. # 152 & Ex. 1.

Hulu also filed two petitions for IPR of one of the five patents at issue in *Hulu II*, and a third party filed an IPR petition for a second patent asserted in *Hulu II*. *Stay Order 2* at 2. The PTAB recently denied institution of IPR as to the petitions filed by Hulu and granted institution of IPR as to the petition filed by the third party. *See Hulu II*, Dkt. # 97 & Exs. A–B; Dkt. # 99 &

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) <br> CV 19-1606 PSG (DFMx) <br> CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc. <br> DivX, LLC v. Hulu, LLC <br> DivX, LLC v. Hulu, LLC | | |

Ex. A.[2]  The deadline for filing IPR petitions for the only other patent asserted in *Hulu I* and *Netflix* passed in March 2020, and the deadline for filing IPR petitions for the three other patents asserted in *Hulu II* passed in February 2022.  *See* 35 U.S.C. § 315(b) (a party may not file an IPR petition for a patent more than one year after being served with a complaint for infringement of that patent).

The following table summarizes the status of the IPR proceedings and appeals involving the patents asserted in each case, as of the parties' latest filings:

| Case | Asserted Patent | Relation to Other Patents | Claims Asserted in IPR Petitions | Status of IPR Proceedings and Appeals |
|---|---|---|---|---|
| *Hulu I*; *Netflix* | 10,212,486 ("'**486 patent**") | | N/A | No IPR petition filed |
| *Hulu I*; *Netflix* | 8,139,651 ("'**651 patent**") | | All asserted claims challenged in IPR petitions | FWDs upheld all challenged claims; appealed 4/30/21. |
| *Hulu I*; *Netflix* | 10,225,588 ("'**588 patent**") | | All asserted claims challenged in IPR petitions | FWD upheld all challenged claims; appealed 10/22/21. |

---

[2] The PTAB issued these institution decisions after the briefing on the instant motions was complete.  Plaintiff accordingly filed additional notices of the PTAB's decisions as to these IPR petitions.  *See Hulu I*, Dkt. # 149 & Exs. A–B; Dkt. # 151 & Ex. A; *Hulu II*, Dkt. # 97 & Exs. A–B; Dkt. # 99 & Ex. A.  Hulu filed a response, adding that Plaintiff had since appealed the PTAB's decision as to the '673 patent.  *See Hulu I*, Dkt. # 152 & Ex. 1; *Hulu II*, Dkt. # 100 & Ex. 1.  Plaintiff then sought leave to file a response to Hulu's filing.  *See Hulu I*, Dkt. # 153; *Hulu II*, Dkt. # 101.  Given the timing of these recent developments relating to the instant motions, the Court **GRANTS** Plaintiff's request for leave to file the response and considers each of the parties' additional filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date   March 29, 2022 |
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | |

| | | | | |
|---|---|---|---|---|
| *Hulu I*; *Netflix* | 8,472,792 ("**'792 patent**") | '443 patent asserted in *Hulu II* | 4 of 5 asserted claims challenged in IPR petitions | FWD upheld all challenged claims; appealed 11/8/21. |
| *Hulu I*; *Netflix* | 9,270,720 ("**'720 patent**") | '061 patent asserted in *Hulu II* | All asserted claims challenged in IPR petitions | FWD upheld all challenged claims; appealed 11/24/21. |
| *Hulu I*; *Netflix* | 9,998,515 ("**'515 patent**") | '061 patent asserted in *Hulu II* | 4 of 5 claims asserted in *Hulu I* and both claims asserted in *Netflix* challenged in IPR petitions | FWD upheld 3 of 4 challenged claims; appealed 11/24/21. |
| *Hulu I*; *Netflix* | 7,295,673 ("**'673 patent**") | | 2 of 5 claims asserted in *Netflix*, but not claim asserted in *Hulu I*, challenged in IPR petition | FWD found all challenged claims unpatentable; appealed 2/16/22. |
| *Netflix* | 9,184,920 ("**'920 patent**") | | All asserted claims challenged in IPR petition | FWD upheld all challenged claims; appealed 10/12/21. |
| *Hulu II* | 10,257,443 ("**'443 patent**") | | All asserted claims challenged in IPR petitions filed by Hulu | Institution of IPR petitions denied 3/15/22. |
| *Hulu II* | 9,794,318 ("**'318 patent**") | | N/A | No IPR petition filed |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | | |

