# EXHIBIT 2

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-06499-BRO (SK) | Date | May 15, 2017 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:    (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY**

## I.    INTRODUCTION

Plaintiff Game and Technology Co. Ltd. ("Plaintiff") filed a motion to lift the stay of proceedings, which was originally entered to stay this matter pending *inter partes* review ("IPR") of U.S. Patent Nos. 7,682,243 ("the '243 Patent"), 8,035,649 ("the '649 Patent"), and 8,253,743 (the '743 Patent"), (collectively, "Asserted Patents"). Blizzard Entertainment, Inc. ("Defendant") opposed.

After considering the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for resolution without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Plaintiff's motion is **GRANTED**.

## II.    PROCEDURAL BACKGROUND

On July 9, 2015, Plaintiff brought this action for alleged infringement of the Asserted Patents against Defendant. *Game and Technology Co., Ltd. v. Blizzard Entertainment, Inc.*, No. 2:15-cv-01257, Dkt. 1 (E.D. Tex. July 9, 2015). Plaintiff alleged that Defendant infringes the Asserted Patents by manufacturing, maintaining, selling, and distributing online video games such as World of Warcraft, Diablo III, and League of Legends. (*Id.*)

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | **CV 16-06499-BRO (SK)** | Date | May 15, 2017 |
|---|---|---|---|
| Title | **GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC.** | | |

While the case was pending in Texas, the parties exchanged infringement contentions, invalidity contentions (Dkt. 50), and preliminary claim constructions (Dkt. 54.). No claim construction briefs were submitted. The parties engaged in limited discovery, but no expert discovery. (Dkt. 102-1 at 5-6.) The Texas court then granted a motion to transfer the case to this Court on August 5, 2016. (Dkt. 70.)

On September 23, 2016, Defendant filed a petition for IPR with the PTO challenging the validity of every claim of the Asserted Patents. (Dkt. 102-1 at 4-5.) On October 10, 2016, Defendant filed a motion to stay the case pending the PTO's determination of the validity of the Asserted Patents. (Dkt. 102.) This Court granted the motion to stay proceedings pending *inter partes* review on November 4, 2016. (Dkt. 110.)

The U.S. Patent and Trademark Office Patent Trial and Appeal Board "(PTAB)" denied two of Blizzard's three petitions for IPR. On February 28, 2017, it denied the IPR petition concerning the '649 Patent. (Dkt. 115, Ex. A.) On March 21, 2017, it denied the IPR petition concerning the '243 Patent, but granted the one concerning the '742 Patent. (*Id.*, Ex. B, Ex. C.) A defendant in a related case, Wargaming Group Ltd., filed a separate petition for IPR on the '243 Patent on March 14, 2017.[1]

The parties met and conferred on March 27, 2017 regarding the motion to lift stay, but did not reach a resolution.

## III. LEGAL STANDARDS

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). This inherent power includes "the authority to order a stay of litigation pending the reexamination of a patent by the PTO." *Polaris Indus., Inc. v. BRP U.S. Inc.*, No. 12-01405 (ADM/SER), 2012 WL 5331227, at *1 (D. Minn. Oct. 29, 2012) (citing *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted)); 35 U.S.C.A. § 315(a)(3). The party seeking a stay bears the

---

[1] Plaintiff accuses Wargaming of infringing the '243 Patent in a related case before this Court. *See GAT v. Wargaming*, Case No. 2:16-cv-06554 BRO (SKx).

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06499-BRO (SK) | Date | May 15, 2017 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

burden of showing that such a course is appropriate. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S.Ct. 163, 81 L.Ed. 153 (1936).

While the case law enumerates several general considerations that are helpful in determining whether to order a stay, ultimately "the totality of the circumstances governs." *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1031 (C.D. Cal. 2013). In determining whether to stay a case pending *inter partes* review, the courts generally consider three factors: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the nonmoving party. *Id*. at 1030-31.

While "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of re-examination, especially in cases that are still in the initial stages of litigation and where there has been little or no discovery[,]" *Aten Int'l. Co., Ltd. v. Emine Tech. Co., Ltd.*, No. SACV 09-0843-AJG, 2010 WL 1462110 at *6 (C.D. Cal. Apr. 12, 2010) (citations and internal amendments omitted), there is no *per se* rule that patent cases should be stayed pending reexaminations. *Tokuyama Corp. v. Vision Dynamics, LLC*, No. 08-cv-02781-SBA, 2008 WL 4452118, at *2 (N.D. Cal. Oct. 3, 2008). "If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts," *Comcast Cable Commc'ns Corp. v. Finisar Corp.*, C 06-04206-WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007).

"The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255.) "If there is even a fair possibility that the stay for which [the movant] prays for will work damage to someone else," the movant "must make out a clear case of hardship or inequity in being required to go forward." *CMAX Inc. v. M. Hall*, 300 F.2d at 268 (quoting *Landis*, 299 U.S. at 255).

