# EXHIBIT 3

JS-5

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LUND MOTION PRODUCTS, INC., <br><br> Plaintiff, <br><br> v. <br><br> T-MAX HANGZHOU TECHNOLOGY CO., LTD., *ET AL.*, <br><br> Defendants. | Case No.: SACV 17-01914-CJC-JPR <br><br><br> **ORDER GRANTING PLAINTIFF'S MOTION TO LIFT STAY [Dkt. 69]** |

## I. INTRODUCTION

On October 31, 2017, Plaintiff Lund Motion Products, Inc. ("Lund") filed this patent and copyright infringement action against Defendants T-Max Hangzhou Technology Co., Ltd., T-Max Qingdao Industrial Co., Ltd., T-Max Qingdao International

-1-

Trading Co., Ltd., and T-Max Industrial H.K. Co., Ltd. (collectively "T-Max" or "Defendants"). (Dkt. 1 [Complaint].) Now before the Court is Plaintiff's motion to lift a stay that the Court issued on January 2, 2019. (Dkt. 69 [hereinafter "Mot."].) For the following reasons, Plaintiff's motion is **GRANTED**.[1]

## II. BACKGROUND

Plaintiff alleges that Defendants infringed on four of its patents related to automatically retractable motor vehicle steps: U.S. Patent No. 8,157,277 ("the '277 Patent"), No. 9,302,626 ("the '626 Patent"), No. 9,561,751 ("the '751 Patent"), and No. 10,053,017 ("the '017 Patent"). (*See generally* Dkt. 55 [First Amended Complaint, hereinafter "FAC"].) Plaintiff also brings a claim for copyright infringement based on graphics that Defendants use in installation guides for their retractable steps. (*See id.* ¶¶ 87–102.)

In late 2018, Defendants filed four petitions for *inter partes* review ("IPR") with the United States Patent and Trademark Office Patent Trial and Appeal Board ("PTAB") that challenged the validity of Plaintiff's four patents. On Defendants' motion, the Court stayed this case in January 2019 while the PTAB determined whether to take up Defendants' petitions for IPR. (Dkt. 64 [hereinafter "Stay Order"].) In March 2019, the PTAB declined to institute IPR on any of the claims related to the '017 Patent but instituted IPR proceedings for the other three patents. (Dkt. 67.) In light of those decisions, on August 14, 2019, the Court granted the parties' stipulation to continue the stay "pending the U.S. Patent and Trademark Office's final decisions on the three petitions for *inter partes* review." (Dkt. 68 at 1.)

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for May 18, 2020, at 1:30 p.m. is hereby vacated and off calendar.

In March 2020, the PTAB rendered final decisions on the patentability of Plaintiff's claims concerning the '626 Patent, the '277 Patent, and the '751 Patent. It agreed with Defendants and ruled that the challenged claims of the '626 Patent were unpatentable. (Dkt. 71 [Declaration of Loni Morrow, hereinafter "Morrow Decl."] at Ex. 4.)[2] However, it also determined that Defendants had failed to establish by a preponderance of evidence that many of the claims regarding the '277 Patent[3] and all of the claims regarding the '751 Patent were unpatentable. (*Id.* at Ex. 3, 5.) Defendants have appealed these latter two rulings to the Federal Circuit. (Dkt. 72-1 [Declaration of John Esterhay, hereinafter "Esterhay Decl."] at Ex. 11.) Around that same time, Plaintiff filed the instant motion to lift the stay. (Mot.)

**II. LEGAL STANDARD**

District courts have the inherent power to manage their dockets and stay proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). This inherent power includes "the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1427 (Fed. Cir. 1988). "The same court that imposes a stay of litigation has the inherent power and discretion to lift the stay." *See Independent Living Ctr. of S. Cal. v. Douglas*, 2012 WL 1622346, at *2 (C.D. Cal. May 8, 2012) (internal quotation omitted). In determining whether to lift a stay pending patent reexamination, courts generally consider three factors: (1) the stage of the litigation, including whether discovery is completed or nearly completed and whether the matter has been marked for trial; (2) whether a stay will simplify the issues in question; and (3) whether a stay would unduly prejudice or present a clear tactical

---

[2] Plaintiff has indicated that, in light of this ruling, it will drop all of its claims related to the '626 patent from this action. (Mot. at 4.)

[3] During IPR proceedings, Plaintiff acknowledged that claims 16–33 of the '277 Patent were invalid. Accordingly, the final PTAB decision considered only claims 1–15 of the '277 Patent. (*See* Morrow Decl. at Ex. 4.)

-3-

disadvantage to the opposing party.  *See Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030–31 (C.D. Cal. 2013).  Ultimately, however, "the totality of the circumstances governs." *Id.* at 1031.

### III. DISCUSSION

The thrust of the parties' dispute concerns whether or not this action should remain stayed pending the outcome of Defendants' appeal to the Federal Circuit.  In Defendants' view, if successful, their appeal would further simplify the remaining issues in this case.  They further contend that Plaintiff would not be meaningfully prejudiced by a continued stay of proceedings.  The Court disagrees and finds that on balance, the totality of circumstances weighs in favor of lifting the stay.

