# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-1602-GW-DFMx | Date | February 8, 2024 |
| Title | *DIVX, LLC v. Netflix, Inc.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | None Present | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS:** **IN CHAMBERS - TENTATIVE RULING ON PLAINTIFF DIVX, LLC'S MOTION TO LIFT STAY AND REOPEN CASE [146]**

Attached hereto is the Court's Tentative Ruling on Plaintiff's Motion [146] set for hearing on February 12, 2024 at 8:30 a.m.

:

Initials of Preparer   JG

***DivX, LLC v. Netflix, Inc.***; Case No. 2:19-cv-01602-GW-(DFMx)
Tentative Ruling regarding Stay of the Case

## I.  Introduction

Plaintiff DivX, LLC ("Plaintiff") filed this patent infringement action against Defendant Netflix, Inc. ("Defendant") alleging that Defendant infringes U.S. Patent Nos. 10,212,486 (the "'486 Patent"), 8,139,651 (the "'651 Patent"), 10,225,588 (the "'588 Patent"), 8,472,792 (the "'792 Patent"), 9,270,720 (the "'720 Patent"), 9,998,515 (the "'515 Patent"), 7,295,673 (the "'673 Patent"), and 9,184,920 (the "'920 Patent").  *See* Complaint, Docket No. 1.  The Court stayed this action pending the outcome of *inter partes* review ("IPR") proceedings challenging some, but not all, asserted claims.  *See* Order Imposing Stay, Docket No. 106.  Upon issuance of final written decisions ("FWDs") in all of the IPR proceedings, Plaintiff moved to lift the stay of this action. *See* Prior Motion, Docket No. 125.  The Court denied Plaintiff's motion, continuing the stay during the pendency of several Federal Circuit appeals of the FWDs. *See* Prior Order, Docket No. 130. Now, following the conclusion of those appeals, Plaintiff again moves to lift the stay.  *See* Motion, Docket No. 146; Opposition, Docket No. 153; Reply, Docket No. 156.  For the reasons set forth below, the Court would **DENY** the Motion.

## II.  Background

The Court provided the relevant background in its prior order denying Plaintiff's motion to lift the stay.  *See* Prior Order, Docket No. 130 at 2.  The Court incorporates that discussion by reference as if fully set forth herein.  Since the time of the Prior Order, the Federal Circuit issued opinions in each pending appeal.  As summarized in the chart below, the Federal Circuit affirmed the FWDs concerning several of the asserted patents.  As to three of the asserted patents, the Federal Circuit vacated the FWDs and remanded for further proceedings.  Presently, fifteen asserted claims across six of the asserted patents are pending and will be the subject of this litigation regardless of the outcome of the remand proceedings.  Ten asserted claims across three asserted patents are the subject of the remand proceedings.

| Asserted Patent & Claims | Proceedings & Outcome | Status |
|---|---|---|
| '486 Patent, Claims 1, 4, 8, 15, and 21 | No challenge. | All asserted claims are pending. |
| '651 Patent, Claims 1, 2, and 19 | FWD found claim 2 patentable but invalidated claims 1 and 19. Affirmed on appeal. | One claim is pending. |

| '588 Patent,<br>Claims 1, 13, and 16 | The Federal Circuit vacated the FWD finding that the petitioner failed to prove obviousness and remanded for further proceedings. | Awaiting decision on remand as to all asserted claims. |
|---|---|---|
| '792 Patent,<br>Claims 1, 9, 15, 16, and 22 | The Federal Circuit vacated the FWD's finding that the petitioner failed to prove claims 1, 9, 15, and 22 obvious and remanded for further proceedings. The petitioner did not challenge claim 16. | One claim is pending; awaiting decision on remand as to the other four asserted claims. |
| '720 Patent,<br>Claims 1, 2, 4, and 5 | FWD found all asserted claims patentable. Affirmed on appeal. | All asserted claims are pending. |
| '515 Patent,<br>Claims 1 and 16 | FWD found claim 1 patentable but invalidated claim 16. Affirmed on appeal. | One claim is pending. |
| '673 Patent,<br>Claims 10, 18, 21, 29, and 32 | FWD found claims 10 and 18 unpatentable. Affirmed on appeal. The petitioner did not challenge claims 21, 29, and 32. | Three claims are pending. |
| '920 Patent,<br>Claims 1, 3, and 5 | The Federal Circuit vacated the FWD's finding that the petitioner failed to demonstrate that the asserted claims are unpatentable and remanded for further proceedings. | Awaiting decision on remand as to all asserted claims. |

## III.    Legal Standard

The Court provided the applicable legal standard in its prior order denying Plaintiff's motion to lift the stay.  *See* Prior Order, Docket No. 130 at 5.  The Court incorporates that discussion by reference as if fully set forth herein.

## IV.    Discussion

Defendant argues the Court should maintain the stay pending resolution of remand proceedings before the United States Patent Trial and Appeal Board ("PTAB").  *See generally*, Opposition, Docket No. 153.  Plaintiff argues the limited potential for simplification of the issues during remand warrants lifting the stay.  *See generally*, Motion, Docket No. 146.  The Court considers the stage of the litigation, simplification of the issues, and the risk of undue prejudice, below.  *See Wonderland Nursery Goods Co. v. Baby Trend, Inc.*, No. EDCV 14-1153 VAP (SPx), 2015 WL 1809309, at *2 (C.D. Cal. Apr. 20, 2015) (quoting *Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013)).

2

A.    Stage of Litigation

In its order denying Plaintiff's prior motion to lift the stay, the Court found this factor neutral. *See* Docket No. 130 at 7. Now, just like at the time of Plaintiff's prior motion and the time the Court initially imposed the stay, this case is in its early stages. *Id.* However, within the context of a motion to lift a stay, this factor should not favor continuing the stay because the justification would be circular. *Id.* (citing *Oyster Optics, LLC v. Ciena Corp.*, No. 17-cv-05920-JSW, 2019 WL 4729468, at *2-3 (N.D. Cal. Sept. 23, 2019)). In other words, litigation progress advancing the stage of the case cannot occur due to the stay itself.[1] For these reasons, the Court would again find this factor neutral.

B.    Simplification of Issues

Plaintiff argues that pending IPR proceedings concerning only three of eight asserted patents are insufficient to support a continued stay. Motion, Docket No. 146 at 12. Plaintiff also argues that the parties will need to litigate the '792 Patent, regardless of the outcome of the remand proceeding, because Defendant did not challenge one of the asserted claims. *Id.* Plaintiff further argues that proceeding with litigation would not introduce additional complications because it expects all remand proceedings to conclude soon, in April of 2024. *Id.* at 14.

Defendant argues that continuing the stay is appropriate because the PTAB is still evaluating several asserted claims in the remand proceedings. Opposition, Docket No. 153 at 14-15. Defendant argues that simplification will occur if the PTAB invalidates any asserted claim. *Id.* Defendant further argues that courts typically stay proceedings following institution of PTAB proceedings. *Id.* at 15.

Here, the Court would find the simplification factor favors continuing the stay through the conclusion of the remand proceedings. Currently, the parties will litigate fifteen asserted claims across six of the asserted patents regardless of the outcome in the pending PTAB proceedings. *See* § II, *supra*. Ten asserted claims across three of the asserted patents are subject to remand proceedings. *Id.* Thus, while the PTAB proceedings cannot fully resolve this matter, a substantial amount of simplification is possible. The anticipated PTAB decisions have the potential to invalidate some or all of these ten claims, which would simplify the issues. *CAO Lighting, Inc. v.*

---

[1] Though *Lund Motion Prods., Inc. v. T-Max Hangzhou Tech. Co.*, No. SACV 17-01914-CJC-JPR, (C.D. Cal. May 13, 2020) involved similar circumstances, the Court here declines to find that motion practice concerning lifting a stay advances the stage of the litigation. *See* Docket No. 146-5 at 4. Such a finding presents the same circular justification problem discussed above.

*Signify N. Am. Corp.*, No. CV 21-08972-AB-(SP), 2022 WL 20563918, at *3 (C.D. Cal. Dec. 21, 2022).  Even if the PTAB does not invalidate any of these ten asserted claims, the final written decisions will provide certainty to both the Court and parties regarding the scope of asserted claims.  The PTAB rulings will also eliminate any issues that were raised or could have been raised before the PTAB. 35 U.S.C. § 315(e)(2).  Having this finality may reduce duplication of efforts and can assist the parties in focusing their arguments and possibly working towards a settlement.

Additionally, the short, anticipated duration of a continued stay, coupled with simplification, favors containing the stay here.  Plaintiff expects all three remand proceedings to conclude during or before April of 2024.  *See* Motion, Docket No. 146 at 14.  Compared with the length of the stay thus far, these additional few months impose only a slight delay and potentially offer  helpful simplification.  For purposes of resolving Plaintiff's motion, the Court would only continue the stay for the duration of the remand proceedings.  To the extent either party intends to appeal any of the remand decisions and Defendant intends to request a continued stay during the pendency of those appeals, Defendant would need to show that a continued stay is appropriate.  While the Court does not rule on that issue now, the Court appreciates the difference between a stay pending an administrative proceeding of a relatively short, finite duration versus a stay of an appeal of more uncertain duration.

C.      Risk of Undue Prejudice

In its order denying Plaintiff's prior motion, the Court found that "[a]lthough further delay in the litigation may present some prejudice to Plaintiff, Plaintiff has not demonstrated that continuing the stay[] would subject it to *undue* prejudice or a clear tactical disadvantage."  *See* Docket No. 130 at 12 (emphasis in original).  The Court would maintain this finding.

Here, Plaintiff raises only a few new arguments potentially affecting the prejudice factor.  First, Plaintiff argues that the relationship of the parties has changed because its new licensee, Disney, directly competes with Defendant.  *See* Motion, Docket No. 146 at 19.  Plaintiff argues that delay in its ability to enforce its intellectual property rights limits its ability to protect Disney from infringing sales.[2]  *Id.*  Plaintiff argues that Disney suffers harm because it pays for Plaintiff's technology while Defendant uses the technology without paying.  *Id.* at 19.  Plaintiff does not

---

[2] Plaintiff also argues that delay limits its ability to secure other licensees.  *Id.*  The Court already addressed this argument in its Prior Order.  *See* Docket No. 130 at 11.

explain how its diminished ability to protect Disney would cause any undue prejudice *to Plaintiff*. Disney is currently paying Plaintiff for a license and any harm from Defendant to Plaintiff can be redressed with damages, as the Court previously found. *See* Prior Order, Docket No. 130 at 11.

Additionally, the Court finds Plaintiff's "clouded title" argument based on *MasterObjects, Inc. v. eBay, Inc.*, No. 16-CV-06824-JSW, 2018 WL 11353751 (N.D. Cal. Nov. 7, 2018), unpersuasive. There, the Court found that the simple posture of the case, involving only one IPR proceeding which upheld all asserted claims, weighed in favor of lifting a stay. *Id.* at *3-4. The instant litigation involves several IPR proceedings with "mixed result[s]," and is thus more similar to *Realtime Data, LLC v. SilverPeak Sys., Inc.*, No. 17-cv-2373-PJH, 2018 WL 3744223 (N.D. Cal. Aug. 7, 2018). In *Realtime*, the Court found lifting the stay worrisome due to a risk of duplicated efforts and inefficiencies.

Next, Plaintiff argues that the increased length of the stay, versus at the time of the March 29, 2022 Prior Order, contributes to undue prejudice. Again, delay alone is not sufficient to establish undue prejudice. *See PersonalWeb Techs., LLC v. Apple Inc.*, 69 F. Supp. 3d 1022, 1029 (N.D. Cal. 2014); *see also Wonderland*, 2015 WL 1809309, at *4.[3] Plaintiff's arguments are also somewhat inconsistent regarding the delay issue. Plaintiff indicates the PTAB's outstanding remand decisions are "imminent." *See* Motion, Docket No. 146 at 6. At the same time, Plaintiff argues "[a] further indefinite extension of the stay" would contribute to undue prejudice. *Id.* at 18. As discussed above, for purposes of resolving Plaintiff's motion, the Court would only continue the stay for the duration of the remand proceedings. Because there are no appeals right now, the Court does not find any risk of undue prejudice.

Plaintiff's remaining arguments either concern circumstances present at the time of the Court's Prior Order or considerations better addressed under the simplification factor. For instance, the Court declines to reevaluate issues such as the timing of the IPR petitions and the fact that the petitions addressed some but not all asserted claims. For the foregoing reasons, the Court would maintain its finding that this factor slightly favors continuing the stay.

For the reasons discussed above and considering the totality of the circumstances, the Court would find a slight continuance of the stay, just until the PTAB concludes its remand proceedings, appropriate here.

---

[3] The Court declines to apply *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2020 WL 6270776 (D. Del. Oct. 26, 2020), given the abundance of C.D. Cal. and N.D. Cal. authority on this issue.

## V.    Conclusion

For the reasons stated in this Order, the Court would **DENY** Plaintiff's motion to lift the stay of this action.  The Court would maintain the stay through the conclusion of the remand proceedings currently pending before the PTAB.  Within ten days of the conclusion of all remand proceedings, the parties shall file a joint report with their respective and/or collective positions concerning the stay.