Matthew D. Powers (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone:  (650) 802-6000
Facsimile:  (650) 802-6001

David M. Stein, SBN 198256
dstein@olsonstein.com
Olson Stein LLP
240 Nice Lane #301
Newport Beach, CA 92663
Telephone: (949) 887-4600

*Attorneys for Plaintiff DivX, LLC*

James M. Dowd (Bar No. 259578)
James.Dowd@wilmerhale.com
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5309
Facsimile: (213) 443-5400

*Attorneys for Defendant Netflix, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>    Defendant and Counterclaimant. | **Case No. 2:19-cv-1602 GW (DFMx)**<br><br>**JOINT STATUS REPORT SETTING FORTH THE PARTIES' VIEWS ON WHETHER THE STAY SHOULD BE LIFTED** |

Pursuant to the Court's February 12, 2024 Order, the parties submit this status report. In that Order, the Court denied DivX's motion to lift the stay and stated: "[t]he Court would maintain the stay through the conclusion of the remand proceedings currently pending before the PTAB. Within ten days of the conclusion of all remand proceedings, the parties shall file a joint report with their respective and/or collective positions concerning the stay." Dkt. 159 at 1.

At the time of the February 2024 Order, certain claims of three of the eight asserted patents were subject of remanded *Inter Partes Review* proceedings at the Patent Trial and Appeal Board ("PTAB"). All three remand proceedings have now concluded. In the remand proceeding on the '588 patent, the PTAB upheld the challenged claims with one APJ dissenting. Netflix will appeal that decision. In the remand proceedings on the '920 and '792 patents, the PTAB found all challenged claims unpatentable, and DivX has agreed not to pursue those claims in this case.

DivX submits that the Court should lift the stay and order the parties to submit a proposed schedule within 5 days of the Court's Order lifting the stay. Netflix opposes lifting the stay. The parties' respective positions are set forth below.

**DivX's position**: DivX respectfully requests that the Court lift the stay. In its February 2024 Order, the Court was inclined to extend the stay through the completion of the remand proceedings for three remaining patents (DivX's '588, '920, and '792 patents). *Id*. Those proceedings that caused the Court to continue the stay have now been completed, and whatever simplification could have been achieved through the continued IPR proceedings has now been achieved.

Certain claims have been confirmed as valid, and DivX is not proceeding on any claim that has been found to be not patentable. For the '588 patent, all claims were confirmed to be patentable on remand to the PTAB and DivX is prepared to proceed on the '588 patent claims asserted against Netflix. For the '920 patent and '792 patent, the claims that were subject to the remands were found not to be patentable. Therefore, to expedite these proceedings, DivX will withdraw the '920 patent from this case and will

not seek to add it back at a later date, and DivX will not appeal the PTAB remand decision for the '792 patent, so that decision is final.  Accordingly, DivX will withdraw from this case the claims of the '792 patent that were subject to the PTAB's remand decision.  In this litigation, DivX has also asserted Claim 16 of the '792 patent, which Netflix did not challenge in the IPRs and which remains valid.  Thus, from DivX's perspective, there are no more parallel proceedings that justify keeping this five-year-old case stayed, so this case should move forward.

Netflix opposes lifting the stay so it can appeal the latest PTAB decision on just one of seven asserted patents – the '588 patent. The decision Netflix plans to appeal found the claims of the '588 patent patentable *for the second time*.  Netflix should not be allowed to extend the stay of this case indefinitely to pursue yet another Federal Circuit appeal on just one patent whose validity has now been repeatedly confirmed after Netflix's multiple, failed attempts to invalidate it, and six other patents also stand ready to proceed.  The Court continued the stay in February to await the completion of the remanded IPRs because the Court expected the stay to be "of a relatively short, finite duration versus a stay of an appeal of more uncertain duration." Dkt. 158 at 4.  This Court has previously also declined to "guess how the Federal Circuit might rule," finding that "any possible loss of simplification or inconsistency due to reversal is just as speculative as the affirmance Plaintiffs anticipate." *NantWorks, LLC v. Bank of Am. Corp.*, No. CV 20-7872-GW, 2023 U.S. Dist. LEXIS 75685, at *9 (C.D. Cal. May 1, 2023).  In this case, Netflix's predictions about the outcome of a second Federal Circuit appeal on the '588 patent are even more speculative than the plaintiffs' speculation in the *NantWorks* case.  Netflix's desire to have a third bite at the apple with one of the seven patents in this case – after two failed attempts – does not warrant continuing the stay.

This case was filed five years ago, and it has entered its fourth year since the stay issued.  DivX is ready to proceed on claims of seven asserted patents—claims that Netflix never challenged and claims that have been tested and withstood Netflix's

challenges in the PTAB and the Federal Circuit. None of the asserted claims is subject to continuing PTAB proceedings. DivX submits that it is time to proceed with this case.

**Netflix's position**: While most issues in the IPRs have now been resolved, at least one important issue is still outstanding, and the prudent approach here is to keep the stay in place through the conclusion of the IPR proceedings on this case. As Netflix previously explained, *see* Dkt. 153 at 6-11, the IPRs have already resulted in substantial simplification of the issues in this case because more than a third of the asserted claims have been held unpatentable. Indeed, Plaintiff's previous assertion that the three remanded IPR proceedings were "not likely to result in any meaningful simplification," *see* Dkt. 146-1 at 8, proved incorrect, as the final written decisions in those proceedings invalidated all challenged claims in two of the three patents. As Plaintiff concedes, those decisions eliminated the '920 patent from this case entirely and eliminated four of the five asserted claims from the '792 patent. Netflix's IPRs have thus substantially reduced the scope of this case, and the stay has already conserved substantial Court and party resources that would have otherwise been wasted had the case proceeded on Plaintiff's proposed schedule.

In the third IPR remand proceeding, a *divided* panel found that Netflix did not establish that the challenged claims of the '588 patent were unpatentable. Netflix has appealed that final written decision to provide the Federal Circuit the opportunity to resolve the PTAB's split opinion, and that appeal warrants maintaining the stay here.

***First***, the Board's remand final written decision on the '588 patent is particularly susceptible to reversal by the Federal Circuit. Although the Board had twice rejected Plaintiff's proposed construction of the claim term "locating encryption information that identifies encrypted portions of frames of video within the requested portions of the selected stream of protected video"—both in the decision on institution and in the first final written decision—a two-judge panel majority changed course on remand and, for the first time, decided to adopt *Plaintiff's* previously rejected construction. *See Netflix, Inc. v. DivX, LLC*, IPR2020-00558, Paper 66 at 11-26 (P.T.A.B. Feb. 22, 2024) ("588

FWD"). The majority then upheld the challenged claims based on that newly adopted construction, over a 37-page dissent by the Administrative Patent Judge who wrote the first final written decision and, on remand, would have found all claims of the '588 patent unpatentable. *Id.* at 32-35; *see also id.*, Dissent at 1-37 (dissenting opinion of APJ Turner). Netflix will appeal the Board's construction and its finding that the challenged claims were not unpatentable.

The Board's decision is susceptible to reversal for multiple reasons:

- <u>The PTAB Reversed Its Prior Rulings.</u> On remand, the PTAB reversed its prior determinations and applied a new and different construction to the disputed claim term that formed the basis of its decision to uphold the challenged claims. The Board acknowledged that it had twice rejected Plaintiff's proposed construction and had expressly found that Plaintiff's arguments in favor of that construction were "unpersuasive." 588 FWD at 11-12. Nonetheless, the majority came out the exact opposite way the third time around. The Board's own about-face confirms that Netflix's proposed construction is reasonable and that the appeal is meritorious.

- <u>APJ Turner's Rare Dissent Explains That The Claims Are Unpatentable.</u> Further supporting the merits of Netflix's position, Administrative Patent Judge Turner explained in dissent that "the original intent of the claim was not what Patent Owner now asserts to be 'one of the central aspects of the '588's inventive system.'" *Id.*, Dissent at 3. He concluded that the disputed term should have the meaning the Board applied in its initial determination and in the first final written decision, and further that, when applying that correct construction and the Federal Circuit's instructions on remand, all challenged claims are unpatentable. *Id.* at 9-37. Dissents are exceedingly rare in IPR final written decisions—indeed, one study found that 98% of PTAB

decisions are unanimous[1]—and the fact that the panel's decision was not unanimous confirms that there is a reasonable likelihood that the Federal Circuit will reverse and/or construe the disputed term differently than the majority.

- **The Final Written Decision Departed from the Basis for Federal Circuit Remand.** The basis for the Board's second final written decision was different from the basis for its first final written decision and from the basis for remand by the Federal Circuit. Here, too, the Board recognized that its initial unpatentability determination "was based on a different issue raised by Patent Owner," and its remand decision did not consider the basis for reversal by the Federal Circuit, namely, the motivation to combine references in Netflix's proposed obviousness ground. 588 FWD at 4, 11-12.

Each of these bases is alone sufficient to conclude that there is a reasonable likelihood that Netflix will succeed in obtaining a second reversal at the Federal Circuit. Together, they strongly suggest Netflix's appeal is likely to succeed, which further supports maintaining the stay.

***Second***, because the PTAB's final written decision was premised on an issue of claim construction, the appeal will provide clarity on the meaning of the asserted claims. The meaning and scope of the asserted claims will substantially impact this proceeding, including at least with respect to infringement and invalidity, and the case should not proceed absent clarity from the Federal Circuit as to the claims' scope. As the Court previously explained, "[m]aintaining the stays pending appeal will therefore avoid the potential for inconsistent rulings and the wasting of resources that would result if the Court were to proceed with the litigation now and **construe disputed claim terms**

---

[1] *See* Katznelson, "The Pecuniary Interests of PTAB Judges - Empirical Analysis Relating Bonus Awards to Decisions in AIA Trials," at 9 (July 5, 2021), *available at* https://ssrn.com/abstract=3871108; *see also* Davis, "Ex-PTAB Judges Say Board Policies Don't Squelch Dissents," Law360 (June 11, 2018), *available at* https://www.law360.com/articles/1050995/ex-ptab-judges-say-board-policies-don-t-squelch-dissents ("Dissenting opinions are rare occurrences at the Patent Trial and Appeal Board ….").

***differently than the Federal Circuit eventually does***." Dkt. 130 at 8 (emphasis added). Plaintiff offers no reason that the Court should reach a different conclusion now.

***Finally***, each of the factors that supported maintaining the stay just two months ago continues to support a stay now. *See* D.I. 153 at 5-16. The litigation remains in its early stages; maintaining the stay has simplified and will continue to simplify the proceedings, including for the reasons discussed above; and there continues to be no prejudice at all to Plaintiff in maintaining the stay.

Just as the Court found in its second stay order, "maintaining the stay[] pending appeal is likely to simplify the issues … and avoid unnecessary expenditures of resources," which "weighs in favor of continuing the stay." Dkt. 130 at 10. Thus, the totality of the circumstances supports denying Plaintiff's request to lift the stay here.

Dated: April 29, 2024

/s/ Azra M. Hadzimehmedovic
Matthew D. Powers (Bar No. 104795)
matthew.powers@tensegritylawgroup.com
Paul T. Ehrlich (Bar No. 228543)
paul.ehrlich@tensegritylawgroup.com
William P. Nelson (Bar No. 196091)
william.nelson@tensegritylawgroup.com
Natasha M. Saputo (Bar No. 291151)
natasha.saputo@tensegritylawgroup.com
Jerome Ma (Bar No. 335129)
Jerome.Ma@tensegritylawgroup.com
TENSEGRITY LAW GROUP, LLP
555 Twin Dolphin Drive, Suite 650
Redwood Shores, CA 94065
Telephone: (650) 802-6000
Facsimile: (650) 802-6001
DivX_Netflix_Service@tensegritylawgroup.com

Respectfully submitted,

/s/ Mary (Mindy) V. Sooter
James M. Dowd (SBN 259578)
James.Dowd@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5309
Facsimile: (213) 443-5400

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

| | | |
|---|---|---|
| 1 | Azra M. Hadzimehmedovic (Bar No. 239088) | Joseph Taylor Gooch (SBN 294282) |
| 2 | azra@tensegritylawgroup.com | Taylor.gooch@wilmerhale.com |
| 3 | Aaron M. Nathan (Bar No. 251316) | WILMER CUTLER PICKERING |
|   | aaron.nathan@tensegritylawgroup.com | HALE AND DORR LLP |
| 4 | Samantha A. Jameson (Bar No. 296411) | One Front Street, 35th Floor |
| 5 | samantha.jameson@tensegritylawgroup.com | San Francisco, CA 94111 |
|   | | Telephone: (628) 235-1000 |
| 6 | TENSEGRITY LAW GROUP, LLP | Facsimile: (628) 235-1001 |
| 7 | 1676 International Drive, Suite 910 | |
|   | McLean, VA 22102 | *Attorneys for Defendant and* |
| 8 | Telephone:  (703) 940-5033 | *Counterclaimant Netflix, Inc.* |
| 9 | Facsimile:   (650) 802-6001 | |
| 10 | DivX_Netflix_Service@tensegritylawgroup.com | |

David M. Stein, SBN 198256
dstein@olsonstein.com
Olson Stein LLP
240 Nice Lane #301
Newport Beach, CA 92663
Telephone: (949) 887-4600

*Attorneys for Plaintiff*
*DivX, LLC*

JOINT STATUS REPORT         7         CASE NO. 2:19-CV-1602 GW (DFMX)

## **ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that concurrence in the filing of this document has been obtained from Mary (Mindy) V. Sooter, counsel of record for Defendant.

Date: April 29, 2024

                                             /s/ *Azra M. Hadzimehmedovic*
                                             Azra M. Hadzimehmedovic