1  Mary (Mindy) V. Sooter (*pro hac vice*)
2  Mindy.Sooter@wilmerhale.com
   WILMER CUTLER PICKERING
3   HALE AND DORR LLP
4  1225 Seventeenth St., Suite 2600
   Denver, CO 80202
5  Telephone: (720) 274-3164
6  Facsimile: (720) 274-3133

7  Joseph Taylor Gooch (SBN 294282)
8  Taylor.Gooch@wilmerhale.com
   WILMER CUTLER PICKERING
9   HALE AND DORR LLP
10 50 California Street, Suite 3600
   San Francisco, CA  94111
11 Telephone:  (628) 235-1000
12 Facsimile:   (628) 235-1001

13 *Attorneys for Defendant and*
14 *Counterclaimant Netflix, Inc.*

15 Additional counsel on signature page

16
17      **IN THE UNITED STATES DISTRICT COURT**
        **FOR THE CENTRAL DISTRICT OF CALIFORNIA**
18

| | |
|---|---|
| 19  DIVX, LLC, a Delaware limited liability company, | Case No. 2:19-cv-1602-GW-AGRx |
| 20 | |
| 21                          Plaintiff and Counterclaim-Defendant, | **DEFENDANT NETFLIX, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS** |
| 22 | |
| 23                          v. | |
| 24  NETFLIX, INC., a Delaware corporation, | Judge: Hon. George H. Wu |
| 25 | Date: July 24, 2025 |
| 26                          Defendant and Counterclaimant. | Time: 8:30 am |
| 27 | Courtroom: 9D |
| 28 | |

# **TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................. 3

II.     RELEVANT FACTS ............................................................................ 4

III.    LEGAL STANDARD ........................................................................... 7

IV.     LEAVE TO SUPPLEMENT SHOULD BE GRANTED ................................. 9

        a.      Netflix Was Diligent In Discovering The Basis For Its
                Amendments ........................................................................... 9

        b.      Netflix Was Diligent In Seeking Leave to Amend Its Contentions ..... 11

        c.      DivX Will Not Suffer Prejudice By Allowing Netflix to
                Supplement Its Invalidity Contentions .................................. 12

V.      CONCLUSION .................................................................................. 13

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Dobeck v. Cobra Eng'g, Inc.*,
    2017 WL 8186769 (C.D. Cal. Apr. 12, 2017) (Selna, J.)....................................8

*Elec. Scripting Prods., Inc. v. HTC Am. Inc.*,
    2021 WL 2530210 (N.D. Cal. June 21, 2021) ....................................................12

*Illumina Inc. v. BGI Genomics Co.*,
    2021 WL 1022865 (N.D. Cal. Mar. 17, 2021) ...............................................8, 13

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    2016 WL 2855260 (N.D. Cal. May 12, 2016) ....................................................11

*Netflix, Inc. v. Rovi Corp.*,
    2015 WL 3504969 (N.D. Cal. June 2, 2015) ...............................................8, 10

*Network Appliance Inc. v. Sun Microsystems Inc.*,
    2009 WL 2761924 (N.D. Cal. Aug. 31, 2009)...........................................8, 9, 11

*Radware Ltd. v. F5 Networks, Inc.*,
    2014 WL 3728482 (N.D. Cal. July 28, 2014) .............................................10, 11

*Sun Microsystems Inc. v. Network Appliance, Inc.*,
    No. 3:07-cv-05488 ...............................................................................................9

*Synchronoss Techs., Inc. v. Dropbox Inc.*,
    2018 WL 5619743 (N.D. Cal. Oct. 29, 2018) ...........................................8, 9, 12

*Synopsys Inc v. Mentor Graphics Corp*,
    2014 WL 1477917 (N.D. Cal. Apr. 14, 2014)......................................................7

*Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*,
    2014 WL 5499511 (N.D. Cal. Oct. 30, 2014) ......................................................8

*THX, Ltd. v. Apple Inc.*,
    2016 WL 1718137 (N.D. Cal. Apr. 29, 2016)...................................................8, 9

*Vasudevan Software, Inc. v. Int'l Bus. Machs. Corp.*,
    2011 WL 940263 (N.D. Cal. Feb. 18, 2011)......................................................11

**Other Authorities**

L.R. 3-6 ............................................................................................................. 1, 3, 4, 7

L.R. 7-3 ............................................................................................................... 1, 15

L.R. 11-6.1 ............................................................................................................... 15

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on July 24, 2025 at 8:30am, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable George H. Wu located in Courtroom 9D at the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Defendant Netflix, Inc. ("Netflix") will and hereby does move the Court to allow it to supplement its invalidity contentions.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 30, 2025.

This Motion is supported by the attached Memorandum of Points and Authorities, the Declaration of Kate Saxton and attached exhibits, the pleadings and papers filed herein, and any arguments presented at the time of the hearing on this Motion.

## STATEMENT OF RELIEF REQUESTED

Pursuant to Patent L.R. 3-6, Netflix seeks an order granting it leave to supplement its invalidity contentions.[1]

DATED: June 20, 2025

Respectfully submitted,

By: *Kate Saxton*

| | |
|---|---|
| Kate Saxton (*pro hac vice*) | Michael S. Kwun (SBN 198945) |
| Kate.Saxton@wilmerhale.com | mkwun@kblfirm.com |
| WILMER CUTLER PICKERING | Kate E. Lazarus (SBN 268242) |
| HALE AND DORR LLP | klazarus@kblfirm.com |
| 60 State Street | KWUN BHANSALI LAZARUS LLP |
| Boston, MA 02109 | 555 Montgomery Street, Suite 750 |
| Telephone: (617) 526-6253 | San Francisco, CA 94111 |
| Facsimile: (617) 526-5000 | Tel:  (415) 630-2350 |

---

[1] The parties have agreed to adopt N.D. Cal Patent Local Rule 3-6.

Joseph Taylor Gooch (SBN 294282)
Taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Christopher T. Casamassima (SBN
211280)
Chris.Casamassima@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5309
Facsimile: (213) 443-5400

*Attorneys for Defendant and
Counterclaimant Netflix, Inc.*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Pursuant to Patent Local Rule 3-6, Netflix requests leave to supplement its contentions regarding the invalidity of U.S. Patent No. 10,225,588 ("the '588 patent") to disclose supplemental invalidity positions based on source code produced by third party Apple on March 18, 2025.

The facts plainly support amendment of the invalidity contentions. **First**, Netflix has diligently pursued its subpoena to Apple. Netflix, through its counsel Kwun Bhansali Lazarus LLP, worked diligently with Apple, including repeated emails and meet and confers to confirm the scope of documents Apple would be producing. During that time, Netflix and Apple agreed to extensions of time to allow Apple to object and respond to the subpoena and then find responsive source code and revive it from storage[2] from over fifteen years ago. Netflix was diligent in analyzing the source code produced by Apple.

**Second**, Netflix was diligent in amending its invalidity contentions for the '588 patent once its review of the Apple code revealed that such amendment was warranted. The amendment process could only begin once Netflix had sufficiently analyzed the code to cite file names and line numbers where appropriate, as well as request the corresponding source code print outs. In an effort to provide DivX with notice as soon as possible, Netflix provided supplemental contentions with file names and line numbers as soon as those print outs were requested—even before Netflix was able to obtain the printouts—and nearly a month before the close of fact discovery. Netflix received Apple's source code print outs on May 29, 2025 and updated its

_____

[2] In Netflix's own experience, reviving archived source code, especially when over a decade old, is an incredibly burdensome and time-consuming task that does not negate diligence. *See* Tentative Ruling on Netflix's Motion For Leave to Supplement Invalidity Contentions, Dkt. 309 at 6.

supplements to include citations to the Bates numbers of the printouts on June 13, 2025.

*Finally*, DivX cannot plausibly claim prejudice by the amendment. At the time Netflix served its amended contentions on DivX, there was still plenty of time in the fact discovery period for DivX to respond to those amendments. Indeed, depositions had not even begun when the amendments were served, and the deposition of Apple regarding its source code has not yet occurred. DivX also could have reviewed the produced Apple code itself—it did not. And regardless, the Apple prior art product that is the subject of the amendment was disclosed in Netflix's first invalidity contentions, which were served in April 2020—five years before this amendment. Moreover, expert discovery has not yet started. Opening expert reports are due on July 11, 2025, and any rebuttal report from DivX concerning invalidity (including any arguments regarding Apple's prior art product) is not due until August 8, 2025. Dkt. 317 at 1.

The standard for amendment under Patent Local Rule 3-6 is therefore easily met. As Netflix was diligent in its amendment and there is no prejudice to DivX, the Court should grant Netflix leave to amend the invalidity contentions for the '588 patent.

## II.    RELEVANT FACTS

### Netflix's Diligence in Seeking Apple Code

Netflix first served a subpoena for documents on Apple requesting information and source code relating to Apple's HTTP Live Streaming ("HLS") on April 28, 2020, weeks before the stay was entered in the case. Declaration of Kate Saxton ¶4 ("Saxton Decl."). The stay was granted because the United States Patent and Trademark Office instituted multiple petitions for *Inter Partes Review* of the patents asserted in this case, including one on the '588 Patent. *Id*. The Court lifted the stay on May 1, 2024, and based on the schedule set by the Court, Netflix supplemented its invalidity contentions

on July 9, 2024 to take into account the results of the Patent Office proceedings.  *Id.* ¶5.

Netflix was diligent in prosecuting its subpoena to Apple, with the length of time it took to obtain the relevant source code being attributable to Netflix's difficulty in finding counsel capable of being adverse to Apple and to the difficulty of reviving very old source code from storage, a significant burden for a non-party.  For example, shortly after the Court lifted the stay, Netflix believed it had identified suitable conflicts counsel; however, on August 16, 2024 the previously secured conflicts counsel informed Netflix that they could no longer represent Netflix because they were unable to be adverse to Apple.  Saxton Decl. ¶6.  Netflix was eventually able to retain new conflicts counsel at Kwun, Bhansali, Lazarus LLP ("KBL") on November 8, 2024.  *Id.* ¶7.

Once Netflix was able to retain suitable conflicts counsel, it worked with Apple to identify the code of interest, through frequent email correspondence and meet and confers from late 2024 through early 2025.  Declaration of Kate Lazarus ¶5 ("Lazarus Decl.").  Throughout these communications, WSC emphasized that the source code Netflix was requesting was very old and would take time to find and retrieve.  *Id.*

### *Netflix's Diligence In Reviewing the Code*

On February 5, 2025, following additional meet and confers about the scope of Netflix's requests, KBL and WSC met again, and Apple agreed to produce source code.  Lazarus Decl. ¶6.  Apple was able to locate and retrieve the old, archived code and make it available in approximately six weeks.  *Id.* ¶¶6-7.  In the interim, KBL held another meet and confer and was in correspondence via email with WSC, diligently working with Apple to obtain the identified source code and get it loaded

onto a secure machine to allow for Netflix's review.[3]  *Id*.  Apple made the identified portion of the requested source code available for Netflix's expert to review on March 18, 2025.  *Id*. ¶7.  The next day, Netflix's expert began reviewing the Apple source code, and reviewed the code five times between March 19, 2025 and April 11, 2025.  Saxton Decl. ¶8.  Despite his full-time job as a professor of computer science at Harvey Mudd University, Netflix's expert began his review promptly and continued reviewing consistently throughout the following month.

During that time, Netflix diligently pursued more code, specifically related to the QuickTime File Format, which Netflix believes to be relevant to the '588 patent and others asserted in this case.  *Id*. ¶10.  During this time, KBL held two additional meet and confers and sent at least eight emails to WSC requesting the remainder of Apple's code.  Lazarus Decl. ¶8.  Despite Apple's further search efforts, Apple has been unable to produce any more source code in response to Netflix's subpoena, so Netflix went ahead with diligently noticing these Amended Invalidity Contentions.  Saxton Decl. ¶10.

***Netflix's Diligence in Amending Its Invalidity Contentions Upon Review of Apple's Source Code***

Netflix's source code expert worked diligently to analyze the source code at the offices of WSC to determine if its invalidity contentions warranted amendment.  Despite the complexity of this task, Netflix's source code expert was able to review the provided code with respect to several of the asserted patents over the course of approximately four weeks.  Saxton Decl. ¶8.  Netflix's source code expert also

_____

[3] Under the controlling protective order, source code is not produced like any other document.  Dkt. 100 at 15.  Instead, it is to be made available for in person review during normal business hours at the offices of counsel for the producing party (here, third party, Apple).  *Id*.  Further, only experts skilled in reading source code can adequately review and analyze the code to understand how the prior art maps onto the claims.

discovered that the provided code lacked source code specific to the QuickTime File Format, which Netflix believes to be relevant to the invalidity of several of the asserted patents. *Id.* ¶10. Netflix promptly requested the additional code, and simultaneously began working to amend its invalidity contentions based on its expert's analysis while awaiting further production from Apple. Since Apple had been unable to locate the requested QuickTime code, Netflix chose to amend its invalidity contentions, specifically with respect to the previously charted HTTP Live Streaming system for the '588 patent, with citations to the portions of code Apple produced in March. Netflix's expert further reviewed that Apple code on May 13 and 16, 2025, so that Netflix could finalize its amended invalidity contentions and request needed print outs of the cited code. *Id.* ¶11. Netflix then served its proposed amendments to DivX on May 19, 2025—only three days after its final day reviewing the code and requesting printouts.[4] *Id.*; *see also* Exhibit 2.

Netflix and DivX then met and conferred on the proposed amendment on May 30, 2025. Saxton Decl. ¶12; *see also* Exhibit 2. Once Netflix learned that DivX would oppose Netflix's amendment, Netflix filed this Motion two weeks after DivX provided notice that it would oppose. *See id.*

## III.    LEGAL STANDARD

Patent Local Rule 3-6 provides that a party may amend its invalidity contentions "by order of the Court upon a timely showing of good cause." N.D. Cal Patent L.R. 3-6. Good cause for amending invalidity contentions includes "recent discovery of material, prior art despite earlier diligent search." *Id.*; *see also Synopsys Inc v. Mentor Graphics Corp*, 2014 WL 1477917, at *2 (N.D. Cal. Apr. 14, 2014) ("the Patent Local Rules specifically acknowledge the possibility that a party may

---

[4] Netflix provided an update to its supplement on June 13, 2025, including the Source Code Bates Numbers for each cited portion of code. *See* Exhibit 2.

need to supplement invalidity contentions with information found during discovery"); *Netflix, Inc. v. Rovi Corp.*, 2015 WL 3504969, at *2 (N.D. Cal. June 2, 2015) (same).

When assessing whether good cause for amendment exists, the Court generally considers (1) whether the moving party was diligent in amending its contentions and (2) whether the non-moving party will suffer prejudice. *See Dobeck v. Cobra Eng'g, Inc.*, 2017 WL 8186769, at *1 (C.D. Cal. Apr. 12, 2017) (Selna, J.).

In assessing diligence, courts assess the "(1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Synchronoss Techs., Inc. v. Dropbox Inc.*, 2018 WL 5619743, at *3 (N.D. Cal. Oct. 29, 2018) (internal quotations and citation omitted). It is not always necessary for a party to describe their search process in detail to establish diligence, nor does good cause require perfect diligence. *See Illumina Inc. v. BGI Genomics Co.*, 2021 WL 1022865, at *3 (N.D. Cal. Mar. 17, 2021); *THX, Ltd. v. Apple Inc.*, 2016 WL 1718137, at *2 (N.D. Cal. Apr. 29, 2016) ("[w]hile [Defendant] theoretically could have brought its Motion to Amend sooner, good cause does not require perfect diligence") (internal citations omitted). "The Patent Local Rules were designed to prevent the parties from shifting their theories in reaction to adverse substantive rulings." *Tech. Licensing Corp. v. Blackmagic Design Pty Ltd.*, 2014 WL 5499511, at *3 (N.D. Cal. Oct. 30, 2014) (citing *Yodlee, Inc. v. CashEdge, Inc.*, 2007 WL 1454259, at *2 (N.D. Cal. May 17, 2007)). As such, courts applying these rules have allowed amendments if a movant is merely seeking to add source code documentation to a prior art system it already identified in previous invalidity contentions, even if "fact discovery is near completion, and expert reports are to be exchanged shortly." *Network Appliance Inc. v. Sun Microsystems Inc.*, 2009 WL 2761924, at *3–4 (N.D. Cal. Aug. 31, 2009). For example, in *Network Appliance*, the court found diligence because the movant "sought the source code, which was not publicly available, before the close of fact discovery, subsequently met and conferred [with the source code producing party], received the specific location of the code [on

May 12, 2009], and then expeditiously inspected and analyzed the source code" over the course of approximately two months, finishing its code review by July 3, 2009 and filing its motion to amend its contentions on July 16, 2009.  *Id.* at *3–4; *see also Sun Microsystems Inc. v. Network Appliance, Inc.*, No. 3:07-cv-05488, at Dkt. 175 (N.D. Cal. July 16, 2009) (movant's motion for leave to amend invalidity contentions dated July 16, 2009).

Similarly, courts have found there would be no prejudice to the non-movant if the proposed amendments are "limited in that they only add support and source code documentation to the prior art systems" the movant already disclosed in previous invalidity contentions.  *Synchronoss Techs., Inc.*, 2018 WL 5619743, at *6.  In *Synchronoss Techs.*, the court allowed the movant to add source code documentation to a prior art system included in a previous invalidity contention—even after the end of fact discovery and just weeks away from initial expert disclosures.  *Id.*  The court came to this conclusion because responsive invalidity expert reports were not due for almost two months following the notice, which gave the non-movant plenty of time for its experts to review the supplemental source code.  *Id.*  As a result, the court found no prejudice because the non-movant had already "been put on notice" of the relevant prior art systems.  *Id.*

## IV.    LEAVE TO SUPPLEMENT SHOULD BE GRANTED

### a.    Netflix Was Diligent In Discovering The Basis For Its Amendments

Netflix was diligent in discovering the basis for its amendments because that basis became clear only after expert analysis of the source code Apple produced in response to a third-party subpoena.  *See THX, Ltd.*, 2016 WL 1718137, at *2. Additionally, like the movant in *Network Appliance*, Netflix diligently sought the non-public source code before the end of fact discovery and met and conferred with the producing party to obtain that code.  2009 WL 2761924, at *3–4.

Netflix's supplement responds to new evidence discovered after reviewing productions of source code by third-party Apple, which Apple had to identify and

recover from its archives.  Over that time, the parties met and conferred eight times and were in consistent correspondence via email following up on the code identification, collection, and production process, to ensure that Apple was searching for the code that Netflix sought.  Apple was able to identify and produce a subset of the requested source code on March 18, 2025.  The Court has already recognized in this case that a similar amount of time to locate and obtain Netflix's own prior art source code from archived storage constituted diligence when it granted Netflix's Motion to serve Third Supplemental Invalidity Contentions.  Tentative Ruling on Netflix's Motion For Leave to Supplement Invalidity Contentions, Dkt. 309 at 6.  Netflix's source code expert began reviewing Apple's code the day after Apple produced it and reviewed the code five times in less than four weeks on top of his full-time commitments as a professor at Harvey Mudd.  Saxton Decl. ¶ 8.

Netflix only could have known that the Apple source code provided additional evidence of its already disclosed prior art *after* a review of the code, which is reason enough to allow it to amend its contentions to disclose materials discovered by its source code review.  *See, e.g.*, *Radware Ltd. v. F5 Networks, Inc.*, 2014 WL 3728482, at *2, 4 (N.D. Cal. July 28, 2014) ("[T]he expectation that a [party] would have a precise sense of its [invalidity] theory at the outset is unrealistic ... [where] the [party] may not have been able to get access to the necessary information because it is hidden from view (for example, source code).") (internal quotations and citation omitted).  Additionally, technical difficulties in finding and reactivating old source code from archived storage can be a basis for amendment and does not negate diligence.  *See, e.g.*, *Netflix, Inc.*, 2015 WL 3504969, at *4 ("Netflix has provided a detailed account of its difficulties in finding evidence that illustrates how a currently-active website functioned a decade ago."); *see also* Tentative Ruling on Netflix's Motion For Leave to Supplement Invalidity Contentions, Dkt. 309 at 6 (finding that "technical challenges can provide an appropriate basis for amendment") (citing *Netflix, Inc.*, 2015 WL 3504969, at *4).  Moreover, Netflix was diligent in discovering the basis

1  for amendment, and the time required to obtain the decades old source code from

2  storage was understandable.  *See Network Appliance Inc.*, 2009 WL 2761924, at *3–

3  4 ("Because Sun sought the source code, which was not publicly available, before the

4  close of fact discovery, subsequently met and conferred, received the specific location

5  of the code in May, and then expeditiously inspected and analyzed the source code,

6  Sun was diligent.").

7        **b.    Netflix Was Diligent In Seeking Leave to Amend Its Contentions**

8        Netflix further demonstrated diligence by promptly moving to amend its

9  infringement contentions one month after noticing its intention to amend.

10        Netflix obtained access to a portion of the Apple source code it requested on

11  March 18, 2025.  While Netflix's expert was reviewing the code, Netflix continued

12  to inquire with Apple about additional code.  But Apple was unable to provide any

13  further code from archived storage, and as a result, Netflix completed its code review

14  by May 16, 2025 to supplement its contentions with the code it had.   Netflix

15  immediately drafted amendments to its contentions and invalidity charts, and on May

16  19, 2025—just three days following its last day of code review—Netflix provided

17  notice to DivX.  Netflix's expeditious investigation and analysis of the source code

18  and subsequent amendment of its invalidity contentions were a model of diligence,

19  especially as courts routinely find that time periods of three months, or even longer,

20  can be reasonable for seeking to amend contentions under the local patent rules.  *See,*

21  *e.g.*, *Karl Storz Endoscopy-Am.*, *Inc. v. Stryker Corp*., 2016 WL 2855260, at *4–6

22  (N.D. Cal. May 12, 2016) (finding four-plus months diligent); *Radware Ltd.*, 2014

23  WL 3728482, at *2 (finding three months diligent); *Vasudevan Software, Inc. v. Int'l*

24  *Bus. Machs. Corp.*, 2011 WL 940263, at *3–4 (N.D. Cal. Feb. 18, 2011) (finding four

25  months diligent).  Netflix, like the movant in *Network Appliance* who also sought to

26  add source code documentation to a previously disclosed prior art system, analyzed

27  the source code in a period of about two months and then supplemented its contentions

28  and filed its motion just one month later.  2009 WL 2761924, at *4.

### c.    DivX Will Not Suffer Prejudice By Allowing Netflix to Supplement Its Invalidity Contentions

Allowing Netflix to supplement its invalidity contentions will not cause undue prejudice to DivX. "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Synchronoss Techs., Inc.*, 2018 WL 5619743, at *5 (quotations and citations omitted). Similar to the court's reasoning in *Synchronoss Techs., Inc.*, Netflix's supplementation of its invalidity contentions would not pose any disruption to the parties' case schedule or other court orders because Netflix is merely adding source code documentation to a prior art system it previously identified. *Id.* at *6.

Netflix served its Fifth Supplemental Invalidity Contentions to DivX nearly one month before the close of fact discovery. Saxton Decl. ¶11. Even though fact discovery closed on June 13, 2025, expert discovery has not yet begun. As a result, DivX cannot claim prejudice regarding a prior art system of which it has been on notice for five years. *See Synchronoss Techs., Inc.*, 2018 WL 5619743, at *6. DivX will not be prejudiced by Netflix's proposed amendment because (1) DivX's responsive invalidity expert reports are not due for nearly two months from the date of this Motion, and nearly three months from the date of Netflix providing notice; and (2) Netflix's amendment "only add[s] support and source code documentation to the prior art system[] of [Apple HLS] that [DivX] would have to address in any regard." *Id.*

Moreover, the relevance of the Apple HLS product has never been a secret to DivX. Netflix first subpoenaed Apple for documents relating to the product on April 28, 2020. Saxton Decl. ¶4. And the Apple HLS product, albeit without source code citations, was disclosed and charted in Netflix's initial invalidity contentions, served on April 2, 2020. *Id.* Therefore, DivX has been on notice of the HLS product's potential importance to the case for over five years and cannot now claim to be prejudiced by the amendment. *See, e.g.*, *Elec. Scripting Prods., Inc. v. HTC Am. Inc.*,

NETFLIX NOTICE OF MOTION AND MOTION FOR LEAVE TO SUPPLEMENT INVALIDITY CONTENTIONS

2021 WL 2530210, at *3 (N.D. Cal. June 21, 2021) (no prejudice when "Plaintiff already knew of the facts and legal theory underlying Defendant's proposed amendment to its invalidity contentions" prior to amendment). Additionally, DivX has been aware of the Apple source code since it was notified of the production on March 18, 2025. Saxton Decl. ¶8. Yet DivX chose not to review that source code despite being aware of Netflix's theories relating to the Apple HLS product prior art. DivX cannot manufacture its own prejudice by sticking its head in the sand. *Illumina Inc.*, 2021 WL 1022865, at *5 (No prejudice when plaintiff has "had some opportunity to conduct relevant fact discovery on" the issue raised by the proposed supplement).

## V.    CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the Court grant leave for Netflix to supplement its invalidity contentions regarding the '588 patent in the manner described above.

1    DATED: June 20, 2025

2
     Respectfully submitted,
3

4    By: *Kate Saxton*
     Kate Saxton (*pro hac vice*)              Michael S. Kwun (SBN 198945)
5    Kate.Saxton@wilmerhale.com                mkwun@kblfirm.com
                                                Kate E. Lazarus (SBN 268242)
6    WILMER CUTLER PICKERING                   klazarus@kblfirm.com
       HALE AND DORR LLP                        KWUN BHANSALI LAZARUS LLP
7    60 State Street                            555 Montgomery Street, Suite 750
8    Boston, MA 02109                           San Francisco, CA 94111
     Telephone: (617) 526-6253                  Tel:  (415) 630-2350
9    Facsimile: (617) 526-5000

10
     Joseph Taylor Gooch (SBN 294282)          Christopher T. Casamassima (SBN
11   Taylor.gooch@wilmerhale.com               211280)
12   WILMER CUTLER PICKERING                   Chris.Casamassima@wilmerhale.com
       HALE AND DORR LLP                        WILMER CUTLER PICKERING
13   50 California Street, Suite 3600            HALE AND DORR LLP
14   San Francisco, CA 94111                    350 South Grand Avenue, Suite 2400
     Telephone: (628) 235-1000                  Los Angeles, CA 90071
15   Facsimile: (628) 235-1001                  Telephone: (213) 443-5309
                                                Facsimile: (213) 443-5400
16
     Mary (Mindy) V. Sooter (*pro hac vice*)
17   Mindy.Sooter@wilmerhale.com
18   WILMER CUTLER PICKERING
       HALE AND DORR LLP
19   1225 Seventeenth St., Suite 2600
20   Denver, CO 80202
     Telephone: (720) 274-3164
21   Facsimile: (720) 274-3133

22
                        *Attorneys for Defendant and*
23                     *Counterclaimant Netflix, Inc.*

24

25

26

27

28

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Netflix, Inc., certifies that this Brief contains 3,481 words, which complies with the word limit of L.R. 11-6.1.   This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on May 30, 2025.

DATED: June 20, 2025

By: */s/ Kate Saxton*
Kate Saxton (*pro hac vice*)
Kate.Saxton@wilmerhale.com

1

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on June 20, 2025, a copy of the foregoing document—Defendant Netflix's Notice Of Motion And Motion For Leave To Supplement Invalidity Contentions—was served on counsel of record for Plaintiff DivX, LLC, via email:

David M. Stein, dstein@olsonstein.com

David C. McPhie, dmcphie@irell.com

Jason G. Sheasby, jsheasby@irell.com

Lisa Sharrock Glasser, lglasser@irell.com

Emily Tremblay, ETremblay@robinskaplan.com

Aaron R. Fahrenkrog, afahrenkrog@robinskaplan.com

Kia Schmeckpeper, kschmeckpeper@robinskaplan.com

divx-netflix@irell.com

rkdivx@robinskaplan.com


_/s/ Kate Saxton_____

Kate Saxton