Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

*Attorneys for Defendant and*
*Counterclaimant Netflix, Inc.*

Additional counsel on signature page

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company, | Case No. 2:19-cv-1602-GW-AGRx |
| Plaintiff and Counterclaim-Defendant, | **DEFENDANT NETFLIX, INC.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND ITS ANSWER** |
| v. | |
| NETFLIX, INC., a Delaware corporation, | Judge: Hon. George H. Wu Date: August 4, 2025 Time: 8:30am Courtroom: 9D |
| Defendant and Counterclaimant. | |

Case No. 2:19-cv-1602-GW-AGRx

## NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that on August 4, 2025, or as soon thereafter as counsel may be heard, in the courtroom of the Honorable George H. Wu located in Courtroom 9D at the United States Courthouse, 350 West 1st Street, Los Angeles, CA, 90012, Defendant Netflix, Inc. ("Netflix") will and hereby does move the Court for leave to amend its Answer.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on June 23, 2025.

This motion is supported by the attached Memorandum of Points and Authorities, the Declaration of Jeffrey A. Dennhardt, the pleadings and papers filed herein, and any arguments presented at the time of the hearing on this motion.

## STATEMENT OF RELIEF REQUESTED

Netflix seeks an order granting it leave to amend its Answer.

DATED: July 3, 2025                Respectfully submitted,

By: */s/ Arthur W. Coviello*
Arthur W. Coviello (SBN 291226)
Arthur.Coviello@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6069
Facsimile: (650) 858-6100

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202

Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Christopher T. Casamassima (SBN 211280)
Chris.Casamassima@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5309
Facsimile: (213) 443-5400

*Attorneys for Defendant and
Counterclaimant Netflix, Inc*

# <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ................................................................................................. 1

II.  RELEVANT FACTS ........................................................................................... 2

    A.   Netflix Raised Its Patent Exhaustion Defense More than a Year
before the Close of Fact Discovery ........................................................... 3

    B.   Netflix Raised Its Ensnarement Defense More than a Year before
the Close of Fact Discovery ...................................................................... 5

III. LEGAL STANDARD .......................................................................................... 7

IV.  LEAVE TO AMEND SHOULD BE GRANTED ............................................. 8

    A.   Netflix's Proposed Amendment Will Not Prejudice DivX ..................... 8

        1.   There Is No Prejudice Because Netflix Disclosed Its
Exhaustion and Ensnarement Defenses Early in Discovery ........ 9

        2.   DivX Possesses All Of The Information It Needs to
Respond to Netflix's Patent Exhaustion and Ensnarement
Defenses ...................................................................................... 12

    B.   Netflix's Proposed Amendments Are Not Futile .................................. 13

        1.   Netflix's Patent Exhaustion Defense Is Not Futile .................... 13

        2.   Netflix's Ensnarement Defense Is Not Futile ............................ 16

    C.   Netflix Has Not Acted in Bad Faith or with Dilatory Motive .............. 17

    D.   Netflix's Proposed Amendment Will Not Cause Undue Delay ........... 18

    E.   Netflix Has Not Previously Filed An Amended Answer ...................... 19

V.   CONCLUSION ................................................................................................. 19

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..................................................................... 13

*Camarillo v. McCarthy*,
   998 F.2d 638 (9th Cir. 1993) ........................................................ 8

*Control Laser Corp. v. Smith*,
   705 F. Supp. 3d 1006 (N.D. Cal. 2023) ........................................ 8

*Deckers Outdoor Corp. v. JustFab Inc.*,
   2016 WL 7469584 (C.D. Cal. Feb. 9, 2016) ............................. 9, 11

*DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*,
   567 F.3d 1314 (Fed. Cir. 2009) .................................................... 6

*Eminence Capital, LLC v. Aspeon, Inc.*,
   316 F.3d 1048 (9th Cir. 2003) .............................................. 2, 7, 8

*Finjan, Inc. v. Qualys Inc.*,
   2020 WL 1865264 (N.D. Cal. Apr. 13, 2020) ............................. 16

*Foman v. Davis*,
   371 U.S. 178 (1962) ...................................................................... 8

*G. David Jang, M.D. v. Bos. Sci. Corp.*,
   2015 WL 5822585 (C.D. Cal. Sept. 29, 2015) ................. 1, 12, 17, 18

*Han v. Mobil Oil Corp.*,
   73 F.3d 872 (9th Cir. 1995) ........................................................ 12

*Impression Prod., Inc. v. Lexmark Int'l, Inc.*,
   581 U.S. 360 (2017) .......................................................... 13, 14, 16

*IXYS Corp. v. Advanced Power Tech., Inc.*,
   2004 WL 135861 (N.D. Cal. Jan. 22, 2004) ............................... 18

*Jackson v. Bank of Hawaii*,
   902 F.2d 1385 (9th Cir. 1990) .................................................... 13

NETFLIX NOTICE OF MOTION AND MOTION
FOR LEAVE TO AMEND ANSWER

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
  2013 WL 11237203 (C.D. Cal. May 6, 2013) ...................................................... 16

*Kaneka Corp. v. SKC Kolon PI, Inc.*,
  2015 WL 12697646 (C.D. Cal. Apr. 10, 2015)
  ................................................................................................................... 14, 15

*Magana v. Com. of the N. Mariana Islands*,
  107 F.3d 1436 (9th Cir. 1997) ........................................................................... 12

*Meridian Rapid Def. Grp. LLC v. Delta Sci. Corp.*,
  2024 WL 5411398 (C.D. Cal. Mar. 1, 2024) ........................................ 2, 7, 8, 18

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988) ............................................................................. 13

*NexStep, Inc. v. Comcast Cable Commc'ns, LLC*,
  119 F.4th 1355 (Fed. Cir. 2024) .......................................................................... 5

*O'Shea v. Epson Am., Inc.*,
  2010 WL 4025627 (C.D. Cal. Oct. 12, 2010) ..................................................... 17

*Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*,
  2021 WL 4776361 (C.D. Cal. Aug. 23, 2021) .................................................... 19

*Quanta Computer, Inc. v. LG Elecs., Inc.*,
  553 U.S. 617 (2008) ........................................................................................... 13

*Sierra Club v. Union Oil Co. of Cal.*,
  813 F.2d 1480 (9th Cir. 1987) .............................................................................. 9

*Sorosky v. Burroughs Corp.*,
  826 F.2d 794 (9th Cir. 1987) ............................................................................. 17

*Streamfeeder, LLC v. Sure-Feed Sys., Inc.*,
  175 F.3d 974 (Fed. Cir. 1999) ........................................................................... 16

*Tessera, Inc. v. Int'l Trade Comm'n*,
  646 F. 3d 1357 (Fed. Cir. 2011) ........................................................................ 14

*U.S. Philips Corp. v. Infodisc Tech. USA, Inc.*,
  2005 WL 6141291 (C.D. Cal. June 28, 2005) ............................................*passim*

*VLSI Tech. LLC v. Intel Corp.*,
    2024 WL 664804 (N.D. Cal. Feb. 16, 2024) ........................................................ 11

*Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*,
    520 U.S. 17 (1997) ...................................................................................................... 5

*U.S. v. Webb*,
    655 F.2d 977 (9th Cir. 1981) ............................................................................... 7, 18

**Statutes**

35 U.S.C. § 154(a) ................................................................................................... 13

**Other Authorities**

61B Am. Jur. 2d Pleading § 724 .............................................................................. 9

Federal Rule of Civil Procedure 15 ........................................................... 1, 2, 7, 8, 17

## I.    INTRODUCTION

Defendant Netflix, Inc. ("Netflix") respectfully moves the Court for leave to amend its Answer.  This proposed amendment would add two affirmative defenses: patent exhaustion and ensnarement, which Netflix has disclosed to DivX at least as early as June 21, 2024 and July 9, 2024, respectively.

As both this Court and the Ninth Circuit have repeatedly held, a defendant can raise an affirmative defense, even at summary judgment, "so long as the delay did not prejudice the plaintiff." *See, e.g.*, *U.S. Philips Corp. v. Infodisc Tech. USA, Inc.*, 2005 WL 6141291, at *5 (C.D. Cal. June 28, 2005) ("*Philips*") (allowing amendment to defendant's answer to add affirmative defense where defendant had raised the defense in its interrogatory responses); *see also G. David Jang, M.D. v. Bos. Sci. Corp.*, 2015 WL 5822585, at *2 (C.D. Cal. Sept. 29, 2015), *aff'd*, 872 F.3d 1275 (Fed. Cir. 2017) (holding that the defense of "[e]nsnarement can be raised after a court has heard summary judgment motions").  Here, just like in *Philips* and *Jang*, there is no prejudice to DivX from Netflix's proposed amendment: DivX has been on notice of Netflix's patent exhaustion and ensnarement defenses for over eleven months, trial is still five months away, and any information DivX needs to respond to those arguments has long been in DivX's possession.

Netflix thus easily meets the standard for amendment under Federal Rule of Civil Procedure 15:

(1) There is no plausible argument that DivX is prejudiced by Netflix's proposed amendment.  Indeed, Netflix disclosed its patent exhaustion defense as early as June 21, 2024 and provided DivX with a detailed description of the basis for Netflix's patent exhaustion defense since at least October 14, 2024.  Similarly, Netflix disclosed the basis for Netflix's patent ensnarement defense since at least July 9, 2024 and provided supplemental disclosures further detailing its ensnarement defense on May 19, 2025.

(2) Netflix's proposed amendment is not futile because (as summarized below) Netflix has already provided extensive disclosures of both its patent exhaustion and ensnarement defenses in its interrogatory responses, damages contentions, and invalidity contentions.

(3) There is no plausible argument that Netflix acted in bad faith, unduly delayed in raising the defenses in its proposed amendment, or would cause any undue delay in the case schedule by adding these previously disclosed defenses to its Answer.

(4) This is Netflix's first proposed amendment to its Answer, which further weighs in favor of allowing Netflix to amend.

As this Court has noted, under Rule 15(a)(2)'s liberal standard, a court "should freely give leave [to amend] when justice so requires." *Meridian Rapid Def. Grp. LLC v. Delta Sci. Corp.*, 2024 WL 5411398, at *3 (C.D. Cal. Mar. 1, 2024) (explaining that Rule 15(a)(2) policy is to be applied with "extreme liberality" (citing *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)). Here, Netflix's proposed amendment plainly satisfies the Rule 15 standard. Netflix therefore respectfully requests that the Court grant Netflix's motion to amend its Answer to add its previously disclosed affirmative defenses of patent exhaustion and ensnarement.

## II.   RELEVANT FACTS

DivX filed a First Amended Complaint in this case on August 21, 2019, and Netflix filed an Answer to the First Amended Complaint on December 5, 2019. *See* Declaration of Jeffrey A. Dennhardt ("Decl.") ¶4. The case was stayed on May 11, 2020 because the United States Patent and Trademark Office instituted multiple petitions for *Inter Partes Review* of the patents asserted in this case. Decl. ¶5. The stay was lifted on May 1, 2024, and the parties commenced discovery. *Id.*

### A. Netflix Raised Its Patent Exhaustion Defense More than a Year before the Close of Fact Discovery

After Netflix filed its Answer to DivX's Amended Complaint in December 2019 and while the case was stayed, DivX entered into multiple patent license agreements with manufacturers of consumer electronic devices used to stream Netflix, including Element Electronics Holdings, LLC ("Element") (June 2020), Samsung Electronics Co., Ltd. ("Samsung") (July 2021), LG Electronics, Inc. ("LG") (July 2021), Roku, Inc. ("Roku") (November 2021), TCL Technology Group Corporation ("TCL") (April 2022), Funai Corporation, Inc. ("Funai") (August 2022), and VIZIO, Inc. ("Vizio") (August 2023). *See* Decl. ¶6. DivX did not produce these licenses until June 18, 2024. *Id.* Since the stay was lifted, DivX entered into an additional patent license agreement with Hisense Group Holdings Co., Ltd. ("Hisense") (January 2025)—another manufacturer of consumer electronic devices used to stream Netflix. *Id.* Moreover, the prior owners of the Asserted Patents also entered into patent license agreements with multiple manufacturers of consumer electronic devices used to stream Netflix, including Google Inc. ("Google"), Vizio, and Comcast Corporation ("Comcast"). *Id.* Although each of these agreements predate the filing of this lawsuit, DivX did not produce the Google agreement until June 18, 2024 (four years after filing this lawsuit), and did not produce the Vizio and Comcast agreements until June 13, 2025—the last day of fact discovery. *Id.*

On June 21, 2024, shortly after the stay was lifted—and only three days after DivX produced the first set of patent license agreements with device manufacturers that cover the Asserted Patents—Netflix asserted its affirmative defense of patent exhaustion in its First Supplemental Response to DivX's First Set of Interrogatories. *See* Decl. ¶7; *see also* Dennhardt Declaration Exhibit ("Ex.") 3 (Netflix's First Supplemental Response to DivX's First Set of Interrogatories) at 7 ("To the extent Netflix has entered into agreements with such device manufacturers and/or other

entities to which DivX has licensed any Asserted Patent, DivX's claims are barred as a result of the doctrine of exhaustion or implied license.").

On October 14, 2024, Netflix provided a detailed explanation of its patent exhaustion defense in its Responsive Damages Contentions. Ex. 4 (October 14, 2024 Responsive Damages Contentions) at 59–62. Among other things, Netflix explained in its damages contentions that DivX's patent rights in the Asserted Patents were exhausted by numerous patent licenses that DivX (and its predecessors) had granted to manufacturers and sellers of devices used to stream Netflix, including LG, Samsung, TCL, VIZIO, Roku, and Google. Ex. 4 (October 14, 2024 Responsive Damages Contentions) at 60. Netflix explained that, under DivX's infringement allegations (which Netflix disputes), the functionality in these licensed end-user devices would substantially embody DivX's alleged inventions, and thus DivX's alleged asserted patent rights are exhausted to the extent that end users streamed Netflix using those licensed devices. Ex. 4 (October 14, 2024 Responsive Damages Contentions) at 60–62. Netflix's exhaustion defense is premised on patent license agreements DivX entered into while the case was stayed, patent license agreements DivX entered into after the stay was lifted, and patent license agreements that only became apparent are relevant after DivX produced them after the stay was lifted. Netflix also has produced extensive usage data showing the extent to which Netflix users streamed Netflix using devices licensed by DivX. Ex. 5 (June 6, 2025 First Supplemental Responsive Damages Contentions) at 86–90.

On June 6, 2025, Netflix supplemented its damages contentions regarding its defense of patent exhaustion to address additional patent licenses that DivX had produced during fact discovery. Ex. 5 (June 6, 2025 First Supplemental Responsive Damages Contentions) at 86–90. For example, Netflix's supplement included patent exhaustion based on a DivX license of the Asserted Patents to Hisense Group Holdings Co., Ltd. ("Hisense"), a company that sells devices used to stream Netflix

and which include functionality that DivX has accused of infringement in this case. *Id*. Notably, DivX did not produce its patent license agreement with Hisense until May 6, 2025. Decl. ¶8. Accordingly, Netflix supplemented its exhaustion defenses previously disclosed in its contentions to include the Hisense agreement (among others) and provided additional explanation of the scope of patent exhaustion under DivX's amended infringement allegations. *See id.*; *see also* Ex. 5 (June 6, 2025 First Supplemental Responsive Damages Contentions) at 86–90.

In addition, at 6pm Pacific Time on Friday, June 13, 2025, the last day of fact discovery, DivX produced additional licenses that cover the Asserted Patents and that further support Netflix's proposed patent exhaustion defense. Decl. ¶9. For example, DivX produced a 2012 patent license that Rovi (at that time, the owner of the Asserted Patents) granted to Vizio (which makes TVs and other devices used to stream Netflix) and a 2010 license agreement that Rovi granted to Comcast (which also produces licensed devices that are used to stream Netflix). *Id*. These agreements—which DivX produced at the very last moment of fact discovery—give rise to additional patent exhaustion defenses for Netflix and are included in Netflix's proposed Amended Answer. Ex. 1 (Proposed Answer).

**B.    Netflix Raised Its Ensnarement Defense More Than a Year before the Close of Fact Discovery**

The doctrine of equivalents allows a patent owner to argue infringement even where there is no literal infringement. *Warner–Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 40 (1997). Under the doctrine of equivalents, a patent owner must make a particularized showing that a patent requirement that is not found in the accused product is nevertheless met by an "equivalent" structure or method step. *Id*. at 29. Infringement under the doctrine of equivalents must be proven on a claim-element by claim-element basis. *NexStep, Inc. v. Comcast Cable Commc'ns, LLC*, 119 F.4th 1355, 1370 (Fed. Cir. 2024), *cert. denied sub nom. Nexstep, Inc. v. Comcast*

*Cable Commc'ns*, 2025 WL 1678993 (U.S. June 16, 2025).  In its First Amended Complaint, however, DivX did not allege that any particular patent—let alone any particular patent claim or claim element—was infringed under the doctrine of equivalents.  ECF No. 60 (First Amended Complaint).

Ensnarement is a defense to claims of infringement under the doctrine of equivalents.  *DePuy Spine, Inc. v. Medtronic Sofamor Danek, Inc.*, 567 F.3d 1314, 1322 (Fed. Cir. 2009).  Because DivX did not assert doctrine of equivalents for any specific Asserted Patent in its First Amended Complaint, Netflix did not include ensnarement in its list of defenses in its original Answer to the First Amended Complaint.  ECF No. 60 (First Amended Complaint); ECF No. 76 (Answer).

Netflix asserted the affirmative defense of ensnarement in its First Supplemental Invalidity Contentions on July 9, 2024.  *See* Ex. 7 (July 9, 2024 First Supplemental Invalidity Contentions) at 8–9.  Netflix identified the specific prior art patents that it intended to rely on for its ensnarement defense and explained that those prior art patents "alone or in combination with the state of the art and/or any of the other prior art … illustrate that DivX's doctrine of equivalents infringement ensnare prior art."  *Id.* at 9–10.  Netflix reiterated its ensnarement defense in its Third Supplemental Invalidity Contentions, served on March 5, 2025.  Ex. 8 (Netflix's March 5, 2025 Third Supplemental Invalidity Contentions) at 10 ("Netflix reserves the right to rely on any of the patents or publications listed below and throughout this pleading … to show ensnarement").  Netflix added further support for this defense in its May 19, 2025 supplemental responses to DivX's Second Set of Interrogatories. For example, in Netflix's Second Supplemental Response to Interrogatory No. 10, served on May 19, 2025, Netflix explained that "the invocation of doctrine of equivalents is barred because DivX has not borne its burden of proof with respect to prior art references, including but not limited to those references identified in Netflix's Invalidity Contentions … which would render anticipated and/or obvious any

proposed hypothetical claim." Ex. 6 (Netflix's May 19, 2025 Second Supplemental Responses to DivX's Second Set of Interrogatories) at 109–10, 119-20, 138-39, 152–53, 159-60, 162–63, and 168–69. Thus, Netflix has satisfied its initial burden of identifying specific prior art references that are ensnared by DivX's infringement claims under the doctrine of equivalents.

*    *    *

On June 17, 2025, Netflix provided DivX with its draft proposed first Amended Answer to add its patent exhaustion and ensnarement defenses. Ex. 10 (June 17, 2025 email correspondence between Netflix and DivX). The parties met and conferred on June 23, 2025. Decl. ¶11. During the meet and confer, DivX did not identify any specific prejudice that it would suffer from Netflix's proposed amendment, and DivX did not claim that it was unaware of Netflix's previously disclosed patent exhaustion and ensnarement defenses. *Id*. Nevertheless, during the parties' meet and confer, DivX stated it intended to oppose this motion as untimely. *Id*.

Despite DivX's assertion that Netflix's motion to amend is untimely, the Scheduling Order in this case does not provide a deadline to amend the pleadings. ECF No. 317 (Minutes of Feb. 24, 2025 Scheduling Conference). This is Netflix's first motion to amend its Answer in this case. Decl. ¶12.

## III.  LEGAL STANDARD

Rule 15(a) permits a party to seek leave of court to amend its pleadings. Fed. R. Civ. P. 15(a)(2). Courts have full discretion to grant leave to do so "when justice so requires," and are "guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.*; *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). As such, courts apply Rule 15's policy of favoring amendments with "extreme liberality.'" *Meridian*, 2024 WL 5411398, at *3 (quoting *Eminence Capital, LLC*, 316 F.3d at 1051). "However, a district court need not grant such leave where the amendment: (1) prejudices the opposing party; (2) is

sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Meridian*, 2024 WL 5411398, at *3; *see also Eminence Capital, LLC*, 316 F.3d at 1051–52 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962) for the relevant factors). "The Ninth Circuit has observed that, of these factors, prejudice is the 'touchstone' of the inquiry." *Meridian*, 2024 WL 5411398, at *3 (citing *Eminence Capital, LLC*, 316 F.3d at 1052).

"[T]he Ninth Circuit has repeatedly held that, absent some showing of prejudice to the plaintiffs, defendants may raise affirmative defenses for the first time" after the close of fact discovery—including even at the summary judgment stage. *Philips*, 2005 WL 6141291, at *5 (citing *Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) (defendants did not waive an affirmative defense by not raising it before their motion for summary judgment, where there was no prejudice to the plaintiff)).

## IV.   LEAVE TO AMEND SHOULD BE GRANTED

Here, the relevant factors strongly weigh in favor of granting Netflix leave to amend.

### A.   Netflix's Proposed Amendment Will Not Prejudice DivX

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052 (citations omitted); *see also Control Laser Corp. v. Smith*, 705 F. Supp. 3d 1006, 1017 (N.D. Cal. 2023) (granting leave to amend an answer to raise a patent exhaustion affirmative defense after the close of fact discovery where "the delay does not prejudice the plaintiff").

DivX cannot plausibly claim it will be prejudiced by Netflix's amendment to the answer for two primary reasons.  ***First***, Netflix provided notice to DivX of its patent exhaustion and ensnarement defenses over 11 months ago, long before the close of fact discovery on June 13, 2025, and nearly 17 months before the December 2, 2025 trial date in this case (still 5 months away).  ***Second***, all the information DivX

needs to respond to Netflix's ensnarement and exhaustion arguments was either already in DivX's possession or has been produced by Netflix long before the close of fact discovery.

### 1.    There Is No Prejudice Because Netflix Disclosed Its Exhaustion and Ensnarement Defenses Early in Discovery

It is well established that "no serious prejudice" exists when a non-moving party is "on notice of the facts contained in an amendment to a [pleading]." *Deckers Outdoor Corp. v. JustFab Inc.*, 2016 WL 7469584, at *1 (C.D. Cal. Feb. 9, 2016) (citing *Sierra Club v. Union Oil Co. of Cal.*, 813 F.2d 1480, 1493 (9th Cir. 1987), vacated on other grounds by 485 U.S. 931 (1988)); *see also* 61B Am. Jur. 2d Pleading § 724 ("[T]he objecting party's prior knowledge of the evidence objected to is a factor militating against a finding of prejudice").  For example, in *Philips*, the court granted the defendant's motion to amend its answer to include a defense of patent misuse when defendant had detailed that defense in an interrogatory response.  2005 WL 6141291, at *5.  Indeed, the court found that there was no prejudice because the defendant had disclosed its defense in its interrogatory response approximately four months before trial, and the plaintiff therefore "has had more than enough time" to prepare a response.  *Id*.

The same is true here.  DivX cannot show that it would be prejudiced if the Court granted Netflix's leave to amend its Answer, as Netflix already disclosed its patent exhaustion and ensnarement arguments to DivX long before the close of fact discovery and ***more than a year before trial***.  *See Deckers Outdoor Corp.*, 2016 WL 7469584, at *1.

***First***, Netflix first asserted its affirmative defense of patent exhaustion over a year before the close of fact discovery in its June 21, 2024 First Supplemental Response to DivX's First Set of Interrogatories—mere weeks after court lifted the stay in this case and only three days after DivX produced the first set of relevant patent

license agreements.  *See* Decl. ¶7; Ex. 3 (Netflix's June 21, 2024 First Supplemental Response to DivX's First Set of Interrogatories, No. 2) at 7 ("[O]n information and belief, DivX has entered into agreements and/or licenses with at least the following entities: Samsung, TCL, MediaTek, LG, VIZIO, and Roku.  To the extent Netflix has entered into agreements with such device manufacturers and/or any other entities to which DivX has licensed any Asserted Patent, DivX's claims are barred as a result of the doctrine of exhaustion or implied license.").  Netflix provided additional, detailed information regarding the extent to which DivX's infringement claims were barred by the doctrine of patent exhaustion in its October 14, 2024 Responsive Damages Contentions and its June 6, 2025 First Supplemental Responsive Damages Contentions.  *See* Ex. 4 (Netflix's October 14, 2024 Responsive Damages Contentions) at 59–62; Ex. 5 (Netflix's June 6, 2025 First Supplemental Responsive Damages Contentions) at 85–90.

**Second**, Netflix disclosed its defense of ensnarement with respect to DivX's infringement allegations under the doctrine of equivalents in its First Supplemental Invalidity Contentions on July 9, 2024.  *See* Ex. 7 (Netflix's July 9, 2024 First Supplemental Invalidity Contentions) at 9–10 (asserting that prior art patents identified in Netflix's invalidity contentions may used "alone or in combination with the state of the art and/or any of the other prior art … [to] illustrate that DivX's doctrine of equivalents infringement theories ensnare prior art").  Netflix further disclosed its ensnarement defense in its Third Supplemental Invalidity Contentions, served on March 4, 2025.  Ex. 8 (Netflix's March 5, 2025 Third Supplemental Invalidity Contentions) at 10 ("Netflix reserves the right to rely on any of the patents or publications listed below and throughout this pleading … to show ensnarement").  Netflix also identified prior art references that were ensnared by DivX's equivalency arguments, including in detailed claim charts identifying the relevant disclosures in those prior art references.  *See, e.g.*, Ex. 9 (Netflix's Third Supplemental Invalidity

Contentions, Exhibit 673-B) at 232–244.  Approximately one month before the close of fact discovery, and long after DivX was put on notice that Netflix would be asserting an ensnarement defense, Netflix provided additional details regarding its ensnarement defense in a supplementary response to DivX's Interrogatory No. 10. Ex. 6 (May 19, 2025 Second Supplemental Responses to DivX's Second Set of Interrogatories, No. 10) at 109–10, 113, 119–20, 124–26, 135, 138–39, 150, 152–53, 159–60, 162–63, 168–69.

The timing of Netflix's disclosure of its patent exhaustion and ensnarement defenses was not only appropriate, but also was more than sufficient to put DivX on notice, which confirms that there is no prejudice to DivX under this Court's precedent. For example, as explained above, the *Philips* court found that four months was more than sufficient to permit the plaintiff to prepare a response to the defendant's claims. *Philips*, 2005 WL 6141291, at *5.  Here, DivX has been on notice of Netflix's patent exhaustion and ensnarement defenses for over 11 months—nearly 17 months before trial is scheduled to begin in December 2025 (5 months from now).  *See supra* Section II.  DivX thus has no basis to claim that it has not had adequate time to prepare responses to these defenses.  *Philips*, 2005 WL 6141291, at *5.

Because DivX has long been aware of Netflix's proposed affirmative defenses and the details of those defenses, Netflix's proposed amendments will not require DivX to undertake a new litigation strategy or delay proceedings.  *See Deckers Outdoor Corp.*, 2016 WL 7469584, at *1.

It is well established that there is no prejudice in allowing a proposed amendment to an answer when the plaintiff had ample notice of the proposed affirmative defenses.  *See Philips*, 2005 WL 6141291, at *5; *see also VLSI Tech. LLC v. Intel Corp.*, 2024 WL 664804, at *6 (N.D. Cal. Feb. 16, 2024) (permitting Defendant to amend its answer and add an affirmative defense of licensure two months before trial in part because plaintiff had existing knowledge of the licensure

issue); *Magana v. Com. of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997), *as amended* (May 1, 1997) (recognizing that an affirmative defense may be raised for the first time even in a motion for summary judgment if the plaintiff would not be prejudiced); *Han v. Mobil Oil Corp.*, 73 F.3d 872, 878 (9th Cir. 1995) (same). Moreover, with respect to ensnarement, courts in this district have held that "[e]nsnarement can be raised after a court has heard summary judgment motions." *Jang*, 2015 WL 5822585, at *2. Accordingly, Netflix's proposed amendments will not pose any prejudice to DivX, and thus this factor weighs strongly in favor of granting Netflix's motion to amend.

### 2. DivX Has Long Possessed All Information It Needs to Respond to Netflix's Defenses

DivX will not be prejudiced by Netflix's amendment for the additional reason that it does not need additional discovery to respond to Netflix's patent exhaustion and ensnarement arguments.

***First***, with respect to patent exhaustion, DivX already has (and has long had) all the information it needs to respond to Netflix's defense. Indeed, Netflix's patent exhaustion defense is based on ***DivX's own licenses*** that DivX has produced to Netflix in this case, and Netflix has already produced evidence showing the extent to which Netflix's subscribers use devices licensed by DivX (and its predecessors) to stream Netflix shows and movies. *See* Ex. 5 (Netflix's June 6, 2025 Supplemental Damages Contentions) at 92; Ex. 17 (Netflix's May 23, 2025 Supplemental Response to DivX's First Set of Interrogatories, No. 5) at 16–18 (identifying Netflix's usage data showing the extent to which Netflix's users stream Netflix on devices made by DivX licensees, *e.g.*, LG, Samsung, TCL, VIZIO, Roku, Hisense, Funai, Element, MediaTek, and Google). It is well established that there is no prejudice when the plaintiff is already in possession of the facts it needs to prepare a response. *See Philips*, 2005 WL 6141291, at *5 n.3 (there is no prejudice from the amendment "since [plaintiff] has

1    within its own possession the facts necessary to rebut [defendant's] claims of patent

2    misuse").

3        **Second**, with respect to ensnarement, DivX already has in its possession the

4    prior art that is the basis for Netflix's ensnarement defense, and it is well aware of the

5    scope of its own infringement allegations under the doctrine of equivalents.

6    Moreover, DivX cannot credibly suggest it would have conducted additional

7    discovery into Netflix's prior art had Netflix amended sooner.  Indeed, with respect

8    to the '673 patent (the only patent for which DivX has substantively asserted the

9    doctrine of equivalents), DivX served no subpoenas nor deposed any witnesses

10   regarding the prior art cited for Netflix's ensnarement and invalidity defenses long.

11   Decl. ¶10.  Accordingly, DivX does not require discovery of any additional facts or

12   evidence to respond to Netflix's ensnarement defense that would warrant a finding of

13   prejudice.  *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

14       **B.**    **Netflix's Proposed Amendments Are Not Futile**

15       "[A] proposed amendment is futile only if no set of facts can be proved under

16   the amendment to the pleadings that would constitute a valid and sufficient claim or

17   defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled*

18   *on other grounds*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Here, Netflix has

19   demonstrated strong evidence in support of both of its proposed affirmative defenses

20   of patent exhaustion and ensnarement.

21       **1.**    **Netflix's Patent Exhaustion Defense Is Not Futile**

22       The doctrine of patent exhaustion limits a patentee's right to exclude others

23   from making, using, offering for sale, or selling their inventions.  *Impression Prod.,*

24   *Inc. v. Lexmark Int'l, Inc.*, 581 U.S. 360, 370 (2017) (referencing 35 U.S.C. § 154(a)).

25   "[T]he initial authorized sale of a patented item terminates all patent rights to that

26   item." *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 625 (2008).  In other

27   words, after an authorized sale, "there is no exclusionary right left to enforce."

28

*Impression Prod., Inc.*, 581 U.S. at 375.  Patent exhaustion extends to a sale made by an authorized licensee, and precludes an infringement claim based on the use of the goods sold by that authorized licensee.  *See Kaneka Corp. v. SKC Kolon PI, Inc.*, 2015 WL 12697646, at *9–*10 (C.D. Cal. Apr. 10, 2015) (citing *Tessera, Inc. v. Int'l Trade Comm'n*, 646 F. 3d 1357, 1369 (Fed. Cir. 2011)).

In this case, DivX has granted patent licenses to multiple companies that make and sell end-user devices used to stream Netflix, and these licenses give rise to a patent exhaustion defense.  *See supra* Section II.A.  As described in Netflix's original and supplemental damages contentions, "DivX is not entitled to recover damages for streaming Netflix using articles sold by DivX, DivX's predecessors-in-interest or their licensees that substantially embody the Asserted Patents because it has already exhausted its patent rights."  *See* Ex. 5 (Netflix's June 6, 2025 Supplemental Responsive Damages Contentions) at 85–90; Ex. 4 (Netflix's October 14, 2024 Responsive Damages Contentions) at 59–62.

In particular, under DivX's allegations, many of the asserted claims of DivX's Asserted Patents are allegedly directed to the functionality of ***licensed electronic devices***—*e.g.*, playback devices, video decoders, processors, device storage, decryption modules, decompression units, video processing units—that Netflix does not provide, but instead are sold by licensees to the Asserted Patents.  *See e.g.*, Ex. 5 (Netflix's June 6, 2025 Supplemental Damages Contentions) at 85–90; *see also, e.g.*, Ex. 13 ('673 patent) at claim 21 (reciting "[a]n encrypting digital video encoder" comprising "a video processing unit," "an entropy compression unit," and "a video encryption module"); Ex. 14 ('588 patent) at claim 1 (reciting "[a] playback device" comprising "a set of one or more processors," and "a non-volatile storage"); Ex. 15 ('792 patent) at claim 15 (reciting "[a] decoder" comprising "a processor"); Ex. 16 ('486 patent) at claim 1 (reciting "[a] playback device" comprising "a set of one or more processors," and "a non-volatile storage").    Under DivX's infringement

allegations (which Netflix disputes), the licensed devices (not Netflix streaming software) substantially embody the elements of these Asserted Claims of these Asserted Patents. *See* Ex. 5 (Netflix's June 6, 2025 Supplemental Responsive Damages Contentions) at 85–90. As a result, under DivX's allegations, any combination of such licensed products with Netflix software would be licensed to practice at least these Asserted patents. *Id.* Accordingly, DivX is precluded from obtaining damages from Netflix for alleged infringement with respect to any use of such already licensed products. *Id.*

Moreover, as Netflix has learned through discovery—and described in its responsive damages contentions—many electronic device makers such as LG, Samsung, Element, Vizio, TCL, Roku, Funai, Google, and Hisense, have entered into licenses with DivX for use of its patents, including the Asserted Patents. *See* Ex. 5 (Netflix's June 6, 2025 Supplemental Responsive Damages Contentions) at 85–90. Under DivX's infringement allegations, these licensed devices (not Netflix streaming software) substantially embody the elements of these Asserted Claims of these Asserted Patents. *Id.* Accordingly, DivX is precluded from obtaining damages from Netflix for alleged infringement with respect to any use by Netflix's subscribers of such already licensed products. *Id.*

Finally, in its damages contentions, DivX has suggested that some of the licenses to the Asserted Patents cited by Netflix in its exhaustion defense exclude Netflix or Netflix's services. *See* Ex. 12 (DivX's June 13, 2025 Supplemental Damages Contentions) at 6–8. However, this does not provide any basis for DivX to assert that its patent rights were not exhausted with respect to the sales of these licensed products that are used to stream Netflix. The sale of each of these licensed products were authorized by DivX (or DivX's predecessors-in-interest), and thus DivX's rights in the Asserted Patents are exhausted with respect to all licensed devices used to stream Netflix. *Kaneka*, 2015 WL 12697646, at *9–*10. Indeed, because

DivX has already licensed these device companies to sell these licensed devices, DivX's rights in the Asserted Patents are exhausted with respect to the licensed devices regardless of any restrictions DivX purported to impose on the use of the devices. *Impression Prods.*, 581 U.S. at 366 ("[A] patentee's decision to sell a product exhausts all of its patent rights in that item, regardless of any restrictions the patentee purports to impose or the location of the sale.").  In any event, none of the licenses covering the Asserted Patents prohibit the sale of licensed products with the Netflix application installed or to customers that use the licensed products to stream Netflix content. *Id.* at 376 ("A patentee's authority to limit *licensees* does not, as the Federal Circuit thought, mean that patentees can use licenses to impose post-sale restrictions on *purchasers* that are enforceable through the patent laws.  So long as a licensee complies with the license when selling an item, the patentee has, in effect, authorized the sale.  That licensee's sale is treated, for purposes of patent exhaustion, as if the patentee made the sale itself.  The result: The sale exhausts the patentee's rights in that item.").

Accordingly, Netflix has provided more than sufficient basis to show that its patent exhaustion defense is not futile.  *See, e.g.*, *Kaneka Corp. v. SKC Kolon PI, Inc.*, 2013 WL 11237203, at *5–*6 (C.D. Cal. May 6, 2013) (granting Defendant's motion to amend its answer to include a patent exhaustion defense); *Finjan, Inc. v. Qualys Inc.*, 2020 WL 1865264, at *2–*4 (N.D. Cal. Apr. 13, 2020) (same).

### 2.    Netflix's Ensnarement Defense Is Not Futile

Netflix's ensnarement defense is also not futile.  Under the ensnarement doctrine,  "after the accused infringer satisfies its burden of going forward (here, by presenting prior art which shows that the asserted range of equivalence would encompass the prior art), … 'the burden to prove,' *i.e.*, the burden of persuasion, rests on the patentee to show that its claim does not cover the prior art." *Streamfeeder, LLC v. Sure-Feed Sys., Inc.*, 175 F.3d 974, 983 (Fed. Cir. 1999).  Thus, the initial

burden on the accused infringer to assert ensnarement is low—it need only "present[] prior art" that is ensnared under the patentee's doctrine of equivalents theory. *Id.*

Netflix's disclosures readily meet that burden.  In the course of discovery, Netflix has identified ample prior art that is ensnared by DivX's doctrine of equivalents theories, and it included in its invalidity contentions charts detailing where each aspect of the claims is disclosed in the prior art, including for claim limitations covered by DivX's doctrine of equivalents theories.  *See* Ex. 7 (Netflix's July 9, 2024 First Supplemental Invalidity Contentions) at 9–19 (listing nine pages of prior art references that demonstrate, for each asserted patent, that "DivX's doctrine of equivalents infringement theories ensnare prior art").  The burden now shifts to DivX to draft its hypothetical claim, *e.g.*, in connection with expert discovery. Because Netflix has already satisfied its burden to identify prior art ensnared under DivX's doctrine of equivalents theories, its ensnarement defense is not futile.  *See, e.g.*, *Jang*, 2015 WL 5822585, at *2–*3 (permitting ensnarement defense "raised after [the] court has heard summary judgment motions" because defendant's identification of prior art in its motion in limine and pretrial memorandum was "sufficient to 'go[] forward' with its ensnarement defense").

### C.    Netflix Has Not Acted in Bad Faith or with Dilatory Motive

There is no bad faith or dilatory motive by Netflix.  Bad faith, under Rule 15, contemplates "tactics such as adding a defendant for the purpose of defeating diversity jurisdiction." *O'Shea v. Epson Am., Inc.*, 2010 WL 4025627, *2 (C.D. Cal. Oct. 12, 2010) (citing *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)).  Netflix has acted in no such manner in amending its Answer—as evidenced by the fact that it disclosed its defenses long ago—and DivX has no basis to suggest otherwise. Rather, Netflix merely seeks to add patent exhaustion and ensnarement to its Answer as defenses to DivX's allegations during fact discovery, and both of these defenses

were previously disclosed to DivX in Netflix's contentions and in its interrogatory responses.

### D.    Netflix's Proposed Amendment Will Not Cause Undue Delay

As this court has explained, in considering whether to grant a motion to amend, district courts consider whether the amendment would produce "an undue delay in litigation." *Meridian*, 2024 WL 5411398, at *3. Here, Netflix's proposed amendments to add its previously disclosed defenses of patent exhaustion and ensnarement to its answer will not cause any undue delay or require any modification of the trial schedule.

As discussed above, granting Netflix's motion will not require DivX to take any additional discovery, as DivX has all of the information it needs to respond regarding both patent exhaustion and ensnarement. *Supra* Section IV.A.2. Therefore, the amendment will not cause any delay to the schedule entered into this case. *See IXYS Corp. v. Advanced Power Tech., Inc.*, 2004 WL 135861, at *4 (N.D. Cal. Jan. 22, 2004) (amendment warranted when it "neither alters the pre-existing trial schedule nor causes significant prejudice to the opposing party").

During the parties' meet and confer, DivX's only purported basis for opposing Netflix's motion is DivX's assertion that the motion to amend is untimely. But this argument is wrong for multiple reasons. As an initial matter, the Scheduling Order in this case does not provide a deadline to amend the pleadings, so Netflix's motion does not require any modification of the Scheduling Order. ECF No. 317. In any event, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980. Finally, as noted above, with respect to ensnarement, courts in this district have found the defense timely raised when it was asserted for the first time after the court heard summary judgment motions. *See Jang*, 2015 WL 5822585, at *2–*3. Since there has been no showing of bad faith on the part of Netflix or prejudice to DivX, leave to amend should be granted.

### E.    Netflix Has Not Previously Filed An Amended Answer

Finally, Netflix has not previously filed an amendment to its Answer.  This also weighs in favor of granting leave to amend.  *See, e.g., Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, 2021 WL 4776361, at *4 (C.D. Cal. Aug. 23, 2021) (granting leave to amend in part because it was the moving party's first amended pleading).

## V.    CONCLUSION

For the foregoing reasons, Netflix respectfully requests that the Court grant leave for Netflix to amend its Answer to add its proposed patent exhaustion and ensnarement affirmative defenses.

DATED: July 3, 2025                          Respectfully submitted,

                                    By: */s/ Arthur W. Coviello*
                                    Arthur W. Coviello (SBN 291226)
                                    Arthur.Coviello@wilmerhale.com
                                    WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                    2600 El Camino Real, Suite 400
                                    Palo Alto, CA 94306
                                    Telephone: (650) 858-6069
                                    Facsimile: (650) 858-6100

                                    Mary (Mindy) V. Sooter (*pro hac vice*)
                                    Mindy.Sooter@wilmerhale.com
                                    WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                    1225 Seventeenth St., Suite 2600
                                    Denver, CO 80202
                                    Telephone: (720) 274-3164
                                    Facsimile: (720) 274-3133

                                    Joseph Taylor Gooch (SBN 294282)
                                    Taylor.gooch@wilmerhale.com
                                    WILMER CUTLER PICKERING
                                      HALE AND DORR LLP
                                    50 California Street, Suite 3600

1

2

San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

3

4

Christopher T. Casamassima (SBN 211280)
Chris.Casamassima@wilmerhale.com

5

WILMER CUTLER PICKERING

6

  HALE AND DORR LLP

7

350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071

8

Telephone: (213) 443-5309
Facsimile: (213) 443-5400

9

10

*Attorneys for Defendant and
Counterclaimant Netflix, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Netflix, Inc., certifies that this brief contains 5,948 words, which complies with the word limit of Local Rule 11-6.1.

DATED:  July 3, 2025

By: */s/ Jeffrey A. Dennhardt*
Jeffrey A. Dennhardt (*pro hac vice*)
Jeffrey.Dennhardt@wilmerhale.com

1    **<u>CERTIFICATE OF SERVICE</u>**

2          I hereby certify that on July 3, 2025, a copy of the foregoing document—

3    Defendant Netflix's Notice of Motion and Motion For Leave To Amend Its Answer—

4    was served on counsel of record for Plaintiff DivX, LLC, via email:

5

6

7                                        */s/ Arthur W. Coviello*

8                                        Arthur W. Coviello

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 2:19-cv-1602-GW-AGRx
NETFLIX NOTICE OF MOTION AND MOTION
FOR LEAVE TO AMEND ANSWER