Jason G. Sheasby (205455)
jsheasby@irell.com
Lisa Glasser (223406)
lglasser@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Aaron R. Fahrenkrog (pro hac vice)
AFahrenkrog@RobinsKaplan.com
Emily J. Tremblay (pro hac vice)
ETremblay@RobinsKaplan.com
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

*Attorneys for Plaintiff DivX, LLC*

Mary (Mindy) V. Sooter (pro hac vice)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164

Christopher T. Casamassima (211280)
Chris.Casamassima@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5374
Facsimile: (213) 443-5400

*Attorneys for Defendant Netflix, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NETFLIX, INC.,<br><br>    Defendant and Counterclaimant. | Case No. 2:19-cv-1602 GW (AGRx)<br><br>**JOINT STATUS REPORT** |

Pursuant to the Court's direction at the December 11, 2025 hearing, the parties submit this joint status report in advance of the January 8, 2026 status conference. *See* Dkt. 766.

**DivX's Position Regarding Scope of Trial:**

DivX asserts 13 claims across its five (5) asserted patents. This scope is consistent with the scope of many recent trials, and manageable to try within DivX's time estimate for trial. However, the parties had been discussing whether to streamline to four (4) patents and reduce the number of asserted claims and defenses via voluntary dismissal without prejudice, an approach very commonly employed by parties to patent litigation to obtain the mutually beneficial result of a narrowed trial.[1]

Unfortunately, Netflix disclosed during the meet-and-confer on this filing that it would nonetheless attempt to proceed on all of its declaratory judgment counterclaims even if DivX voluntarily dismissed a patent, meaning that DivX's voluntary dismissal would not result in any streamlining. DivX is continuing to evaluate any potential options for streamlining, but in view of Netflix's present position, currently is not in a position to do so.

Netflix to date has refused to disclose the defenses that it intends to pursue. Indeed, Netflix has refused even to identify the specific obviousness combinations that it contends are at issue following the Court's December 28, 2025 final rulings, as required in that order. *See* Dkt. 774 at 29 ("to the extent the number of asserted [obviousness] combinations remain high after resolution of the parties' summary judgment motions, the parties shall meet and confer as to narrowing and shall make a proposal after the Court issues its final ruling"). It is critical that Netflix at least disclose which defenses it believes are at issue now, so any dispute about which

---

[1] These discussions date back to at least September, when DivX proposed via email "mutual streamlining, including potentially dismissing without prejudice some of the asserted claims and defenses," and asked Netflix to confirm it was amenable. DivX raised this again at the December 11 hearing. Last week, Netflix finally responded, stating that it would not mutually dismiss without prejudice.

claims were removed by the summary judgment order or prior rulings on motions to amend or strike contentions can be addressed in the motions *in limine*.

In addition, Netflix refuses to identify the purported non-server-side code, if any, that it believes supports any Netflix for PS3 invalidity theory following the Court's final ruling on DivX's motion for summary judgment. *See id.* at 47 (granting DivX's motion for summary judgment "but only with respect to the server-side code"). DivX has carefully reviewed Netflix's expert report and does not believe that any of the code cited in the report as supporting its PS3 theories is non-server-side code. Netflix's statement below that it "disclosed exactly which client-side code it would rely on for the invalidity of that patent, on a claim-by-claim, element-by-element basis" has no basis. No code is identified below, and Netflix has refused in response to numerous inquiries since the summary judgment order to identify any such code. That is presumably because none exists, but since Netflix is not conceding the issue, Netflix needs to immediately so do, so the issue can be addressed in the pretrial filings, including motions *in limine*.

In summary, DivX askes that the Court require Netflix to provide the above information by January 12, 2026, as its failure to do so is inhibiting preparation of the motions *in limine* (due January 29) and Final Pretrial Conference Order.

**Netflix's Position Regarding Scope of Trial:**

DivX's rendition does not reflect the parties' discussions.

First, Netflix has repeatedly requested that DivX disclose which of the currently asserted five patents it intends to take to trial.[2] DivX, however, steadfastly refuses to

---

[2] Netflix first asked this question in an email to counsel for DivX on August 22, 2025. Netflix reiterated this question on September 5, September 18, December 12, December 15, December 22, December 29, and January 5. DivX has yet to respond. Netflix responded to DivX's September email regarding narrowing shortly after it was received, indicating its openness to mutual case narrowing, consistent with what Netflix proposes herein, but DivX's unwillingness to identify the patents it intends to assert at trial has frustrated those efforts.

answer this straightforward question. To be clear, Netflix is not insisting that DivX narrow its case. Instead, Netflix requests that *if* DivX intends to drop one or more patents, that DivX do so promptly so that the parties and the Court can avoid unnecessary work relating to the patent(s) DivX intends to drop. In short, all Netflix asks is for a clear answer about which patents DivX intends to try.

Second, DivX is incorrect that Netflix intends to proceed with counterclaims on any patents that DivX dismisses with prejudice. Instead, Netflix intends to proceed to trial on its invalidity counterclaims *if and only if* DivX attempts to preserve its ability to raise at a later date (e.g., in a subsequent trial) any infringement allegations it dismisses. Thus far, DivX has attempted to preserve its ability to do just that, which would waste the Court's and Netflix's resources by artificially dividing the currently asserted patents into sequential, separate trials.[3]

Third, Netflix has logically requested that *if* DivX intends to drop patents, that DivX do so *before* Netflix identifies its defenses for the remaining patents. As the plaintiff, DivX should identify its asserted patents, as is customary and appropriate. As Netflix has explained to DivX, Netflix will then identify three § 102/103 invalidity grounds per claim and will also identify the claims for which Netflix will pursue §§ 112 and 101 defenses.

Fourth, Netflix has not "refused to identify the purported non-server-side code, if any, that it believes supports any Netflix for PS3 invalidity theory following the Court's final ruling on DivX's motion for summary judgment." To the contrary, in its expert report on the invalidity of the '588 Patent, Netflix disclosed exactly which client-side code it would rely on for the invalidity of that patent, on a claim-by-claim,

---

[3] At no point did Netflix agree, nor did the parties discuss, that DivX could drop patents without prejudice. Netflix has incurred significant expense litigating these claims and does not agree that the currently asserted patents should be divided into separate, sequential trials. Therefore, if DivX provides a covenant not to sue or dismisses a patent with prejudice, as is common in patent litigation, Netflix will agree to dismiss its corresponding declaratory judgment counterclaims as well.

1 element-by-element basis. Netflix has repeatedly confirmed to DivX that it intends to rely on that cited client-side code. Netflix has further confirmed, consistent with the Court's order, that it will not rely on server-side code for invalidity of the asserted claims of the '588 Patent.

Netflix respectfully requests that the Court order DivX to identify the patents it intends to assert at trial. Upon receipt of DivX's confirmation, Netflix will narrow its corresponding defenses within five (5) business days and identify its defenses as follows: (a) up to three (3) invalidity grounds based on § 102 anticipation and/or § 103 obviousness per remaining asserted claim; (b) any remaining § 112 invalidity grounds Netflix intends to pursue; and (c) any remaining § 101 unpatentability grounds Netflix intends to pursue.

**Joint Trial Presentation:**

The parties have separately scheduled a meet-and-confer regarding a possible joint presentation to the jury regarding the technology at issue in this case, which will occur this week.

Dated: January 6, 2025

Respectfully submitted,

s/ Lisa Glasser
Jason G. Sheasby (205455)
jsheasby@irell.com
Lisa Glasser (223406)
lglasser@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010

Aaron R. Fahrenkrog (*pro hac vice*)
AFahrenkrog@RobinsKaplan.com
Logan J. Drew (*pro hac vice*)

LDrew@RobinsKaplan.com
Emily J. Tremblay (*pro hac vice*)
ETremblay@RobinsKaplan.com
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500

*Attorneys for Plaintiff DivX, LLC*


*s/ Mary (Mindy) V. Sooter*
Jeffrey A. Dennhardt (*pro hac vice*)
Jeffrey.dennhardt@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800
Facsimile: (212) 230-8888

Joseph Taylor Gooch (SBN 294282)
Taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
One Front Street, 35th Floor
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Christopher T. Casamassima (SBN 211280)

| | |
|---|---|
|  | Chris.Casamassima@wilmerhale.com |
|  | WILMER CUTLER PICKERING |
|  |  HALE AND DORR LLP |
|  | 350 South Grand Avenue, Suite 2400 |
|  | Los Angeles, CA 90071 |
|  | Telephone: (213) 443-5374 |
|  | Facsimile: (213) 443-5400 |
|  |  |
|  | *Attorneys for Defendant Netflix, Inc.* |

**ATTESTATION**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 6, 2025       Respectfully submitted,

                             *s/ Lisa Glasser*
                             Lisa Glasser