Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6386
Facsimile: (617) 526-5000

*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

Additional counsel on signature page

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant and Counterclaimant. | Case No. 2:19-cv-1602-GW-AGRx<br><br>**DEFENDANT NETFLIX, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE REFERENCES TO OTHER LITIGATIONS AND PROCEEDINGS**<br><br>Judge: Hon. George H. Wu<br>Date: February 19, 2026<br>Time: 8:30 am |

# TABLE OF CONTENTS

I.     INTRODUCTION ............................................................................................. 1
II.    BACKGROUND ............................................................................................... 1
       A.    GERMAN PROCEEDINGS ................................................................... 1
       B.    NETHERLANDS PROCEEDINGS ....................................................... 2
       C.    UNITED PATENT COURT PROCEEDINGS ...................................... 2
       D.    BRAZILIAN PROCEEDINGS ............................................................... 2
       E.    COLLATERAL PROCEEDINGS IN THE UNITED STATES ............ 4
III.   ARGUMENT ..................................................................................................... 4
       A.    THE PARTIES SHOULD BE PRECLUDED FROM REFERENCING OTHER PROCEEDINGS, INCLUDING THEIR RULINGS AND OUTCOMES ...................................................... 4
       B.    IF DIVX OPENS THE DOOR TO COLLATERAL PROCEEDINGS, NETFLIX MUST BE PERMITTED TO RESPOND ................................................................................................ 9
IV.    CONCLUSION ............................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Belden Techs. Inc. v. Superior Essex Commn'c LP*,
  802 F. Supp. 2d 555 (D. Del. Aug. 12, 2011) ...................................................... 8, 9

*GoTV Streaming, LLC v. Netflix, Inc.*,
  No. 2:22-cv-07556 (C.D. Cal. 2022) ........................................................................ 5

*Grace v. Apple Inc.*,
  2020 WL 227404 (N.D. Cal. Jan. 15, 2020) ......................................................... 6, 7

*Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*,
  2019 WL 6481307 (C.D. Cal. Aug. 27, 2019) .......................................................... 8

*Illumina, Inc. v. BGI Genomics Co., Ltd*,
  2021 WL 4979799 (N.D. Cal. Oct. 27, 2021) ........................................................... 5

*Intell. Ventures I LLC v. Symantec Corp.*,
  2015 WL 82052 (D. Del. Jan. 6, 2015) ..................................................................... 8

*Koito Mfg. Co. v. Turn-Key-Tech, L.L.C.*,
  2003 WL 25674799 (S.D. Cal. Apr. 10, 2003) ..................................................... 5, 7

*Maxell, Ltd. v. Apple Inc.*,
  2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) ........................................................... 7

*MGI Digital Tech. S.A. v. Duplo U.S.A. Corp.*,
  2024 WL 655481 (C.D. Cal. Jan. 26, 2024) .......................................................... 5, 6

*Ohio House LLC v. City of Costa Mesa*,
  2022 WL 2189541 (C.D. Cal. Mar. 28, 2022) .......................................................... 5

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*,
  2019 WL 77046 (D. Del. Jan. 2, 2019) ..................................................................... 5

*SPEX Techs., Inc. v. W. Digital Corp.*,
  2024 WL 5379305 (C.D. Cal. Oct. 7, 2024) ............................................................. 8

*United States v. Sine*,
  493 F.3d 1021 (9th Cir. 2007) ................................................................................... 6

**Rules**

Fed. R. Evid. 401 ................................................................................................... 4

Fed. R. Evid. 402 ................................................................................................... 4

Fed. R. Evid. 403 ............................................................................................... 4, 6

## I. INTRODUCTION

Courts routinely grant motions *in limine* to prevent parties from referring to other litigations and collateral proceedings. Any potential relevance of such proceedings is substantially outweighed not only by the risk of creating a trial-within-a-trial, but also by the risks of unfair prejudice and jury confusion. The need for clear rules is particularly critical here given the long history of litigation between the parties, which is described below. Netflix respectfully requests that the Court exclude from trial any reference to the existence or outcomes of other litigations and proceedings.[1]

## II. BACKGROUND

The complex litigation history between DivX and Netflix spans several years and multiple venues, including collateral proceedings in the United States, foreign patent actions in four different forums, and related appeals, many of which remain ongoing.

### A. GERMAN PROCEEDINGS

In Germany, DivX asserted two European patents relating to video streaming technology against Netflix, seeking both injunctive relief and damages.[2] The Mannheim Regional Court initially found infringement and granted DivX two injunctions. However, both asserted patents were later invalidated under Germany's bifurcated system where infringement and validity proceedings are conducted

---

[1] Netflix does not seek to prevent either party from providing evidence that the Asserted Patents have been asserted against third parties in litigation or licensing discussions, solely for the purpose of analyzing comparable licenses or other issues related to damages. Netflix also does not seek to prevent the use of under-oath testimony from other proceedings for impeachment. If such testimony is used, the parties may make a generic reference to the witness testifying in "another proceeding" under oath on [date].

[2] *See, e.g.*, *DivX LLC v. Netflix Inc.*, Landgericht Mannheim (LGM) (Regional Court), 7 O 88/21 (Apr. 22, 2022).

separately. In July 2023, the Bundespatentgericht (German Federal Patent Court) invalidated EP 2661696.[3] The other asserted patent, EP 3467666 ("EP '666"), was revoked in a separate action before the European Patent Office ("EPO") in April 2023.[4] These proceedings remain ongoing because DivX has filed a petition for review by the Enlarged Board of Appeals with respect to the EPO's revocation of EP '666.[5]

### B. NETHERLANDS PROCEEDINGS[6]

In 2022, DivX also asserted EP '666 against Netflix in the District Court of Amsterdam where it sought to extend the German injunction's effects into the Netherlands. The Dutch Court rejected DivX's claims and awarded costs to Netflix.

### C. UNITED PATENT COURT PROCEEDINGS[7]

After the proceedings in Germany and the Netherlands failed, DivX sued Netflix for infringement in the European Unified Patent Court ("UPC"). There, DivX asserts EP 4213033, which is related to EP '666. On September 26, 2025, Netflix responded to DivX's allegations by asserting non-infringement and nullity defenses. These proceedings are ongoing.

### D. BRAZILIAN PROCEEDINGS

In 2020, DivX filed a patent infringement action in Rio De Janeiro state court requesting an *ex parte* preliminary injunction against Netflix under Brazilian Patent

---

[3] *See, e.g.*, EP 2661696 (Invalidity Proceedings), Bundespatentgericht (BPatG), 2 Ni 24/21 (EP) (June 15, 2023).

[4] *See, e.g.*, EP 3467666 (Opposition Proceedings), European Patent Office. Opposition Division, revocation decision (Apr. 2023).

[5] EP 2661696 (Appeal from Bundespatentgericht), Bundesgerichtshof (BGH), X ZR 119/23 (September 16, 2025).

[6] *DivX LLC v. Netflix International B.V. et al.*, Rechtbank Amsterdam (District Court), C/13/724642 / KG ZA 22-923 (Jan. 6, 2023).

[7] *DivX LLC v. Netflix Inc. et al.*, Unified Patent Court, Local Division Munich, ACT_24860/2025 (CFI_465/2025) (filed May 27, 2025).

BRPI0506163 ("BRP '163").  BRP '163 is entitled "Method for Deblocking a Reconstructed Video Frame," and is a family member of the '651 Asserted Patent. The court granted DivX a preliminary injunction, and in December 2023, it issued a final merits judgment finding Netflix liable for infringement and entering a permanent injunction.[8]  While the Rio De Janeiro Court of Justice recently affirmed this decision, it is not yet final because further appeals are available under Brazilian law.[9]

In parallel, Netflix is challenging the validity of BRP '163 in Brazilian Federal Court[10], where the Brazilian Patent Office ("INPI") is a mandatory intervenor.[11]  In 2021, the INPI issued a detailed technical opinion advising that numerous claims of BRP '163, including the only independent claim, should not have been granted because they lack novelty or an inventive step.[12]  These proceedings are ongoing.

---

[8] *See, e.g.*, *DivX, LLC v. Netflix Entretenimento Brasil Ltda.*, Processo No. 0214224-53.2020.8.19.0001 (5ª Vara Empresarial, T.J. Rio de Janeiro filed Oct. 20, 2020).

[9] *See, e.g.*, *DivX, LLC v. Netflix Entretenimento Brasil Ltda.*, Apelação Cível No. 0214224-53.2020.8.19.0001 (T.J.-RJ, 5ª Câmara de Direito Privado, Nov. 19, 2025).

[10] Brazil has a bifurcated system where infringement actions are filed in state court and invalidity actions are filed in federal court.

[11] *See, e.g.*, *Netflix Entretenimento Brasil Ltda. v. Instituto Nacional da Propriedade Industrial (INPI) & DivX, LLC*, Processo No. 5005311-77.2021.4.02.5101 (3ª Vara Fed. Cível, Seção Judiciária do Rio de Janeiro, Brazil filed 2021); *Netflix Entretenimento Brasil Ltda. v. Instituto Nacional da Propriedade Industrial (INPI) & DivX, LLC*, Processo No. 5005311-77.2021.4.02.5101 (3ª Vara Federal Cível, Seção Judiciária do Distrito Federal, Brazil, transferred per Conflito de Competência No. 185.592/RJ, S.T.J., decided Sept. 19, 2023).

[12] Instituto Nacional da Propriedade Industrial (INPI), Parecer Técnico (Subsidies Doc. 0437043), SEI 52402.003676/2021-69 (26 May 2021) (Brazil) (technical opinion filed in *Netflix Entretenimento Brasil Ltda. v. INPI & DivX, LLC*, Processo No. 5005311-77.2021.4.02.5101)

E.  **COLLATERAL PROCEEDINGS IN THE UNITED STATES**

Shortly after DivX sued Netflix in this Court, Netflix challenged the validity of seven of the eight originally-asserted patents at the United States Patent Office.[13] The Patent Trial and Appeal Board ("PTAB") invalidated each of the challenged '673 Patent claims, and narrowed many of the other Asserted Patents.[14] Netflix also filed a request for an *ex parte* reexam of additional claims of the '673 Patent, including each of the claims asserted here. The examiner confirmed all challenged claims.[15]

III.  **ARGUMENT**

A.  **THE PARTIES SHOULD BE PRECLUDED FROM REFERENCING OTHER PROCEEDINGS INCLUDING THEIR RULINGS AND OUTCOMES**

The Court should preclude testimony and evidence referencing other proceedings because such references are irrelevant, and any value is substantially outweighed by the risks of unfair prejudice, confusing the issues, and misleading the jury. *See* FRE 401, 402, 403. Moreover, if evidence of other proceedings were introduced, then the other party would inevitably need to introduce further (potentially

---

[13] *See, e.g., Netflix, Inc. et al v. DivX, LLC*, No. IPR2020-00614 (P.T.A.B.); *Netflix, Inc. et al v. DivX, LLC et al*, No. IPR2020-00052 (P.T.A.B.); *Netflix, Inc. et al v. DivX, LLC*, No. IPR2020-00646 (P.T.A.B.); *Netflix, Inc. d/b/a Netflix et al v. DivX, LLC*, No. IPR2020-00558 (P.T.A.B.); *Netflix, Inc. d/b/a Netflix v. DivX*, LLC, IPR2020-00511 (P.T.A.B.); *Hulu, LLC et al v. DivX, LLC*, IPR2020-00647 (P.T.A.B.); *Netflix, Inc. et al v. DivX, LLC*, IPR2020-00648 (P.T.A.B.).

[14] *See* Dkt. 546-3 ['673 Patent IPR FWD]; Dkt. 417-4 ['651 Patent IPR FWD]; Dkt. 417-7 ['792 Patent IPR FWD]; *Netflix Inc. v. DivX LLC*, No. IPR2020-00511, Paper No. 59 (P.T.A.B. Mar. 21, 2024) (Final Written Decision); *Netflix, Inc. et al v. DivX LLC*, No. IPR2020-00647, Paper No. 28 (P.T.A.B. Sep. 27, 2021) (Final Written Decision); *Netflix, Inc. et al v. DivX LLC*, No. IPR2020-00648, Paper No. 28 (P.T.A.B. Sept. 27, 2021) (Final Written Decision); *Netflix Inc. v. DivX LLC*, No. IPR2020-00558, Paper No. 66 (P.T.A.B. Feb. 22, 2024) (Final Written Decision).

[15] *Ex parte* 7,295,673, Control No. 90/019,415, Notice of Intent to Issue Ex Parte Reexamination Certificate (P.T.A.B. Feb. 24, 2025).

extensive) evidence to explain the context and background of those proceedings and their outcomes.

*First*, collateral proceedings are irrelevant because they "will shed no light on any issue in this case." *See, e.g.*, *Ohio House LLC v. City of Costa Mesa*, 2022 WL 2189541, at *2 (C.D. Cal. Mar. 28, 2022) (excluding "evidence of prior litigation" under Rules 401, 801, and 403). For example, the foreign actions between the parties involve different patents, different legal standards, different factual records, and different procedural frameworks than this case. Because of these differences, the outcomes of foreign proceedings are not relevant to the issues the jury must decide here. *See, e.g.*, *MGI Digital Tech. S.A. v. Duplo U.S.A. Corp.*, 2024 WL 655481, at *6 (C.D. Cal. Jan. 26, 2024) (quoting *Waddington N. Am., Inc. v. Sabert Corp.*, 2011 WL 3444150, at *8 (D.N.J. Aug. 5, 2011) (excluding all references to French patent litigation involving the parties) ("U.S. Patent law is distinct from foreign patent law, and the patent itself is … different from its foreign counterparts."); *Illumina, Inc. v. BGI Genomics Co., Ltd*, 2021 WL 4979799, at *9 (N.D. Cal. Oct. 27, 2021) (granting motion to "exclude evidence or argument concerning the results of foreign litigations between the parties."); *Koito Mfg. Co. v. Turn-Key-Tech, L.L.C.*, 2003 WL 25674799, at *3–4 (S.D. Cal. Apr. 10, 2003) (granting motion to exclude references to a German court's opinion invalidating the German equivalent to the patent in suit).

The fact that evidence was accepted into the record in another proceeding is irrelevant for the same reasons. Therefore, to the extent that evidence from a prior proceeding is independently admissible, the Court should preclude any reference to the fact that it was previously used elsewhere. *See, e.g.*, *Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*, 2019 WL 77046, at *1 (D. Del. Jan. 2, 2019).

Other litigations involving Netflix, including the recent case, *GoTV Streaming, LLC v. Netflix, Inc.*, No. 2:22-cv-07556 (C.D. Cal. 2022), and its related appeal, are also irrelevant. A liability finding in another action does not make infringement here

any more or less likely, and "would likely have a significant improper influence on the jury's determination of the issues in this case." *Grace v. Apple Inc.*, 2020 WL 227404, at *1-3 (N.D. Cal. Jan. 15, 2020) (granting Defendant's motion "to exclude all evidence and testimony regarding prior patent infringement lawsuits and verdicts against [Defendant].").

*Second*, any value of references to other proceedings is substantially outweighed by the risks of unfair prejudice, confusing the issues, and misleading the jury. *See* FRE 403. The Ninth Circuit has cautioned against allowing jurors to learn about the results of other proceedings because "jurors are likely to defer to findings and determinations … made by an authoritative, professional factfinder rather than determine those issues for themselves," so "such evidence should [generally] be excluded under Rule 403." *See, e.g.*, *United States v. Sine*, 493 F.3d 1021, 1033-1034 (9th Cir. 2007); *see also Grace*, 2020 WL 227404, at *2 (quotations omitted) (quoting *United States v. Kealoha*, 2019 WL 2620004, at *5 (D. Haw. June 26, 2019) ("[Other] [l]itigation would have a significant improper influence on the jury's determination of the issues in this case.… The admission of a prior verdict creates the possibility that the jury will defer to the earlier result and thus will, effectively, decide a case on evidence not before it."). Moreover, courts routinely exclude evidence and testimony concerning other proceedings because it "is likely to give rise to time-consuming tangents" about the merits of such proceedings and the distinct laws and procedures that govern them. *See, e.g.*, *id.* at *3 ("The Court will not have a side trial on patent infringement and validity proceedings.").

Jury confusion would be inevitable because, as explained above, foreign actions apply different legal standards for validity and infringement, operate under different procedural rules, and often provide remedies that have no analogue in U.S. patent law. *See, e.g., MGI Digit. Tech. S.A.*, 2024 WL 655481 at *5-6. Further, in

Brazil, the claim at issue is different from the claim asserted here.[16] Explaining these differences would require time-consuming "mini-trials" on German, Brazilian, and/or Dutch law, and the patents involved in those proceedings, and would confuse the jury and cause unfair prejudice to the parties.[17] It would also invite the jury to improperly defer to the authority of the foreign courts—applying foreign law to foreign patents—to decide disputed facts instead of making its own independent findings based on U.S. patent law. *See, e.g.*, *Koito Mfg. Co.*, 2003 WL 25674799, at *3 ("The German court followed German law in deciding the validity of the German patent, and such a decision is not controlling or even necessarily persuasive with respect to a United States proceeding on a United States patent. The court concludes that the probative value, if any, of the German opinion is outweighed by the potential prejudice flowing from the opinion invalidating the German patent.").

References to Patent Office proceedings, including IPRs and reexams, should also be excluded. As with foreign actions, if references to such proceedings were introduced, Netflix would be required to explain the process of those proceedings, including the different burdens, the evidence considered, the outcomes, and the reasons for those outcomes, which would waste time and confuse the jury. *See, e.g.*, *Grace*, 2020 WL 227404, at *3; *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *7 (E.D. Tex. Feb. 26, 2021) (granting MIL to exclude references "about other litigations, administrative proceedings, investigations, or accusations, including other U.S. and foreign proceedings between [Plaintiff] and [Defendant] …, or any other

---

[16] Claim 2 is the only remaining Asserted Claim from the '651 Patent, and it is different from the claim at issue in the Brazilian proceedings. Moreover, even if the Brazilian proceedings were relevant and not unfairly prejudicial—which they are not—DivX failed to provide a certified translation that would allow the jury to compare the claims or issues litigated in the two jurisdictions.

[17] This concern is particularly acute here where some of the findings from the foreign proceedings between the parties favor Netflix, whereas others favor DivX.


litigations or accusations involving [Defendant] and its counsel."); *Hoist Fitness Sys., Inc. v. TuffStuff Fitness Int'l, Inc.*, 2019 WL 6481307, at *2 (C.D. Cal. Aug. 27, 2019), *aff'd* 826 Fed. Appx. 916 (Fed. Cir. 2020) (granting MIL to exclude evidence of other litigation between the parties); *SPEX Techs., Inc. v. W. Digital Corp.*, 2024 WL 5379305, at *1 (C.D. Cal. Oct. 7, 2024) (granting MIL to "exclude reference to proceedings involving the asserted patents, including Patent Trial and Appeal Board ('PTAB') proceedings, prior proceedings before this Court, and appeal proceedings before the Federal Circuit").[18]  Admission of such proceedings may also mislead the jury into believing that the outcomes of certain Patent Office proceedings are binding in district court, which they are not. *See, e.g.*, *Belden Techs. Inc. v. Superior Essex Commc'n LP*, 802 F. Supp. 2d 555, 568–69 (D. Del. 2011) ("Admitting evidence about the [asserted patent's] reexamination, the outcome of which is not binding on the Court, would have only served to confuse the jury and was ultimately far more prejudicial than probative.").  For example, admitting prior findings of no invalidity would be unfairly prejudicial to Netflix because it may mislead the jury. *See, e.g.*, *Intell. Ventures I LLC v. Symantec Corp.*, 2015 WL 82052, at *1 (D. Del. Jan. 6, 2015) (granting Plaintiff's motion to preclude references to reexamination proceedings of

---

[18] *See also,* Hon. Judge Alan Albright, *Standing Order Governing Proceedings (OGP)-Patent Cases*, U.S. District Court for the Western District of Texas (Mar. 5, 2025) (precluding parties from "introducing evidence, testimony, or argument regarding either party's other litigations …, including parallel proceedings in any other court, tribunal, or forum" and "from introducing evidence, testimony, or argument concerning the Patent Trial and Appeal Board, inter partes review, the Smith-Leahy America Invents Act, or any alternative structure that does not relate directly to an Article III trial in a district court"); Hon. Judge Rodney Gilstrap, *Second Amended Standing Order on Motions in Limine in Cases Involving Allegations of Patent Infringement*[], U.S. District Court for the Eastern District of Texas (Dec. 23, 2025) ("The parties shall be precluded from introducing evidence, testimony, or argument regarding either party's other litigations or arbitrations, including parallel proceedings in any other court, tribunal, or forum, including ADR proceedings.").

the asserted patent because "[a]ny probative value of the reexamination is substantially outweighed by the risks of unfair prejudice to [the plaintiff], confusing the jury, and wasting time, and therefore such evidence is excluded under Rule 403."); *Belden Techs. Inc.*, 802 F. Supp. 2d at 569 (finding that the Court did not err in excluding evidence of completed *ex parte* reexam of the asserted patent).

### B. IF DIVX OPENS THE DOOR TO COLLATERAL PROCEEDINGS, NETFLIX MUST BE PERMITTED TO RESPOND

For the reasons above, both parties should be precluded from referencing other proceedings *at all*. However, to the extent that DivX selectively references collateral proceedings, Netflix must be permitted to respond with the full procedural and factual context necessary to avoid an unfairly prejudicial, one-sided presentation. For example, if DivX argues that it "won" on infringement of the Brazilian counterpart to the '651 Patent in Brazil, Netflix must be permitted to respond that:

- The Brazilian judgment of infringement is not yet final because appeals are ongoing;
- The U.S. counterpart to BRP '163 claim 1—the only independent claim in that patent—was invalidated by the US Patent Office;[19]
- Netflix filed a parallel invalidity proceeding in Brazil, which is ongoing;
- As part of those invalidity proceedings, the INPI issued a detailed technical opinion concluding that numerous claims of BRP '163, including independent claim 1, lack novelty or an inventive step and should not have been granted.

Likewise, if DivX references the European proceedings, Netflix must be permitted to explain that both patents asserted in the German and related Dutch proceedings were subsequently revoked or invalidated. And if DivX argues that Netflix unsuccessfully challenged some of the Asserted Claims in post-grant proceedings, Netflix must be

---

[19] *See* Dkt. 417-4 ['651 Patent IPR FWD].

permitted to respond by pointing out that other Asserted Claims *were* invalidated by the PTAB.

These are just select examples of the many confusing and time-consuming tangents that admitting other proceedings would necessitate.

## IV. CONCLUSION

Netflix therefore respectfully requests that the Court exclude from trial any reference to the existence or outcomes of, and any evidence or argument from, other litigations and collateral proceedings. However, if DivX nevertheless introduces selective or incomplete references to such proceedings, Netflix must be permitted to provide the full procedural and factual context necessary to avoid unfair prejudice and misleading the jury.

DATED: January 29, 2026         Respectfully submitted,

/s/ *Mary (Mindy) V. Sooter*
Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
50 California Street, 36th Floor
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Dominic E. Massa (*pro hac vice*)

|   |   |
|---|---|
| 1 | Dominic.Massa@wilmerhale.com |
| 2 | WILMER CUTLER PICKERING HALE AND DORR LLP |
| 3 | 360 State Street |
| 4 | Boston, MA 02109 |
|   | Telephone: (617) 526-6386 |
| 5 | Facsimile: (617) 526-5000 |
| 6 |   |
| 7 | *Attorneys for Defendant and* |
| 8 | *Counterclaimant Netflix, Inc.* |

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Netflix, Inc., certifies that this brief contains 2,982 words, which complies with the word limit of L.R. 11-6.1.

DATED: January 29, 2026

*/s/ Mary (Mindy) V. Sooter*

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, a copy of the foregoing document—Defendant Netflix, Inc.'s Memorandum of Law in Support of Its Motion *in Limine* to Exclude References to Other Litigations and Proceedings—was served on counsel of record for Plaintiff DivX, LLC, via email:

David M. Stein, dstein@olsonstein.com

David C. McPhie, dmcphie@irell.com

Jason G. Sheasby, jsheasby@irell.com

Lisa Sharrock Glasser, lglasser@irell.com

Emily Tremblay, ETremblay@robinskaplan.com

Aaron R. Fahrenkrog, afahrenkrog@robinskaplan.com

Kia Schmeckpeper, kschmeckpeper@robinskaplan.com

divx-netflix@irell.com

rkdivx@robinskaplan.com

*/s/ Mary (Mindy) V. Sooter*

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com