Mary (Mindy) V. Sooter (pro hac vice)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone:   (720) 274-3164
Facsimile:   (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA  94111
Telephone:   (628) 235-1000
Facsimile:   (628) 235-1001

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State St.
Boston, MA 02109
Telephone:   (617) 526-6386
Facsimile:   (617) 526-5000

*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

Additional counsel on signature page

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant and Counterclaimant. | Case No. 2:19-cv-1602-GW-AGRx<br><br>**DEFENDANT NETFLIX, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE IMPROPER AND MISLEADING TOPICS RELATED TO DAMAGES**<br><br>Judge: Hon. George H. Wu<br>Date: Feb. 19, 2026<br>Time: 8:30 am |

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................. 1

II. ARGUMENT ................................................................................................... 1

    A. DIVX SHOULD BE PRECLUDED FROM ASSERTING THAT THIRD-PARTY PRODUCTS PRACTICE THE ASSERTED PATENTS ............................................................................................. 1

    B. DIVX SHOULD BE PRECLUDED FROM ASSERTING UNDISCLOSED AND UNSUPPORTED MARKING THEORIES ........................................................................................... 3

    C. DIVX SHOULD BE PRECLUDED FROM ASSERTING UNTIMELY DAMAGES OPINIONS THAT WERE NOT DISCLOSED IN KENNEDY'S REPORT ............................................. 5

III. CONCLUSION ................................................................................................ 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Hoffman v. Constr. Protective Services, Inc.*,
   541 F.3d 1175 (9th Cir. 2008), (Sept. 16, 2008) ................................................... 4

*Looksmart Grp., Inc. v. Microsoft Corp.*,
   386 F. Supp. 3d 1222 (N.D. Cal. 2019) ................................................................ 6

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
   10 F.4th 1358 (Fed. Cir. 2021) ......................................................................... 3, 4

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269 (Fed. Cir. 2011) .............................................................. 1, 3

**Rule**

Fed. R. Civ. P. 37(c) ................................................................................................ 1

## I. INTRODUCTION

At trial, Netflix expects DivX's fact and expert witnesses to attempt to offer testimony that is improper for multiple reasons. For example, DivX has previewed that it intends to offer expert opinions or theories related to damages that were never disclosed in its expert reports. Netflix also expects DivX to attempt to offer improper lay testimony and previously undisclosed evidence on topics related to damages that were not disclosed in fact or expert discovery. Similarly, DivX has indicated that it intends to offer facts in support of damages arguments that were never disclosed in discovery, despite Netflix's specific requests for that information. To prevent DivX from derailing the trial by attempting to offer improper testimony and argument on these topics, Netflix requests that the Court exclude them *in limine*.

## II. ARGUMENT

### A. DIVX SHOULD BE PRECLUDED FROM ASSERTING THAT THIRD-PARTY PRODUCTS PRACTICE THE ASSERTED PATENTS

DivX should be precluded from referring to or otherwise presenting evidence to the jury that any third-party products—including its licensees' products—practice the Asserted Patents because DivX and its experts never compared any third-party products to any patent claims of the Asserted Patents.

It is well established that parties should be precluded from offering new, previously undisclosed evidence or expert opinions at trial. Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. …"); *Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286-87 (Fed. Cir. 2011) (affirming expert "could not testify on matters not disclosed in his expert report or deposition").

Rule 37(c)(1) was designed for precisely this type of situation. Specifically, despite Netflix's Interrogatory No. 3 asking DivX to "provide a claim chart that describes in detail, on an element-by-element basis, where each element of each asserted claim is found within each product" it "contend[s] practices, practiced, embodies, or embodied any Asserted Claim of the Asserted Patents,"[1] DivX never named any of its licensees' products that allegedly practice any of the Asserted Patents, nor did DivX's experts provide any evidence or explanation of how its licensees' products allegedly practice any Asserted Patent. *See* Dkt. 495-2 [DivX's First Suppl. Response to Netflix's First Set of Interrogs.] at 9-28, Appendices 1, 2, 4 (purporting to provide claim charts for DivX products for the '673, '651 and '486 patents, but providing no claim charts for any licensee products).

Similarly, DivX's technical experts, Dr. Feamster and Dr. Sprenger, never compared DivX's licensees' products to any claim of any Asserted Patent. Instead, Dr. Feamster and Dr. Sprenger merely asserted—without any explanation or support—that they reviewed DivX's response to Interrogatory No. 3 and "agree" with DivX's response that certain DivX products allegedly used certain Asserted Patents. *See* Dkt. 495-9 [Sprenger Opening Rpt.] ¶ 52 (asserting only that he "agree[s] that DivX incorporated the claimed technology [in the '673 patent] into its products," as referenced in DivX's interrogatory response), ¶ 60 (same for '486 Patent); Dkt. 495-10 [Feamster Opening Rpt.] ¶ 52 (asserting only that he "agree[s] that DivX

---

[1] *See* Dkt. 495-3 [DivX's Eighth Suppl. Resp. to Netflix's First Set of Interrogs., Rog. 3] at 10 ("Identify each product, service, or software known to You that You contend practices, practiced, embodies, or embodied any Asserted Claim of the Asserted Patents, Including any products, services, or software designed, programmed, owned, marketed, or sold by You or any Third Party, and Including, without limitation, products marked pursuant to 35 U.S.C. § 287, and provide a claim chart that describes in detail, on an element-by-element basis, where each element of each asserted claim is found within each product, service, or software. …").

incorporated the claimed technology [in the '651 patent] into its products," as referenced in DivX's interrogatory response).

Since neither DivX nor DivX's experts provided an analysis comparing any of DivX's licensees' products to any claim of any Asserted Patent, DivX should not be allowed to assert to the jury that any third-party's or licensee's products practice any of the Asserted Patents. *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1372 (Fed. Cir. 2021); *Siemens*, 637 F.3d at 1286-87.

### B. DIVX SHOULD BE PRECLUDED FROM ASSERTING UNDISCLOSED AND UNSUPPORTED MARKING THEORIES

DivX should be precluded from asserting marking theories at trial that DivX failed to disclose in response to Netflix's discovery requests. Specifically, the Court should prohibit DivX from (1) asserting to the jury that DivX marked its own products with any of the Asserted Patent numbers and (2) asserting that DivX or its licensees performed any "virtual" marking of any product. DivX disclosed no evidence of any such patent marking during fact or expert discovery.

For example, Netflix's Interrogatory No. 19 asked DivX to "describe in detail all facts and circumstances relating to all efforts by DivX and licensees of the Asserted Patents to comply with the marking and notice requirements of 35 U.S.C. § 287." Dkt. 495-8 [DivX's Fourth Suppl. Resp. to Netflix's Second Set of Interrogs.] at 42. However, despite supplementing its response multiple times, DivX never identified any evidence that DivX marked the purported patent-practicing products that it sold or provided to its licensees or to any other party, and DivX provided no evidence of any virtual marking by DivX or any of its licensees. *Id.* at 42-44. In addition, on March 14, 2025, Netflix sent DivX a letter regarding DivX's failure to provide evidence of marking pursuant to 35 U.S.C. § 287 for the DivX products and licensed products that DivX identified as practicing the Asserted Patents. Dkt. 495-6 [Mar. 14, 2025 Letter from Coviello to Fahrenkrog]. But, in response, DivX simply indicated that they "continue to investigate marking as to the '673 patent" and that

they did not intend to rely on marking for the other Asserted Patents. Dkt. 429-9 [Apr. 14, 2025 Letter from Tremblay to Coviello].

On June 5, 2025—one week before the close of fact discovery—Ms. Noel Egnatios, DivX's CEO, stated during her deposition that "[DivX] created a website for [LG] where [LG] could list [DivX's] patent numbers … so they can meet their contractual obligations." Dkt. 593-4 [Deposition of Noel Egnatios, June 5, 2025] at 291:1-3. In its discovery responses, however, DivX never identified any such website (by web address or otherwise), and DivX produced no evidence that any such alleged website was actually used for virtual marking for any DivX patent. Indeed, DivX supplemented its response to Interrogatory No. 19 on June 13, 2025—the last day of fact discovery—but it did not mention any evidence that DivX marked its own products with any patent numbers; and DivX again did not provide any assertion or evidence that DivX or its licensees provided any virtual marking on any website.

Notwithstanding DivX's failure to provide any evidence of patent marking for the products that it sold to its licensees or any other party, in its opposition to Netflix's Motion for Summary Judgment regarding certain damages issues, DivX asserted, without any support, that it "created a website for certain licensees who sought to virtually mark their products." Dkt. 593-1 [DivX's Statement of Genuine Disp. of Material Fact Regarding Certain Damages Issues] at 8. But instead of identifying this alleged marking website, DivX merely cited Ms. Egnatios's entirely unsupported and self-serving deposition testimony that failed to identify any such website. *Id.*

Because DivX never disclosed during discovery any evidence of patent marking for its own products or any evidence of virtual marking by DivX or its licensees, DivX should be precluded from making any such claims or offering any such evidence at trial. *MLC Intell. Prop.*, 10 F.4th at 1372 ("[B]ecause Rule 26(a)(1)(A)(iii) requires timely disclosure of damages information, the district court properly excluded the damages information under Rule 37."); *Hoffman v. Constr.*

*Protective Services, Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008), *as amended* (Sept. 16, 2008) (affirming the preclusion of the "presentation of undisclosed evidence of damages" under Rule 37).

### C. DIVX SHOULD BE PRECLUDED FROM ASSERTING UNTIMELY DAMAGES OPINIONS THAT WERE NOT DISCLOSED IN KENNEDY'S REPORT

On September 3, 2025, nearly two months after DivX's expert David Kennedy served his July 11, 2025 report, DivX served a purported "errata," in which Kennedy offered two previously undisclosed and untimely damages theories for the '792 and '651 Patents. Dkt. 493-17 [Errata to Kennedy Rpt.]. Netflix raised this issue in its September 19, 2025 Motion to Strike Regarding Damages, but the Court's Final Ruling does not specifically discuss this issue. *See* Dkt. 493 [Netflix's Motion to Strike Regarding Damages]; Dkt. 774 [Final Ruling on Dispositive Motions] at 50-54 (ruling on Netflix's Motion to Strike Certain Damages Opinions). Netflix therefore respectfully requests that the Court address this issue and preclude Mr. Kennedy's untimely opinions.

In his purported "errata," Kennedy abandoned his damages opinions that the '792 and '651 Patents provide alleged "security" benefits—which he asserted *four times* in his report for the '792 Patent and *three times* for the '651 Patent. Dkt. 493-17 [Errata to Kennedy Rpt.]. Kennedy then provided an untimely opinion that replaced his prior "security" benefit theories with new theories that these patents instead provide "performance" benefits. *Id*. Kennedy offered his new "performance" benefit opinions nearly a month after Netflix's expert, Dr. Jeffay, pointed out in his August 8, 2025 report that Kennedy's alleged security benefits for the '792 and '651 Patents had no basis. Dkt. 493-7 [Jeffay Rpt.] ¶¶ 328-329, 359. DivX's shifting sands approach to Kennedy's damages theories has severely prejudiced Netflix by precluding its experts from addressing Kennedy's untimely theories in their reports.

1  Accordingly, the Court should preclude Mr. Kennedy from testifying about the untimely opinions he provided in the guise of an "errata." *See Looksmart Grp., Inc. v. Microsoft Corp.*, 386 F. Supp. 3d 1222, 1232 (N.D. Cal. 2019) ("[P]arties are not 'free to withhold their true contentions until long after the contentions deadline has passed.'… A party that plays fast and loose with its damages theories risks having its whole theory struck, as well as additional sanctions.").

## III. CONCLUSION

Netflix respectfully requests that the Court preclude DivX from offering untimely and unsupported evidence, testimony, or argument concerning: (1) assertions that third-party or licensee products practice the Asserted Patents, (2) assertions that DivX marked its own products or that DivX or its licensees performed "virtual" patent marking via an undisclosed website, and (3) Kennedy's untimely "performance" benefit damages opinions for the '792 and '651 Patents that were not disclosed in Kennedy's expert report.

DATED: January 29, 2026

Respectfully submitted,

*/s/ Mary (Mindy) V. Sooter*
Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, 36th Floor
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
360 State Street
Boston, MA 02109
Telephone: (617) 526-6386
Facsimile: (617) 526-5000

*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Netflix, Inc., certifies that this brief contains 1,768 words, which complies with the word limit of L.R. 11-6.1.  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 22, 2026.

DATED: January 29, 2026

*/s/ Mary (Mindy) V. Sooter*

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, a copy of the foregoing document—Defendant Netflix, Inc.'s Memorandum of Law in Support of its Motion *in Limine* to Exclude Improper and Misleading Topics Related to Damages—was served on counsel of record for Plaintiff DivX, LLC, via email:

David M. Stein, dstein@olsonstein.com
David C. McPhie, dmcphie@irell.com
Jason G. Sheasby, jsheasby@irell.com
Lisa Sharrock Glasser, lglasser@irell.com
Emily Tremblay, ETremblay@robinskaplan.com
Aaron R. Fahrenkrog, afahrenkrog@robinskaplan.com
Kia Schmeckpeper, kschmeckpeper@robinskaplan.com
divx-netflix@irell.com
rkdivx@robinskaplan.com

*/s/ Mary (Mindy) V. Sooter*

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com