**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6386
Facsimile: (617) 526-5000

*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

Additional counsel on signature page

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant and Counterclaimant. | Case No. 2:19-cv-1602-GW-AGRx<br><br>**DEFENDANT NETFLIX, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE IMPROPER EVIDENCE OR ARGUMENT BY DIVX ABOUT DIVX**<br><br>Judge: Hon. George H. Wu<br>Date: Feb. 19, 2026<br>Time: 8:30 am |

# TABLE OF CONTENTS

I.    INTRODUCTION ............................................................................................... 1

II.   ARGUMENT ...................................................................................................... 3

    A.    PLAINTIFF'S WITNESSES SHOULD BE PRECLUDED FROM TESTIFYING ABOUT THE ORIGINAL DIVX ABSENT PERCIPIENT KNOWLEDGE .................................................. 3

    B.    PLAINTIFF DIVX SHOULD BE PRECLUDED FROM CONFLATING CURRENT DIVX WITH ORIGINAL DIVX ............. 4

    C.    ARGUMENT OR TESTIMONY IMPLYING THAT DIVX IS SMALL OR IS A STARTUP SHOULD BE PRECLUDED ................. 6

    D.    PLAINTIFF DIVX SHOULD BE PRECLUDED FROM SELECTIVELY DISCLOSING DIVX'S INVESTORS ....................... 8

    E.    PLAINTIFF DIVX SHOULD BE PRECLUDED FROM TESTIFYING THAT PLAINTIFF'S TECHNOLOGY IS IN "BILLIONS" OF DEVICES ................................................................ 10

III.  CONCLUSION ................................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
    2019 WL 2330855 (E.D.N.Y. May 31, 2019)......................................................6

*Contour IP Holding, LLC v. GoPro, Inc.*,
    2021 WL 75666 (N.D. Cal. Jan. 8, 2021) ..........................................................5

*DNT, LLC v. Sprint Spectrum, LP*,
    2010 WL 582164 (E.D. Va. Feb. 12, 2010) .......................................................7

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    2015 WL 4129193 (N.D. Cal. 2015)..................................................................7

*Flomo v. Bridgestone Americas Holding, Inc.*,
    2009 WL 10688034 (S.D. Ind. June 16, 2009) ..................................................9

*Great W. Capital, LLC v. Payne*,
    2024 WL 4444309 (D. Or. Oct. 8, 2024) ...........................................................4

*HTC Corp. v. Tech. Props. Ltd.*,
    2013 WL 4782598 (N.D. Cal. Sept. 6, 2013)....................................................6

*Karlo v. Pittsburgh Glass Works, LLC*,
    2016 WL 69651 (W.D. Pa. Jan. 6, 2016) ..........................................................7

*Mobile Telecommunications Techs., LLC v. Zte (USA) Inc.*,
    2016 WL 8260584 (E.D. Tex. Jul. 22, 2016)....................................................7

*Nanometrics, Inc. v. Optical Sols., Inc.*,
    2023 WL 7169549 (N.D. Cal. Oct. 30, 2023)...................................................6

*Nat'l Products, Inc. v. Arkon Resources, Inc.*,
    2019 WL 12536044 (C.D. Cal. Mar. 25, 2019) ...............................................10

*Ouimet v. USAA Cas. Ins. Co.*,
    2004 WL 5865274 (C.D. Cal. July 14, 2004) ..................................................10

*Peralta v. Swetalla*,
    2021 WL 916055 (E.D. Cal. Mar. 10, 2021)....................................................10

*Personalized User Model, L.L.P. v. Google Inc.*,
  2014 WL 807736 (D. Del. Feb. 27, 2014) ...................................................... 6, 8

*Risinger v. SOC, LLC*,
  306 F.R.D. 655 (D. Nev. 2015) ...................................................................... 10

*Rodgers v. Beechcraft Corp.*,
  2017 WL 592225 (N.D. Okla. Feb. 14, 2017 ..................................................... 7

*Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269 (Fed. Cir. 2011) ................................................................. 10

*Wright v. Touhy*,
  2003 WL 22439864 (N.D. Ill. Oct. 28, 2003) .................................................... 9

**RULES**

Fed. R. Civ. P. 37(c) ............................................................................................. 10

Fed. R. Evid. 401 ......................................................................................... 6, 8, 10

Fed. R. Evid. 402 ................................................................................................ 6, 8

Fed. R. Evid. 403 ........................................................................................ *passim*

## I. INTRODUCTION

Plaintiff DivX, LLC ("DivX" or "Plaintiff") is not the same DivX entity that was involved in the video streaming industry in the early 2000s. The original DivX (and/or its assets) changed hands multiple times, whereas Plaintiff DivX was created in 2017 by the investment firm Fortress Investment Group ("Fortress") to hold the assets it bought, including the Asserted Patents. In particular:

- Between 2010 and 2015, DivX (or its assets) changed its corporate organizational structure and changed hands several times. Dkt. 153 [Netflix Opp. To Mot. To Lift Stay] at 2.

- DivX was acquired in 2015 by a company called NeuLion. At that time, the patents at issue in this case were owned by a subsidiary of NeuLion called Sonic IP, Inc. Dkt. 496 [Standing MSJ Statement of Undisputed Fact] No. 5.

- In 2017, employees from an affiliate of Fortress approached NeuLion with a proposal to purchase "certain patent assets and related patent rights" on behalf of a "to be formed entity." *Id.* No. 7.

- On December 15, 2017, Fortress created DivX CF Holdings LLC (which later changed its name to DivX, LLC, the Plaintiff in this case), which it intended to be the corporate entity to acquire the NeuLion patents. *Id*. Nos. 1, 7.

- On February 13, 2018, the old DivX, LLC changed its name to NLD, LLC. Dkt. 482-13 [Egnatios Dep.] at 175:16-177:2.

- Three days later, newly formed DivX CF Holdings LLC and NeuLion executed a purchase agreement for certain intellectual property assets, including the Asserted Patents. Dkt. 496 [Standing MSJ Statement of Undisputed Fact] Nos. 1, 11. The signatory for DivX CF Holdings LLC, Constantine Dakolias, was then the Co-Chief Investment Officer of Fortress

Credit Funds and later became the Managing Partner and Co-Chairman of Fortress. *Id.* No. 11.

- On February 12, 2018, the Asserted Patents—along with hundreds of other patents and patent applications—were assigned to DivX CF Holdings LLC by NeuLion's subsidiary. *Id*. No. 5. The same day, DivX CF Holdings LLC changed its name to DivX, LLC. *Id*. No. 2. The Certificate of Amendment changing the name was also signed on behalf of DivX CF Holdings LLC by Mr. Dakolias. Ex. 1[1] [Certificate of Amendment] DIVX0002058 at 59.

- Plaintiff DivX has no engineering department, employs only one engineer, is led by an attorney, and engages in litigation and patent licensing as its primary business. Dkt. 482-13 [Egnatios Dep.] at 60:14-19; 140:8-25.

- As DivX's Chief Financial Officer Richard Nagle confirmed, Plaintiff is a pass-through entity and almost all the revenue it generates is passed through to DivX CF Investors LLC, which currently owns a 97% interest in Plaintiff. Dkt. 496 [Standing MSJ Statement of Undisputed Fact] Nos. 17, 19, 21. Moreover, the only members of DivX CF Investors LLC are themselves Fortress entities. *Id*. at Nos. 12, 20.

- Plaintiff's operative LLC Agreement requires that Fortress personnel make up a majority of Plaintiff's management committee, and states explicitly that the Fortress personnel on Plaintiff's management committee do not owe Plaintiff a fiduciary duty. *Id*. at No. 16.

None of this is in dispute. But despite the fact that Plaintiff was formed by Fortress, that Fortress raised the money for, negotiated for, and executed the purchase of the patents Plaintiff now owns, and that Fortress now controls Plaintiff through its Board (management committee), Plaintiff seeks to portray itself as the same company that originally employed the inventors and invented the Asserted Patents. But that

---

[1] Exhibits to this Motion 1–7 are attached to the Denhardt Declaration.

Case 2:19-cv-01602-GW-AGR   Document 797-1   Filed 01/29/26   Page 7 of 18   Page ID #:107374
REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL

narrative is simply not accurate, and any such argument or evidence would inaccurately portray DivX in a sympathetic light and mislead the jury. Plaintiff further apparently intends to introduce such testimony through witnesses who were not affiliated with the original DivX, and thus lack personal knowledge about that entity's business. Therefore, any evidence or argument attempting to equate Plaintiff with the pre-Fortress DivX should be precluded under FRE 403 and 602. If Plaintiff is permitted to state or imply that it is currently the same company as the pre-Fortress DivX, Netflix should be permitted to explain that Plaintiff is a very different business—one that was created by, and is still controlled by, Fortress. In the same vein, Plaintiff cannot selectively disclose certain aspects of its relationship with Fortress, such as the identities of certain potentially sympathetic investors, without Netflix having the opportunity to paint a fuller and more accurate picture of Plaintiff's relationship with Fortress.

## II. ARGUMENT

### A. PLAINTIFF'S WITNESSES SHOULD BE PRECLUDED FROM TESTIFYING ABOUT THE ORIGINAL DIVX ABSENT PERCIPIENT KNOWLEDGE

Under Federal Rule of Evidence 602, "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony." FRE 602. As such, any fact witness that DivX puts forward should not be allowed to testify to facts for which they lack personal knowledge, including facts that occurred before those witnesses were DivX employees.

For example, Noel Egnatios is DivX's current CEO, a role she has held since November 2022. Dkt. 482-13 [Egnatios Dep.] at 26:2-18. Ms. Egnatios became an employee of NeuLion, the prior owner of the Asserted Patents, in July 2014, *id*. at 22:3-22, before becoming Plaintiff's vice president and general counsel in February

-3-   Case No. 2:19-cv-1602-GW-AGRx
NETFLIX'S MEM. ISO MIL TO EXCLUDE IMPROPER EVID. BY DIVX

2018, *id.* at 23:10-14. Ms. Egnatios is on Plaintiff's witness list, and Netflix expects Plaintiff to call Ms. Egnatios as a trial witness. Given that Ms. Egnatios began working at NeuLion in July 2014 (and Plaintiff in February 2018), she should not be permitted to testify about events involving the original DivX that occurred before that date—including any events that purportedly occurred at the original DivX in the early 2000s—as she does not have personal knowledge of those events. Indeed, Ms. Egnatios disclaimed knowledge of events prior to her employment at DivX during her deposition. *See, e.g.*, Dkt. 482-13 [Egnatios Dep.] at 73:21-74:11 ("███"); 119:3-9 ("███"). The same should be true for any other fact witnesses Plaintiff calls. FRE 602; *see also Great W. Capital, LLC v. Payne*, 2024 WL 4444309, at *4 (D. Or. Oct. 8, 2024) (excluding testimony where "Plaintiff offers no reason [the witness] would have personal knowledge of events predating his employment").

### B. PLAINTIFF DIVX SHOULD BE PRECLUDED FROM CONFLATING THE CURRENT DIVX WITH THE ORIGINAL DIVX

DivX CF Holdings LLC was created in 2017 by Fortress, subsequently acquired the old DivX's patents, and renamed itself to DivX, LLC in 2018, before suing Netflix. The new DivX is not the same—and does not share the same business model—as the old DivX. For example, the board of directors of Plaintiff is controlled by Fortress employees, Dkt. 482-13 [Egnatios Dep.] at 60:14-19, its biggest department is its legal department, *id.* at 140:8-11, and its current CEO, Ms. Egnatios, is an attorney, *id.* at 23:10-14. Similarly, Plaintiff no longer has an R&D department and employs only one engineer. *Id.* at 140:13-25. Indeed, Plaintiff changed its name to DivX, LLC in February 2018, only *after* NeuLion assigned patents to Plaintiff—

before then, it was called DivX CF Holdings LLC. Dkt. 496 [Standing MSJ Statement of Undisputed Fact] No. 5.

None of this is in dispute, and Plaintiff's CEO Ms. Egnatios testified under oath to the fact that Plaintiff is different from the original DivX. *See, e.g.*, Dkt. 482-13 [Egnatios Dep.] at 176:11-177:24 (███); *id.* at 179:11-25 ███); *id.* at 208:19-209:14 ("███").

Despite these facts, Plaintiff will likely attempt to hold itself out as the same company as the original DivX. For example, in its summary judgment briefing, *Plaintiff* asserted that *it* "developed digital video technology without interruption since 2000," that it "continued to release products throughout the last 25 years," and that its current CEO Ms. Egnatios "has been with DivX since 2014." Dkt. 598 [DivX's Opp. to Standing MSJ] at 2. All of those statements are demonstrably false, as Plaintiff came into existence in 2017, at the earliest. Allowing Plaintiff to conflate itself with the original DivX would only introduce juror confusion and distract from the issues the jury must decide. *See* FRE 403; *see also Contour IP Holding, LLC v. GoPro, Inc.*, 2021 WL 75666, at *8 (N.D. Cal. Jan. 8, 2021) (granting MIL to preclude Plaintiff from "suggesting it is the same company" as former companies with the same name).

Were Plaintiff allowed to introduce evidence erroneously suggesting it is the same company as the original DivX formed in the early 2000s, Netflix would need to introduce evidence and testimony showing that Plaintiff is not who it claims to be—including information regarding Fortress's formation of DivX CF Holdings, the

renaming of DivX CF Holdings to DivX, LLC, Fortress's negotiation and fundings of the patent acquisition, Fortress's role on Plaintiff's board, the percentage of its business that is devoted to patent litigation, and the amount of money Plaintiff distributes to Fortress. *See Personalized User Model, L.L.P. v. Google Inc.*, 2014 WL 807736, at *3 (D. Del. Feb. 27, 2014) (holding that defendant can present evidence that plaintiff is not "the operating company and predecessor-in-interest" that invented the patents if plaintiff chooses to present evidence on the development history of the patent).

### C. ARGUMENT OR TESTIMONY IMPLYING THAT DIVX IS SMALL OR IS A STARTUP SHOULD BE PRECLUDED

Given that Plaintiff is backed by a multi-billion-dollar international investment firm, the Court should preclude any attempt by Plaintiff to imply that its size or resources are smaller than Netflix's (including through a "David and Goliath" narrative), because such evidence is not only irrelevant but also false and misleading. *See* FRE 401, 402, 403.

DivX should not be permitted to use its size and financial status to characterize this litigation as a tale of "David versus Goliath," portraying Netflix as the "big company" taking advantage of the "little guy." Courts frequently exclude such arguments as unfairly prejudicial. *See e.g.*, *Nanometrics, Inc. v. Optical Sols., Inc.*, 2023 WL 7169549, at *4 (N.D. Cal. Oct. 30, 2023) ("Any relevance of the difference in the parties' sizes is substantially outweighed by the risk of unfair prejudice to Nanometrics of appearing as a 'Goliath' to Optical's 'David.'"); *HTC Corp. v. Tech. Props. Ltd.*, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) ("The court finds that the probative value of evidence related to [defendant's] size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury. …"); *Alarm.com, Inc, v. Securenet Tech. LLC*, No. 15-807-RGA-CJB, at 3 (D. Del. Jan. 23, (No. 242) (excluding "David versus Goliath" arguments); *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 2019 WL

2330855, at *6 (E.D.N.Y. May 31, 2019) (excluding evidence of "parties' wealth, size, or finances to the extent [that] it … characterizes the dispute as one of David versus Goliath," because "the relative ownership structure and wealth of the parties" is irrelevant to determining a reasonable royalty).

If the Court permits DivX to offer testimony regarding Netflix's size relative to Plaintiff, Netflix should be permitted to rebut these mischaracterizations through evidence regarding Plaintiff's funding, organization, and investors. Fortress is an international investment fund with tens of billions of dollars under management, a patent investment portfolio, and a sophisticated group of employees who organize and fund its patent investment and monetization entities. Fortress's size and business model, its relationship to DivX, and its involvement in setting up DivX will all be relevant to rebut any implication that DivX is somehow smaller than Netflix. *See Rodgers v. Beechcraft Corp.*, 2017 WL 592225, at *4 (N.D. Okla. Feb. 14, 2017), *aff'd*, 759 F. App'x 646 (10th Cir. 2018) ("Plaintiffs should be not be permitted to use [certain evidence] as a means to bolster their own case, while preventing defendants from using [similar evidence] as a defense."); *Karlo v. Pittsburgh Glass Works, LLC*, 2016 WL 69651, at *10 (W.D. Pa. Jan. 6, 2016) (denying plaintiff's attempt to "have it both ways" by "introduc[ing] testimony and evidence" to support its case while also "ask[ing] the Court to hide from the jury the full picture"); *Mobile Telecomms. Techs., LLC v. Zte (USA) Inc.*, 2016 WL 8260584, at *3 (E.D. Tex. Jul. 22, 2016) (permitting defendant to "provid[e] a fair and factual overview of [plaintiff's] business model"); *Finjan, Inc. v. Blue Coat Sys., Inc.*, 2015 WL 4129193, at *2 (N.D. Cal. 2015) ("[F]actual evidence concerning Plaintiff's business … is relevant to a damages analysis under the *Georgia-Pacific* factors."); *DNT, LLC v. Sprint Spectrum, LP*, 2010 WL 582164, at *4 (E.D. Va. Feb. 12, 2010) (corporate structure and business of patent owner "is relevant to the issue of witness bias").

Were Plaintiff allowed to imply that it is smaller, less well funded, or somehow weaker than Netflix, Netflix should be entitled to introduce evidence and testimony

showing Fortress's relationship to Plaintiff and its role in Plaintiff's business strategy. *See* Ex. 2 [Trial Tr. *AVM Technologies LLC v. Intel Corp.*, Case No. 15-33-RGA (D. Del. May 1, 2017)] at 310-311 (allowing cross-examination on litigating funding after plaintiff testified he had to "borrow money and had to take a second mortgage" to fund his lawsuit); *see also Personalized User Model,* 2014 WL 807736, at *3 (holding that defendant can present evidence that plaintiff is not "the operating company and predecessor-in-interest" that invented the patents if plaintiff chooses to present evidence on the development history of the patent).

### D. PLAINTIFF DIVX SHOULD BE PRECLUDED FROM SELECTIVELY DISCLOSING DIVX'S INVESTORS

Pursuant to Federal Rules of Evidence 401, 402, and 403, Netflix requests that Plaintiff be precluded from presenting arguments, evidence, or testimony to the jury regarding selective, incomplete references to supposed "investors" that stand to benefit from any recovery by Plaintiff.

In prior proceedings, Fortress-backed entities have selectively disclosed sympathetic investors, such as teachers and universities. *See, e.g.,* Ex. 3 [Trial Tr. *VLSI Technology LLC v. Intel Corp.*, Case No. W-21-CV-57 (W.D. Tex. Feb 22, 2021)] at 300 (a trial witness of VLSI, another Fortress-backed entity, testifying at trial that "teachers unions" "pension funds" and "Texas A&M" stand to benefit if VLSI prevails at trial). Plaintiff should not be permitted to do the same in this case, including by asserting that "[i]nvestors in DivX CF Investors include pension funds such as CalPERS and CalSTRS, and the New York City pension fund for fire, police, and teachers," as Plaintiff has asserted in other briefing. Dkt. 598 [DivX's Opp. to Standing MSJ] at 3.

Netflix sought discovery into the identities of the investors who stand to benefit from Plaintiff's potential recovery in this matter, but both Plaintiff and Fortress refused to disclose their identities. For example, in its response to Netflix's Interrogatory No. 24—which asks Plaintiff to "[i]dentify and describe in detail all

persons or entities who have invested in, are currently investing in and/or will invest in DivX, DivX CF Holdings LLC, and/or DivX CF Investors LLC"—DivX responded by referring to "its Rule 7.1 disclosures" and "the deposition transcripts of Noel Egnatios, Constantine Dakolias, Erez Levy, and Marc K. Furstein," but declined to actually identify any such investors. Ex. 4 [Plaintiff's Resps. to Netflix's Fourth Set of Interrogs.] at 3-4. None of these sources provide a comprehensive list of Plaintiff's investors. Netflix also served a subpoena on Fortress in the Southern District of New York asking for information regarding DivX CF Investor's Investors, but Fortress refused to produce that information after eight months of negotiation. Ex. 5 [Fortress Motion to Compel] at 1-2. When Netflix moved to compel Fortress to produce documents, Fortress opposed. Ex. 6 [Tr. of Dec. 18, 2025 Proceeding, SDNY Motion to Compel] at 7 (denying Netflix's motion to compel Fortress to disclose the identities of the investors in the entities with ownership stakes in DivX CF Investors LLC). And even though the Southern District of New York eventually denied Netflix's motion to compel, the Court noted the impropriety of Plaintiff selectively disclosing the investors in DivX CF Holdings LLC or DivX CF Investors LLC. Ex. 7 [Tr. of Dec. 10, 2025 Proceeding, SDNY Motion to Compel] at 48 (noting that "[i]f DivX is going to start picking and choosing the investors or the beneficiaries that it does identify, I do think it would be incumbent on them to be more expansive and more honest about those disclosures").

After Plaintiff, Fortress, and Plaintiff's Fortress-controlled parent all refused to provide the identities of the full list of investors leading up to the trial, Plaintiff cannot now selectively disclose investors that it believes are sympathetic to the jury at trial. Courts routinely prevent parties from benefiting from such a "sword-and-shield" approach to discovery. *See Wright v. Touhy*, 2003 WL 22439864, at *5 (N.D. Ill. Oct. 28, 2003) ("Selective disclosure is directly at odds with the spirit of liberal discovery and clearly violates Rule 26(e)."); *Flomo v. Bridgestone Americas Holding, Inc.*, 2009 WL 10688034, at *4 (S.D. Ind. June 16, 2009) (referring to selective disclosure as

"truth garbling" and stating that "sword-and-shield litigation tactics are anathema to the Federal Rules' discovery provisions"); *cf. Ouimet v. USAA Cas. Ins. Co.*, 2004 WL 5865274, at *1 (C.D. Cal. July 14, 2004) ("A party may not shield information during discovery and later use it as a sword at trial."); *Risinger v. SOC, LLC*, 306 F.R.D. 655, 665 (D. Nev. 2015) (a party cannot use at trial information "that [was] not produced or made available for inspection and copying during discovery"); *Peralta v. Swetalla*, 2021 WL 916055, at *4 (E.D. Cal. Mar. 10, 2021) ("To object to even providing documents [a party] intends to use at trial … is not consistent with [that party's] discovery obligations.").

### E. PLAINTIFF DIVX SHOULD BE PRECLUDED FROM TESTIFYING THAT PLAINTIFF'S TECHNOLOGY IS IN "BILLIONS" OF DEVICES

To the extent that Plaintiff attempts to put forward testimony that its "technology" is in "billions" of devices, that testimony would be irrelevant and therefore inadmissible. FRE 401. This case is about four specific patents, not Plaintiff's "technology" writ large. The only potentially relevant issue is how many devices allegedly embody the four patents at issue. That is a question on which only an expert may opine. *See Nat'l Products, Inc. v. Arkon Resources, Inc.,* 2019 WL 12536044, at *8 (C.D. Cal. Mar. 25, 2019) (ruling that comparing products to asserted claims is appropriate for expert testimony but not lay testimony). But no expert in this case has opined that "billions" of devices embody the Asserted Patents. *See* Netflix's Concurrently Filed MIL to Exclude Improper And Misleading Topics Related To Damages at 2-3. Without expert testimony opining on whether any devices on the market embody the Asserted Patents, Plaintiff should not be permitted to offer any evidence or argument at trial as to the same. *See Siemens Med. Sols. USA, Inc. v. Saint-Gobain Ceramics & Plastics, Inc.*, 637 F.3d 1269, 1286-87 (Fed. Cir. 2011) (affirming expert "could not testify on matters not disclosed in his expert report or deposition"); *see also* Fed. R. Civ. P. 37 (c)(1) ("If a party fails to provide

information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial. …").

Moreover, as more fully explained in Netflix's concurrently filed Motion *in Limine* To Exclude Improper And Misleading Topics Related To Damages, Plaintiff never named the specific licensee products that allegedly practice any of the Asserted Patents, nor did Plaintiff provide any evidence or explanation of how those licensee products practice any asserted patent claim. *See* Netflix Concurrently Filed MIL to Exclude Improper And Misleading Topics Related To Damages at 2-3; *see also* Dkt. 495-2 [DivX's First Suppl. Resp. to Netflix's First Set of Interrogs., Apr. 27, 2020] at Appendix 1 (Claim Chart for the '673 Patent), Appendix 2 (same for '651 Patent), Appendix 4 (same for '486 Patent). As such, any evidence or argument regarding DivX's technology being in "billions" of devices would mislead the jury and therefore is inadmissible. FRE 403.

### III.  CONCLUSION

Netflix respectfully requests that the Court preclude Plaintiff from offering evidence, testimony, or argument (1) from Plaintiff's witnesses about DivX's business absent percipient knowledge, (2) characterizing Plaintiff as being the same entity as the original DivX, (3) implying that Plaintiff is small relative to Netflix, (4) selectively disclosing Plaintiff's investors, and (5) that claims Plaintiff's technology is in "billions" of devices.

DATED: January 29, 2026

Respectfully submitted,

*/s/ Taylor Gooch*
Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, 36th Floor
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
360 State Street
Boston, MA 02109
Telephone: (617) 526-6386
Facsimile: (617) 526-5000


*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Netflix, Inc., certifies that this brief contains 3,536 words, which complies with the word limit of L.R. 11-6.1. This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on January 22, 2026.

DATED: January 29, 2026

*/s/ Taylor Gooch*
Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, a copy of the foregoing document—Defendant Netflix, Inc.'s Memorandum *in Limine* to Exclude Improper Evidence or Argument by DivX About DivX—was served on counsel of record for Plaintiff DivX, LLC, via email:

David M. Stein, dstein@olsonstein.com
David C. McPhie, dmcphie@irell.com
Jason G. Sheasby, jsheasby@irell.com
Lisa Sharrock Glasser, lglasser@irell.com
Emily Tremblay, ETremblay@robinskaplan.com
Aaron R. Fahrenkrog, afahrenkrog@robinskaplan.com
Kia Schmeckpeper, kschmeckpeper@robinskaplan.com
divx-netflix@irell.com
rkdivx@robinskaplan.com

          */s/ Taylor Gooch*
          Joseph Taylor Gooch (SBN 294282)
          Taylor.Gooch@wilmerhale.com