| | | | | |
|---|---|---|---|---|
| *Hulu II* | 10,412,141 ("**'141 patent**") | | N/A | No IPR petition filed |
| *Hulu II* | 10,542,061 ("**'061 patent**") | '515 and '720 patents asserted in *Hulu I*, *Netflix* | N/A | No IPR petition filed |
| *Hulu II* | 10,326,987 ("**'987 patent**") | | 1 of 4 asserted claims challenged in IPR petition filed by third party | Institution of IPR petition granted 3/17/22. |

Plaintiff now moves to lift the stay in each case. *See generally Hulu I Mot.*; *Netflix Mot.*; *Hulu II Mot.*

II.     Legal Standard

"Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 252 (1936)).  District courts similarly have discretion to lift a stay "if the circumstances supporting the stay have changed such that the stay is no longer appropriate." *Murata Machinery USA v. Daifuku Co., Ltd.*, 830 F.3d 1357, 1361 (Fed. Cir. 2016).  When determining whether to lift an existing stay, courts typically apply the same standard that applies to determine whether to impose a stay in the first place. *See Baxter Healthcare Corp. v. Becton, Dickinson & Co.*, No. 3:17-cv-2186 JLS-RBB, 2021 WL 22553, at *2 (S.D. Cal. Jan. 4, 2021); *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920-JSW, 2019 WL 4729468, at *2 (N.D. Cal. Sept. 23, 2019).

District courts have long considered three factors in analyzing stays of district court proceedings until the completion of IPR proceedings:

1. whether discovery is complete and whether a trial date has been set;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | | |

2. whether a stay will simplify the issues in question and trial of the case; and

3. whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party.

*Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-1153 VAP (SPx), 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013)).  Ultimately, however, "the totality of the circumstances governs" in evaluating whether a stay is proper.  *Id.* (quoting *Universal Elecs.*, 943 F. Supp. 2d at 1031)).

III.     Discussion

The Court considers each of the three stay factors in turn, followed by the totality of the circumstances.

    A.     Stage of the Proceedings

When the Court stayed *Hulu I* and *Netflix*, the cases were in their early stages. Even though a trial date was set, only limited discovery had occurred, claim construction exchanges had recently begun, the claim construction hearing was more than three months away, and trial was nearly a year away. *Stay Order 1* at 2, 4–5. *Hulu II* was stayed at an even earlier stage of the litigation.  Although a trial date had similarly been set, discovery had only just begun, the parties had not exchanged proposed claim constructions, the claim construction hearing was nearly six months away, and trial was more than a year away. *Stay Order 2* at 4, 8. Accordingly, the first factor weighed in favor of imposing the stays in each case. *Stay Order 1* at 5; *Stay Order 2* at 8.

Courts take differing approaches to weighing the stage of the proceedings factor when evaluating whether to lift an existing stay.  Some courts find this factor neutral given that the proceedings cannot meaningfully progress while the stay remains in place.  *See, e.g.*, *Oyster Optics, LLC*, 2019 WL 4729468, at *2–3 (finding this factor neutral even though the stage of the litigation was unchanged because "the existence of a stay, on its own, does not justify its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) <br> CV 19-1606 PSG (DFMx) <br> CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc. <br> DivX, LLC v. Hulu, LLC <br> DivX, LLC v. Hulu, LLC | | |

perpetuation"). Other courts apply this factor more literally, finding that it weighs against lifting the stay if the case was stayed in its early stages because the stage of the proceedings has not since progressed. *See, e.g.*, *Baxter Healthcare Corp.*, 2021 WL 22553, at *2 ("When the Court granted the stay [nearly two years prior], the litigation had not progressed past the early stages. This has not changed during the duration of the stay."); *Realtime Data LLC v. Silver Peak Sys., Inc.*, No. 17-cv-02373-PJH, 2018 WL 3744223, at *2 (N.D. Cal. Aug. 7, 2018) (finding the first factor supported continuing the stay because the case remained in an early phase, "nearly . . . the same phase as it was" when the stay was imposed). The Court finds the former approach more reasonable.

Here, just like when the stays were imposed, the cases remain in their early stages. *See Stay Order 1* at 4–5; *Stay Order 2* at 8. However, the Court agrees with Plaintiff that this factor should not weigh against lifting the stays, because otherwise the justification for maintaining the stays—based on the lack of progress in the cases due to the stays themselves—would be circular. *See Hulu I Mot.* 6:15–28; *Netflix Mot.* 4:24–5:9; *Hulu II Mot.* 6:15–28. Accordingly, although the early stage of the proceedings in each case remains unchanged, the Court finds the first factor neutral. *See Oyster Optics, LLC*, 2019 WL 4729468, at *2–3.

      B.    <u>Simplification of the Issues</u>

The Court next considers whether a continued stay will simplify the issues in these cases. *See Wonderland Nursery Goods*, 2015 WL 1809309, at *2.

Continuing the stays of *Hulu I* and *Netflix* pending appeal is likely to simplify the issues in both cases and limit the unnecessary expenditure of resources. Appeals of the FWDs involving six of the seven patents asserted in *Hulu I*, and seven of the eight patents asserted in *Netflix*, are currently pending before the Federal Circuit. As Plaintiff points out, the PTAB found the great majority of the asserted claims challenged in these IPR proceedings patentable. *See Hulu I Mot.* 9:21–10:3; *Netflix Mot.* 6:15–7:1. Nevertheless, appeals from PTAB decisions finding asserted claims patentable can simplify the issues remaining for trial, including by "invalidat[ing] claims that would otherwise be at issue in" the case. *See Realtime Data LLC*, 2018 WL 3744223, at *2. In the event the Federal Circuit determines that any of the numerous asserted claims subject to appeal are unpatentable, maintaining the stays pending appeal will

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | | |

avoid the parties and the Court unnecessarily expending resources engaging in further discovery and pretrial motion practice regarding any such claims. *See id.* Plaintiff argues that any simplification is speculative given the Federal Circuit's high affirmance rate of PTAB decisions. *See Hulu I Mot.* 10:11–11:11; *Netflix Mot.* 7:21–8:22. But even if "the Federal Circuit's affirmance of the PTAB decisions may be statistically more likely, this outcome is far from a foregone conclusion." *Baxter Healthcare Corp.*, 2021 WL 22553, at *3.

Moreover, reversal of any PTAB decisions finding asserted claims patentable is not the only way that the appeals may simplify the issues in these cases. At least three of the pending appeals—those concerning the '651, '920, and '673 patents—involve claim construction issues. *See Netflix Opp.* 9:18–11:8, 12:4–13; *Netflix Reply* 7:2–3; *Hulu I Opp.* 15:20–16:10; *Hulu I Reply* 9:17–18; *Hulu I*, Dkt. # 100, 1:19–27; *Hulu I*, Dkt. # 101, 1:23–2:4. As with patentability, the Federal Circuit's decisions regarding "claim construction . . . issues [] will bind this Court." *Sleep Number Corp. v. Sizewise Rentals, LLC*, EDCV 18-356 AB (SPx), Dkt. # 192 (slip op.), at *1 (C.D. Cal. Nov. 2, 2020). Maintaining the stays pending appeal will therefore avoid the potential for inconsistent rulings and the wasting of resources that would result if the Court were to proceed with the litigation now and construe disputed claim terms differently than the Federal Circuit eventually does. *Cf. Puget BioVentures, LLC v. Med. Device Bus. Servs., Inc.*, No. 3:17-CV-503-JD-MGG, 2017 WL 6947786, at *4 (N.D. Ind. Sept. 22, 2017) (finding that a stay pending appeal could prevent wasting of resources and "would help . . . avoid highly undesirable inconsistent legal rulings," as "any decisions—particularly related to claim construction—this Court might reach during the pendency of [the] appeal . . . could end up in variance with the Federal Circuit's ruling"); *Boston Sci. Corp. v. Cook Grp. Inc.*, No. 1:17-cv-03448-JRS-MJD, 2019 WL 2511162, at *3 (S.D. Ind. June 17, 2019) (finding the second factor weighed in favor of continuing the stay pending appeal as doing so would help "avoid[] inconsistent legal rulings, simplify[] terms, and provid[e] clarity on the scope of the issues to be litigated," while conserving judicial resources); *see also Baxter Healthcare Corp.*, 2021 WL 22553, at *3 ("[T]he Federal Circuit's de novo review of the PTAB's claim constructions of the patents-in-suit may also provide guidance that will further simplify the issues before this Court.").

Accordingly, even if the odds of the Federal Circuit reversing the PTAB decisions on *all* asserted claims subject to appeal are quite low, *see Hulu I Reply* 7:13–23; *Netflix Reply* 5:10–18, that does not detract from the likelihood that the pending appeals will simplify at least some

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) <br> CV 19-1606 PSG (DFMx) <br> CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc. <br> DivX, LLC v. Hulu, LLC <br> DivX, LLC v. Hulu, LLC | | |

issues in *Hulu I* and *Netflix*. Although some of the claims asserted in each case are not subject to appeal, and the PTAB found most of the asserted claims patentable, the Court finds that maintaining the stays pending appeal is likely to simplify the issues in these cases and could avoid unnecessarily wasting party and judicial resources, particularly as to claim construction. *Cf. Sleep Number Corp.*, Dkt. # 192 (slip op.), at *1 (declining to lift stay for claims the PTAB found patentable because appeals involved claim construction and patentability issues that would bind the court and it was more efficient for all claims to proceed together after the appeals); *Realtime Data LLC*, 2018 WL 3744223, at *1–2 (finding the second factor supported continuing the stay pending appeal where the PTAB found some asserted claims patentable and others unpatentable and the parties appealed some of the PTAB decisions).

In contrast, the IPR petitions filed for *Hulu II* patents do not provide a basis for simplifying the issues in any of these cases. The PTAB recently denied institution of the two IPR petitions filed for the '443 patent, eliminating the possibility of such potential IPR proceedings simplifying any issues related to this patent. *See Hulu II*, Dkt. # 97 & Exs. A–B. While the PTAB granted institution of the IPR petition involving one asserted claim of the '987 patent, *Hulu II*, Dkt. # 99 & Ex. A, Plaintiff has "agree[d] not to assert the 987 Patent in this litigation," *id.* 1:16; *see also Hulu II*, Dkt. # 101, 1:4–5 ("DivX has agreed to dismiss that patent with prejudice and will provide a covenant not to sue."). Therefore, there are no pending IPR proceedings or petitions involving the remaining patents asserted in *Hulu II*, and the institution of IPR proceedings for the '987 patent would not simplify the issues in *Hulu II*, much less *Hulu I* or *Netflix*.

However, the Court finds it appropriate to continue the stay of *Hulu II* pending the appeals of the patents asserted in *Hulu I* and *Netflix*. In light of Plaintiff's pledge to dismiss its claims regarding the '987 patent, half of the remaining patents asserted in *Hulu II* are related to patents on appeal in *Hulu I* and *Netflix*. Specifically, the '443 patent is related to the '792 patent, and the '061 patent is related to the '720 and '515 patents. The Court previously consolidated *Hulu I* and *Hulu II* for pretrial purposes, finding that it would be more efficient for discovery and claim construction to proceed together given the overlap between the two cases. *See Stay Order 2* at 5–6. Lifting the stay as to *Hulu II* while keeping *Hulu I* stayed would result in inefficiencies and unnecessary expenditure of resources. *Cf. Baxter Healthcare Corp.*, 2021 WL 22553, at *3–4 (citing *Evolutionary Intelligence, LLC v. Sprint Nextel Corp.*, No. C–13–04513, 2014 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx) <br> CV 19-1606 PSG (DFMx) <br> CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc. <br> DivX, LLC v. Hulu, LLC <br> DivX, LLC v. Hulu, LLC | | |

2735185, at *3 (N.D. Cal. June 16, 2014) (concluding that lifting the stay as to one patent now and as to a related patent upon resolution of IPR proceedings "would be inefficient and may result in duplication of effort")). Furthermore, although they disagree as to when the stays should be lifted, the parties agree that *Hulu I* and *Hulu II* should ideally proceed together. *See Hulu II Mot.* 2:11–3:1, 14:14–15:5, 23:20–22;[3] *Hulu II Opp.* 20:9–23. Thus, considering the totality of the circumstances—including the reasons that justified consolidating *Hulu I* and *Hulu II* for pretrial purposes and the 13 total patents asserted across the three cases—the Court finds that keeping *Hulu II* stayed pending the appeals would avoid introducing complications and creating inefficiencies in the consolidated cases. *Cf. Baxter Healthcare Corp.*, 2021 WL 22553, at *3–4.

In sum, particularly given the number of patents and claims asserted across the three cases, maintaining the stays pending appeal is likely to simplify the issues in these cases and avoid unnecessary expenditures of resources. Thus, the Court finds that the second factor weighs in favor of continuing the stay in each case. *See Baxter Healthcare Corp.*, 2021 WL 22553, at *3–4; *Realtime Data LLC*, 2018 WL 3744223, at *2.

    C.    <u>Undue Prejudice</u>

The final factor is whether a stay would unduly prejudice or present a clear tactical disadvantage to the party opposing the stay—here, DivX. *See Wonderland Nursery Goods*, 2015 WL 1809309 at *2.

Plaintiff argues that, given how long the cases have already been stayed—particularly *Hulu I* and *Netflix*—maintaining the stays would cause it undue prejudice by further delaying the adjudication of its claims. *Hulu I Mot.* 17:15–28, 21:23–22:21; *Netflix Mot.* 10:26–11:12, 14:8–20, 16:4–8; *Hulu II Mot.* 17:15–28, 21:23–22:21. *Hulu I* and *Netflix* have been stayed for close to two years, and *Hulu II* has been stayed for almost six months. Although continuing the stay during the pendency of the appeals will further delay resolution of each case, "[m]ere delay in the litigation does not establish undue prejudice." *Pi-Net Int'l, Inc. v. Hertz Corp.*, No. CV

---

[3] Plaintiff argues that "[b]oth cases should be allowed to proceed, but at bare minimum *Hulu I* should proceed." *Hulu I Mot.* 3:1; *Hulu II Mot.* 3:1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | | |

12-10012 PSG (JEMx), 2013 WL 7158011, at *4 (C.D. Cal. June 5, 2013); *see also PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014) (collecting cases). And because the parties are not direct competitors, Plaintiff can be adequately compensated through damages for any harm from the continued stays. *See TAS Energy, Inc. v. San Diego Gas & Elec. Co.*, No. 12cv2777–GPC(BGS), 2014 WL 794215, at *5 (S.D. Cal. Feb. 26, 2014) ("The fact that the parties are not competitors weigh[s] in favor of a stay as any harm from a stay can be addressed through damages."); *Pi-Net Int'l,* 2013 WL 7158011, at *3 (same); *see also Realtime Data LLC*, 2018 WL 3744223, at *2 (despite plaintiff's desire to proceed with the litigation, it would not be unduly prejudiced by a continued stay as it could be fully compensated through money damages "even after some delay").

Plaintiff also argues that continued stays will hamper its ability to license its technology to other companies. *Hulu I Mot.* 22:7–18; *Netflix Mot.* 14:21–15:4; *Hulu II Mot.* 22:7–18. Plaintiff says it has been unable to enter licensing agreements with eight other streaming video companies, "despite diligent efforts," but it does not explain how the stays are to blame for these unsuccessful negotiations besides broadly asserting that smaller companies are following Defendants' example of refusing to license Plaintiff's technology. *See Hulu I Mot.* 22:7–16; *Netflix Mot.* 14:21–15:3; *Hulu II Mot.* 22:7–18. The Court previously rejected similar arguments when granting the motions to stay. *See Stay Order 1* at 7; *Stay Order 2* at 11. Plaintiff again fails to provide a basis to support that these other companies' decisions about whether to enter licensing agreements "are influenced at all by whether this district court litigation is stayed or proceeds in parallel with PTAB proceedings," or the appeals of the PTAB decisions, which will continue regardless of whether the stays are lifted. *See Stay Order 1* at 7; *see also Realtime Data LLC*, 2018 WL 3744223, at *2 (rejecting argument that continuing the stay would make it more difficult to license asserted patents because "lifting the stay . . . would not end any of the pending appeals or IPR applications that are contesting the patents' validity").

Finally, Plaintiff claims that continuing the stays will subject it to a clear tactical disadvantage. *Hulu I Mot.* 17:15–18:24, 19:10–12; *Netflix Mot.* 10:26–27, 11:24–25, 15:5–19; *Hulu II Mot.* 17:15–18:24. As described above, the stays are not being continued based on any IPR petitions filed for *Hulu II* patents. This addresses Plaintiff's concerns that keeping any of the cases—particularly *Netflix* or *Hulu I*—stayed based on these IPR petitions would present Defendants with an unfair tactical advantage. *See Netflix Mot.* 11:23–25, 15:5–19; *Hulu I Mot.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | | |

18:1–24, 19:10–12. And although Plaintiff repeatedly asserts in conclusory fashion that continuing the stays would give Defendants an unfair tactical advantage, it does not explain *how* continuing the stays based on the pending appeals would do so. Thus, the Court is unconvinced that continuing the stays pending appeal would subject Plaintiff to a clear tactical disadvantage in any of the cases.

Although further delay in the litigation may present some prejudice to Plaintiff, Plaintiff has not demonstrated that continuing the stays would subject it to *undue* prejudice or a clear tactical disadvantage. Thus, recognizing the amount of time that *Hulu I* and *Netflix* have already been stayed, the Court finds that the third factor weighs slightly in favor of maintaining the stays in each case. *Cf. Realtime Data LLC*, 2018 WL 3744223, at *2 (concluding the third factor supported continuing stay pending appeal given lack of undue prejudice); *Baxter Healthcare Corp.*, 2021 WL 22553, at *4 (finding this factor neutral where damages could compensate plaintiffs, continued stay would not clearly disadvantage either party, and the stay was conditioned on resolution of appeals).

        D.      <u>Balancing the Factors and the Totality of the Circumstances</u>

In sum, the stage of the proceedings factor is neutral, the simplification of the issues factor weighs in favor of continuing the stays pending appeal, and the lack of undue prejudice weighs slightly in favor of continuing the stays. Collectively, these factors therefore weigh in favor of continuing the stays.

Additionally, the totality of the circumstances—including the efficient management of this Court's docket—supports maintaining the stays. In particular, the Court consolidated *Hulu I* and *Hulu II* for pretrial purposes to avoid duplication of substantial effort by the parties and the Court throughout discovery and claim construction. *Stay Order 2* at 5–6. The Court had previously entered the same schedule in *Hulu I* and *Netflix*. *See Hulu I*, Dkt. # 87; *Netflix*, Dkt. # 89. Given the significant overlap between the patents asserted in *Hulu I* and *Netflix*, and the fact that half of the remaining patents asserted in *Hulu II* are related to patents asserted in the other two cases, the Court continues to find that it would be more efficient for these cases to proceed on a similar timeline through discovery and claim construction. And given the likelihood for the pending appeals to streamline the issues in these cases—in which Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602 PSG (DFMx)<br>CV 19-1606 PSG (DFMx)<br>CV 21-1615 PSG (DFMx) | Date | March 29, 2022 |
|---|---|---|---|
| Title | DivX, LLC v. Netflix, Inc.<br>DivX, LLC v. Hulu, LLC<br>DivX, LLC v. Hulu, LLC | | |

asserts infringement of a total of 13 patents—it makes more sense for the cases to proceed together following resolution of at least some of the pending appeals.

As a result, the Court **DENIES** Plaintiff's motions to lift the stays in each case.

IV.     Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's motions to lift the stays in *Netflix*, *Hulu I*, or *Hulu II*. The parties are **ORDERED** to file a joint status report within 10 days of the resolution of each appeal pending before the Federal Circuit.