LINK:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 16-06499-BRO (SK) | Date | May 15, 2017 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

## IV. ANALYSIS

### A. Stage of the Proceeding

This action was brought in 2015. Discovery began while the case was in Texas, with some interrogatories and requests for production, but no depositions have been scheduled and no expert discovery has occurred. (Dkt. 102-1 at 11.) Preliminary claim constructions have been exchanged. Although the case is nearing the two-year mark, a significant portion of that time was subject to the current stay. No trial date has been set and there is substantial work to complete.

Overall, this factor is neutral.

### B. Simplification of the Issues in Question

Plaintiff argues that the issues in question will no longer benefit from the stay, since the PTAB has denied Defendant's petitions to institute IPRs on the '243 and '649 Patents. As a result of the denial, there will be no simplification of scope or issues from the PTO on those patents. Plaintiff further contends that the discovery for the three patents would overlap. Specifically, the '243, the '649, and the '743 Patents have all been asserted against the game "World of Warcraft." (Dkt. 115 at 3.) Plaintiff claims that once discovery is conducted for the '243 and the '649 patents, there will be "very little, if any, additional discovery for the remaining '743 patent." (*Id.*) Finally, Plaintiff asserts that even if the stay is lifted, the matter will not reach trial before the PTAB releases a decision on the '743 patent, and so the Court is not at risk of a conflicting decision.

Defendant responds that questions at issue could still be simplified by the PTAB for both the '743 and the '243 patents. (Dkt. 118.) Because two PTAB actions on the Asserted Patents remain outstanding and because IPRs could eliminate some or all of the invalidity issues, Defendant asserts that the case will be simplified if the stay remains in place until those matters are resolved in front of the PTAB. (*Id.* at 10-11.) Specifically, the PTAB will issue a final written decision on the IPR of the '743 patent, which may cancel some or all of the '743 patent's claims. Additionally, another party, Wargaming Group Ltd. ("Wargaming"), filed a second, separate IPR petition for all but one claim of the '243 patent on March 14, 2017. Defendant claims that Wargaming's

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06499-BRO (SK) | Date | May 15, 2017 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

petition cites different grounds and prior art for invalidation than was cited in Defendant's IPR petition. (Dkt. 118 at 4.) Plaintiff responds that the PTAB will not likely institute Wargaming's IPR on the '243 patent, since Wargaming does not "[raise] new issues designed to overcome the failed [Defendant] IPR Petition." (Dkt. 119 at 2). Further, even if the PTAB does institute based on the '243 patent, it may elect not to institute on every ground, thus preserving prior art that was not considered and other invalidity theories that are outside the scope of the IPR.

The PTAB's denials eliminate the basis for the current stay concerning both the '649 and the '243 Patents. Although another petition for IPR on the '243 Patent was filed in March 2017, waiting for the PTAB to conduct another review does not guarantee a simplification of issues and fails to address the validity of the '649 Patent. At this stage, putting matters on hold every time an IPR petition is filed would cause this action to "be dogged by fits and starts." *See Comcast Cable Commc'ns Corp. v. Finisar Corp.*, C 06-04206-WHA, 2007 WL 1052883, at *1 (N.D. Cal. Apr. 5, 2007). Further, requiring separate discovery and litigation on the related patents would be an inefficient use of resources.

Thus, this factor weighs in favor of lifting the stay.

### C. Undue Prejudice or Clear Tactical Disadvantage

Plaintiff argues that protracted delay is "always a risk" and that Defendant has already gained a six month delay, "unencumbered by district court litigation." (Dkt. 115 at 4.) Defendant responds that a delay inherent to a stay does not by itself constitute prejudice and that Plaintiff's status as a non-practicing entity ("NPE") weighs in favor of maintaining the stay, because Plaintiff "can adequately be compensated with monetary damages for any infringement." (Dkt. 118 at 15.)

Although Plaintiff is an NPE, it still has an interest in protecting its property rights through the courts and reaching a timely resolution of the dispute. Considering that Plaintiff has already waited for the PTAB to issue decisions on all of Defendant's requests for IPRs, and that only one has been instituted for review, an imposition of further delay does not appear sufficiently warranted.

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 16-06499-BRO (SK) | Date | May 15, 2017 |
|---|---|---|---|
| Title | GAME AND TECH. CO. LTD v. BLIZZARD ENTM'T, INC. | | |

The Court finds that this factor weighs slightly in favor of lifting the stay.

## V.  CONCLUSION

Having considered the totality of circumstances in this case, the Court finds that a balancing of the relevant factors supports lifting the stay.  For these reasons, Plaintiff's motion to lift the stay is **GRANTED**.  The parties are HEREBY ORDERED to meet and confer and submit a joint report setting a trial date and claim construction date including briefing deadlines, by **May 30, 2017 by 4:00 p.m.**  The hearing and status conference scheduled for May 15, 2017 at 1:30 p.m. is HEREBY VACATED.

**IT IS SO ORDERED.**

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | ekf |  |