The first factor—the stage of the litigation—slightly favors Plaintiff.  This factor generally favors staying a case if it is in its early stages.  *See VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1316 (Fed. Cir. 2014).  When the Court initially stayed the case in January 2019, it found that this factor supported the stay because the case had not meaningfully advanced beyond the pleading stage.  (*See* Stay Order at 3.)  Of course, because the stay has been in effect since then, the case remains at that same nascent stage.  That said, Plaintiff filed this action in October 2017 and since then, the parties have engaged in some motions practice before this Court and complex proceedings before the PTAB.  Given the time that has passed and the resources the parties have expended, it would be a mistake to characterize this case as one that is still in its early stages.  *See Oyster Optics, LLC v. Ciena Corp.*, 2019 WL 4729468, at *3 (N.D. Cal. Sept. 23, 2019) (finding that this factor was neutral when, although the parties had not engaged in much discovery before the district court, the action had been pending for over three years and gone through an IPR proceeding before the PTAB).

The second factor asks whether a continuation of the stay is likely to simplify the issues remaining before the Court. Defendants contend that a successful appeal to the Federal Circuit would further simplify this case by eliminating Plaintiff's claims related to the '751 Patent and the '277 Patent. The Court disagrees that this possibility warrants extending the stay.

First, Defendants' appeal concerns only two of Plaintiff's four remaining claims and could not dispose of this action altogether. *Cf. Andrea Elecs. Corp. v. Apple Inc.*, 2019 WL 3712120, at *2 (E.D.N.Y. Aug. 6, 2019) (continuing stay pending defendant's appeal to the Federal Circuit when the appeal had the potential to resolve the case entirely). Plaintiff's claims regarding the '017 Patent as well as its copyright infringement claims will not be affected by the outcome of the Federal Circuit appeal. Thus, regardless of the appeal's outcome, there will be remaining issues for this Court to resolve.

Moreover, Defendants have not established that their appeal is likely to succeed, so any possible simplification of the issues is speculative. *See Network-1 Sec. Sols., Inc. v. Alcatel-Lucent USA Inc.*, 2015 WL 11439060, at *3 (E.D. Tex. Jan. 5, 2015) ("[T]he mere possibility (as opposed to 'reasonable likelihood') that the asserted claims could be invalidated or amended on appeal and then result in simplification is too speculative to be given much weight."); *Juno Therapeutics, Inc. v. Kite Pharma*, 2018 WL 1470594, at *7 (C.D. Cal. Mar. 8, 2018) ("That the Federal Circuit may reverse the PTO . . . is not, in and of itself, a sufficient basis to make the patentee . . . continue to wait to enforce patent rights that it currently holds."). The Federal Circuit applies a deferential standard when reviewing appeals from the PTAB. *See Personal Web Techs., LLC v. Apple, Inc.*, 848 F.3d 987, 992 (Fed. Cir. 2017) ("We review the Board's IPR decisions to ensure that they are not arbitrary, capricious, an abuse of discretion, . . . otherwise not in accordance with law . . . [or] unsupported by substantial evidence.") (internal quotations omitted).

Perhaps because of this standard, the Federal Circuit affirms the PTAB on every issue in nearly 75 percent of cases. (Morrow Decl. at Ex. 6.) And if the Federal Circuit *does* reverse the PTAB on some or all of the issues presented in the appeal, the Court "is perfectly capable of making adjustments to the scope of the case, as needed, to accommodate any decision the Federal Circuit renders." *See Oyster Optics*, 2019 WL 4729468, at *2. The Court declines to subject this case to certain delay based on the speculative possibility that its scope might be somewhat altered by Defendants' appeal.

The third and final factor also favors lifting the stay because Plaintiff would be prejudiced if the stay were continued pending Defendants' appeal to the Federal Circuit. Defendants admit that their allegedly-infringing products directly compete with Plaintiff's, and "[c]ourts regularly find this factor weighs strongly against granting a stay where the parties are direct competitors." *See Toshiba Tec Corp. v. Katun Corp.*, 2016 WL 9137646, at *4 (C.D. Cal. Sept. 21, 2016). If the Court extends the stay—which has now been in place for over fifteen months—this action would likely be stalled for at least another year. (Morrow Decl. at Ex. 7 [showing that, on average, it takes the Federal Circuit approximately sixteen months to render a decision on an IPR appeal from the PTAB].) Subjecting Plaintiff to this additional delay would cause undue prejudice, especially because the patents at issue are set to expire in 2021. *See Milwaukee Electric Tool Corp. v. Hilti, Inc.*, 2016 WL 7495808, at *3 (E.D. Wis. Dec. 30, 2016) (finding that the prejudice factor favored plaintiffs because, "[a]sking Plaintiffs to wait for another year or more is quite different, particularly since this case has already been pending [for nearly three years]"). Finally, the Court has an obligation to manage its docket to ensure that cases are resolved in a timely manner. Plaintiff filed this action nearly three years ago, yet to date, the Court has not been able to weigh in on the merits of its claims.

In sum, the Court finds that the totality of circumstances do not favor a continuation of the stay pending Defendants' appeal to the Federal Circuit. In its August

14, 2019 Order continuing the stay, the Court ruled that the action would be stayed "pending the U.S. Patent and Trademark Office's final decision on the three petitions for *inter partes* review." (Dkt. 68 at 1.) Those final decisions have now been issued. Accordingly, the stay must be lifted so that this action can move forward.

## IV. CONCLUSION

Plaintiff's motion to lift the stay is **GRANTED**. The Court hereby **DIRECTS** the parties to meet and confer and file a revised proposed scheduling order within **FOURTEEN DAYS**.

DATED: May 13, 2020

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE