**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

Mary (Mindy) V. Sooter (pro hac vice)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone:    (720) 274-3164
Facsimile:    (720) 274-3133

Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
50 California Street, Suite 3600
San Francisco, CA  94111
Telephone:    (628) 235-1000
Facsimile:    (628) 235-1001

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
60 State St.
Boston, MA 02109
Telephone:    (617) 526-6386
Facsimile:    (617) 526-5000

*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

Additional counsel on signature page

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant and Counterclaimant. | Case No. 2:19-cv-1602-GW-AGRx<br><br>**DEFENDANT NETFLIX, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE PREJUDICIAL AND IRRELEVANT EVIDENCE ABOUT NETFLIX**<br><br>Judge: Hon. George H. Wu<br>Date: Feb. 19, 2026<br>Time: 8:30 am |

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 1

    A. DivX Should Be Precluded from Presenting Irrelevant and Prejudicial Financial Information about Netflix to the Jury ................... 1

    B. DivX Should Be Precluded From Making Pejorative References About Netflix, Including Falsely Portraying Netflix As A Bad Actor ........................................................................................................ 4

    C. DivX Should Be Precluded From Offering Evidence Or Making Pejorative References To Falsely Portray Netflix As Greedy Or Unscrupulous, Or As Having No Rules ................................................. 6

    D. DivX Should Be Precluded From Making References To Netflix's Recent Acquisition Bid For Warner Bros. Discovery .......................... 7

    E. DivX Should Be Precluded From Making False Allegations That Netflix Has Negatively Impacted The Film and Television Industry ................................................................................................... 9

III. CONCLUSION ................................................................................................. 10

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*,
   2019 WL 2330855 (E.D.N.Y. May 31, 2019) .................................................. 5

*Bender v. City of Rialto*,
   2022 WL 1502514 (C.D. Cal. Mar. 21, 2022) .................................................. 9

*BioMérieux, S.A. v. Hologic, Inc.*,
   2020 WL 583917 (D. Del. Feb. 6, 2020) ......................................................... 3

*CardiAQ Valve Techs., Inc. v. Neovasc Inc.*,
   2016 WL 8203206 (D. Mass. Apr. 25, 2016) ................................................... 3

*Carucel Invs., L.P. v. Novatel Wireless, Inc.*,
   2017 WL 1215838 (S.D. Cal. Apr. 3, 2017) ..................................................... 2

*Geiger v. Pfizer, Inc.*,
   2009 WL 1026479 (S.D. Ohio Apr. 15, 2009) .................................................. 9

*Glaros v. H.H. Robertson Co.*,
   797 F.2d 1564 (Fed. Cir. 1986) ........................................................................ 9

*Golden Bridge Tech. v. Apple Inc.*,
   2014 WL 4057187 (N.D. Cal. June 1, 2014) .................................................... 4

*Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*,
   434 F.3d 1081 (8th Cir. 2006) .......................................................................... 9

*Hillman Grp., Inc. v. KeyMe, LLC*,
   2021 WL 1248180 (E.D. Tex. Mar. 30, 2021) .................................................. 5

*HTC Corp. v. Tech. Props. Ltd.*,
   2013 WL 4782598 (N.D. Cal. 2013) ................................................................ 4

*Iniguez v. Wayfair, LLC*,
   2024 WL 5466674 (C.D. Cal. Dec. 20, 2024) .............................................. 3, 8

*LaserDynamics, Inc. v. Quanta Computer, Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) ............................................................................ 2

*Maxell, Ltd. v. Apple Inc.*,
   2021 WL 3021253 (E.D. Tex. Feb. 26, 2021) ................................................... 3

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
   2019 WL 2437073 (N.D. Cal. June 11, 2019) ............................................. 5, 7

*Nanometrics, Inc. v. Optical Sol'ns., Inc.*,
   2023 WL 7169549 (N.D. Cal. Oct. 30, 2023)................................................... 5

*Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*,
   2019 WL 5206273 (N.D. Ill. 2019).................................................................. 3

*PACT XPP Techs., AG v. Xilinx, Inc.*,
   2012 WL 2774971 (E.D. Tex. May 13, 2012) ................................................ 8

*Prima Partners LLC v. Waterhouse*,
   2019 WL 9358723 (D. Colo. Mar. 25, 2019).................................................. 7

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010) ......................................................................... 2

*Rmail Ltd. v. Amazon.com, Inc.*,
   2019 WL 13215406 (E.D. Tex. June 21, 2019)............................................... 5

*Smith for J.L. v. Los Angeles Unified Sch. Dist.*,
   2018 WL 6136812 (C.D. Cal. Jan. 16, 2018) ................................................. 8

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) .............................................................. 1, 2, 8

**RULES**

Fed. R. Evid. 401 ......................................................................................... 4, 6, 7, 8

Fed. R. Evid. 402 ......................................................................................... 1, 4, 6, 7

Fed. R. Evid. 403 ................................................................................... 1, 4, 6, 7, 8, 9

Fed. R. Evid. 404 .................................................................................................. 6, 7

Fed. R. Evid. 802 .................................................................................................... 8

I.  INTRODUCTION

Netflix moves *in limine* to preclude DivX from presenting inflammatory and irrelevant arguments and evidence about Netflix to the jury. Such references should be excluded prior to trial because they have no probative value to the issues to be tried and would cause unfair prejudice, jury confusion, and undue delay. Allowing the jury to hear assertions or evidence regarding these topics would introduce irrelevant and highly prejudicial information that cannot be unseen or disregarded, no matter how carefully the Court might later attempt to cabin it through a curative instruction. Because such prejudice would permeate the jury's deliberations and distort its evaluation of the patent issues to be tried, no curative instruction could adequately undo the resulting harm.

II. ARGUMENT

### A.  DIVX SHOULD BE PRECLUDED FROM PRESENTING IRRELEVANT AND PREJUDICIAL FINANCIAL INFORMATION ABOUT NETFLIX TO THE JURY

Pursuant to Federal Rules of Evidence 402 and 403, DivX should be precluded from offering evidence or making arguments about Netflix's overall size, global revenues, revenues in other countries, financial resources, alleged market power, market capitalization, and overall financial performance, including Netflix's total revenues and overall profits. In addition to not being relevant to any issue in the case, referring to total revenues, total profits, and other overall financial measures would prejudice Netflix by unfairly "skew[ing] the damages horizon for the jury." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1320 (Fed. Cir. 2011).

*First*, under well-established Federal Circuit precedent, a company's overall revenues and financial performance are not relevant to damages where—as DivX

concedes here[1]—the plaintiff's damages theory is not based on the "entire market value rule." *See LaserDynamics, Inc. v. Quanta Computer, Inc.*, 694 F.3d 51, 68 (Fed. Cir. 2012) ("Admission of such overall revenues, which have no demonstrated correlation to the value of the patented feature alone, only serve to make a patentee's proffered damages amount appear modest by comparison, and to artificially inflate the jury's damages calculation beyond that which is 'adequate to compensate for the infringement.'") (quoting 35 U.S.C. § 284).

*Second*, it is equally well established that it is prejudicial for a plaintiff to refer to a company's total revenues, or other irrelevant large dollar amounts or overall financial data, that have no connection to the Asserted Patents[2] or accused features—because such evidence would improperly "skew the damages horizon" for the jury. *See Uniloc*, 632 F.3d at 1320 ("The disclosure that a company has made $19 billion dollars in revenue from an infringing product cannot help but skew the damages horizon for the jury, regardless of the contribution of the patented component to this revenue."); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 869 (Fed. Cir. 2010) ("[E]vidence unrelated to the claimed invention does not support compensation for infringement but punishes beyond the reach of the statute."). Indeed, Courts have long recognized that if a jury is told that a company generates a high overall revenue, the jury may be "inflame[d]" to punish the defendant with excessive damages that are not based on the merits of the case or the purported value of the patented technology. Instead, the jury may be more likely to award higher damages on an improper theory that the defendant can "afford" to pay more. *See, e.g., Carucel Invs.,*

---

[1] *See* Dkt. 592 [DivX Opp. to Netflix Damages Daubert] at 11 (arguing that "Mr. Kennedy apportioned from the smallest salable unit and did not invoke the Entire Market Value Rule").

[2] The remaining Asserted Patents are U.S. Patent Nos. 7,295,673 ("'673 Patent"), 10,212,486 ("'486 Patent"), 8,472,792 ("'792 Patent"), and 8,139,651 ("'651 Patent") (collectively the "Asserted Patents").

*L.P. v. Novatel Wireless, Inc.*, 2017 WL 1215838, at *20 (S.D. Cal. Apr. 3, 2017), aff'd, 730 F. App'x 938 (Fed. Cir. 2018) ("[T]he probative value, if any, of Verizon's overall revenue and overall profit is substantially outweighed by the risk of unfair prejudice and, therefore, should be excluded[.]"); *Oil-Dri Corp. of Am. v. Nestle Purina Petcare Co.*, 2019 WL 5206273, at *2 (N.D. Ill. 2019) (excluding evidence of defendant's "size and wealth" because portraying defendant as a "multi billion dollar multinational company" would "inflame the jury").

Accordingly, Courts routinely exclude evidence and statements regarding a company's size and overall financial performance from trials, including patent and intellectual property trials.[3] *See, e.g.*, *Iniguez v. Wayfair, LLC*, 2024 WL 5466674, at *3 (C.D. Cal. Dec. 20, 2024) (excluding "evidence regarding defendant's size, wealth and/or financial condition") (cleaned up); *Maxell, Ltd. v. Apple Inc.*, 2021 WL 3021253, at *6 (E.D. Tex. Feb. 26, 2021) (precluding reference to "revenues associated with unaccused products and Apple's ability to pay … alleged damages"); *BioMérieux, S.A. v. Hologic, Inc.*, 2020 WL 583917, at *2 (D. Del. Feb. 6, 2020) (excluding "evidence of Defendants' overall financial state or revenues not tied to the accused products" because the "minimal probative value of such evidence to issues actually being decided by the jury is substantially outweighed by the risk of unfair prejudice to Defendants"); *CardiAQ Valve Techs., Inc. v. Neovasc Inc.*, 2016 WL 8203206, at *2 (D. Mass. Apr. 25, 2016) (excluding information about defendant's "financial condition" based on "danger that the jury could award damages unduly

---

[3] Indeed, several courts have standing orders that exclude such evidence. *See* Order on Motions *in Limine*, Albright, J. (W.D. Tex.), https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Standing-Order-Governing-Proceedings-Patent-Cases-01232024.pdf ("The parties shall be precluded from introducing evidence, testimony, or argument concerning any party's overall financial size, wealth, or executive compensation."); Standing Order on Motions *in Limine*, Gilstrap, J. (E.D. Tex.), https://www.txed.uscourts.gov/sites/default/files/judgeFiles/12.14.22%20Standing%20Order%20on%20Motions%20in%20Limine.pdf (same).

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

based on … ability to pay"); *Golden Bridge Tech. v. Apple Inc.*, 2014 WL 4057187, at *2 (N.D. Cal. June 1, 2014) (granting motion to exclude "argument or testimony regarding Apple's size, wealth, market capitalization, cash, [and] overall revenues") (cleaned up); *HTC Corp. v. Tech. Props. Ltd.*, 2013 WL 4782598, at *6 (N.D. Cal. Sept. 6, 2013) ("[T]he probative value of evidence related to HTC's size, wealth, or overall revenues is substantially outweighed by the risk of unfair prejudice, confusion of the issues and misleading the jury").  Such evidence should likewise be excluded here.

### B. DIVX SHOULD BE PRECLUDED FROM MAKING PEJORATIVE REFERENCES ABOUT NETFLIX, INCLUDING FALSELY PORTRAYING NETFLIX AS A BAD ACTOR

DivX should be precluded from pejoratively characterizing Netflix (explicitly or implicitly) to the jury, for example by using terms improperly suggesting that Netflix or its employees are bad actors, that Netflix refuses to license patents outside of litigation, that Netflix forces patent owners to file suit, or that Netflix is a patent "holdout," a "Goliath," a "bully" to smaller companies, or other similar terms that are intended to attack Netflix's and its employees' reputation and inflame the jury. Likewise, arguments or comments that improperly argue or suggest that Netflix "took," "stole," "copied," "pirated," or otherwise knowingly misappropriated DivX's technology should be excluded.

Such unfounded disparaging terms and accusations have no relevance to any issue in this case.  FRE 401, 402.  Indeed, DivX admittedly is not pursuing a willful infringement claim at trial.  *See* Ex. 1 [Sept. 12, 2025 Email from Dennhardt to Tremblay] ("Thank you also for confirming that DivX does not contend that willful infringement is pleaded in the case and that DivX does not intend to raise a claim of willful infringement on any Asserted Patent at trial.").  Moreover, such disparaging terms and comments would unduly prejudice Netflix before the jury by improperly

inciting them to punish Netflix based on meritless character attacks rather than evaluate the merits of the case. FRE 403.

Courts routinely exclude such disparaging references about a party because they have no probative value and pose high risk of undue prejudice.[4] *See, e.g.*, *Nanometrics, Inc. v. Optical Sol'ns., Inc.*, 2023 WL 7169549, at *4 (N.D. Cal. Oct. 30, 2023) (excluding reference to "the parties' size disparity" because of "the risk of unfair prejudice to Nanometrics of appearing as a 'Goliath' to Optical's 'David'"); *Hillman Grp., Inc. v. KeyMe, LLC*, 2021 WL 1248180, at *6 (E.D. Tex. Mar. 30, 2021) (precluding "derogatory, disparaging, and/or pejorative references" to either party, including characterizing the litigation as a "David and Goliath scenario") (cleaned up); *Rmail Ltd. v. Amazon.com, Inc.*, 2019 WL 13215406, at *4 (E.D. Tex. June 21, 2019) (precluding evidence or arguments that "denigrate Defendants, such as painting a 'David and Goliath' scenario, or analogizing patent infringement to theft, and the like"); *Am. Tech. Ceramics Corp. v. Presidio Components, Inc.*, 2019 WL 2330855, at *6 (E.D.N.Y. May 31, 2019) (excluding evidence that "characterizes the dispute as one of David versus Goliath," because "the relative ownership structure and wealth of the parties" is irrelevant to the merits); *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 2019 WL 2437073, at *4 (N.D. Cal. June 11, 2019) (precluding

---

[4] Some courts have standing orders that exclude such pejorative and inflammatory references. *See, e.g.*, Order on Motions *in Limine*, Albright, J. (W.D. Tex.), https://www.txwd.uscourts.gov/wp-content/uploads/2023/01/Standing-Order-Governing-Proceedings-Patent-Cases-01232024.pdf ("The parties shall be precluded from introducing evidence, testimony, or argument referring to any other person or entity as 'greedy,' 'corrupt,' 'evil,' or 'dishonest,' or using any other pejorative term. The parties shall also be precluded from introducing evidence, testimony, or argument that characterizes any other person or entity's actions as 'stealing,' 'copying,' 'misappropriating,' 'pirating,' 'trespassing,' or any similar terms."); *see also, e.g.*, Standing Order on Motions *in Limine*, Gilstrap, J. (E.D. Tex.), https://www.txed.uscourts.gov/sites/default/files/judgeFiles/12.14.22%20Standing%20Order%20on%20Motions%20in%20Limine.pdf (same).

plaintiff from "referring to Micron as 'the last/lone holdout,' 'an invention plagiarist,' and/or a 'dirty rotten infringer'"). In addition to causing unfair prejudice to Netflix, these types of references are essentially a type of inadmissible "bad character" evidence: evidence seeking to "prove that on a particular occasion the [entity] acted in accordance with the character or trait." FRE 404.

There is no proper reason for the jury to hear such irrelevant, unfounded, and pejorative remarks, and they should be excluded.

### C. DIVX SHOULD BE PRECLUDED FROM OFFERING EVIDENCE OR MAKING PEJORATIVE REFERENCES TO FALSELY PORTRAY NETFLIX AS GREEDY OR UNSCRUPULOUS, OR AS HAVING NO RULES

Pejorative references or arguments that are intended to falsely portray Netflix as greedy or unscrupulous, or to suggest that Netflix ███████████ are irrelevant to the issues in the case, unfairly prejudice Netflix, and constitute improper character evidence, and should be excluded. FRE 401, 402, 403, 404.

DivX has already indicated a willingness to use such references, including in its technical expert's report—where such references have no relevance to any material issues—and in questions directed at a Netflix witness, which similarly lack relevance. For example:

- DivX's technical expert, Dr. Nick Feamster, referenced ███████  ███████ to write in his expert report that ███████ ███████ Ex. 2, [Feamster Opening Rpt.] at 32-33.

- Dr. Feamster also asserted, quoting a ███████ ███████, that ███████ ███████ ███████ Ex. 2, [Feamster Opening Rpt.] at 29-30.

- During the deposition of Helen Ponce, Netflix's VP Corporate Controller, counsel for DivX referenced ▮▮▮▮ ▮▮▮▮ and repeatedly asked her ▮▮▮▮ ▮▮▮▮ Ex. 3, [Dep. of Helen Ponce, May 30, 2025] at 85:16-86:18.

These statements and arguments are irrelevant and are only meant to inflame the jury in hopes of persuading the jury to punish Netflix. FRE 401, 402, 403. In addition, Ms. Ponce disagreed with DivX's counsel's ▮▮▮▮ ▮▮▮▮ Ex. 3, [Ponce Dep.] at 86:12-18.

Moreover, any use by DivX of these or similar documents to attempt to falsely portray Netflix as greedy or unprincipled would be highly prejudicial and improper, and would have no probative value to the merits of the case. *See* FRE 403; *MLC Intell. Prop.*, 2019 WL 2437073, at *4 (precluding plaintiff from "referring to Micron as 'the last/lone holdout,' 'an invention plagiarist,' and/or a 'dirty rotten infringer'" as such references cause unfair prejudice). Further, such references and comments should be excluded for the independent reason that they are essentially an improper use of character evidence to suggest that Netflix "acted in accordance with [an alleged bad] character or trait" with regard to infringement. FRE 404(a); *Prima Partners LLC v. Waterhouse*, 2019 WL 9358723, at *1 (D. Colo. Mar. 25, 2019) (excluding pejorative reference to plaintiff as "improper character evidence excluded under the Federal Rules of Evidence").

### D. DIVX SHOULD BE PRECLUDED FROM MAKING REFERENCES TO NETFLIX'S RECENT ACQUISITION BID FOR WARNER BROS. DISCOVERY

Any mention of Netflix's bid to acquire Warner Bros. Discovery, first made public in December 2025, should be excluded as irrelevant to any issue in this case and as prejudicial to Netflix. FRE 401, 402, 403.

Netflix's bid for Warner Bros. Discovery involves a potential business transaction that has nothing to do with DivX's patent infringement or damages claims. *See PACT XPP Techs., AG v. Xilinx, Inc.*, 2012 WL 2774971, at *2 (E.D. Tex. May 13, 2012) (excluding evidence of "valuations or proposed transactions involving unasserted patents" between the parties). Any such references by design would be unduly prejudicial to Netflix, because it would add to the above-mentioned inflammatory depiction of Netflix as a "Goliath" to DivX's "David." Indeed, such argument could improperly influence the jury to inflate any damages award based on improper and irrelevant consideration of Netflix's financial resources or position in the industry. *See Iniguez*, 2024 WL 5466674, at *2 ("[T]he probative value of evidence relating to a party's financial condition is substantially outweighed by the danger of unfair prejudice."); *Uniloc*, 632 F.3d at 1320 (such references "skew the damages horizon for the jury").[5]

---

[5] Some third-party commentators have made unfounded and entirely irrelevant accusations that paint Netflix's acquisition bid in a negative light. *See, e.g.*, "The Good, the Bad and the Ugly of the Netflix-Warner Bros. Acquisition," *The Huntington News*, https://huntnewsnu.com/90727/lifestyle/netflix-warner-bros-acquisition/ (Jan. 15, 2026). Such unfounded commentary should also be excluded as hearsay and because it has no relevance to the patent or damages issues in the case. It would serve only the improper and prejudicial purpose of attempting to generate antipathy to Netflix with the jury. *See* FRE 401, 403, 802. Moreover, Netflix's bid could raise political issues that have no relevance here, would be prejudicial to Netflix, and would distract the jury from the merits of the case. *See* "Trump Looms Over Netflix's Deal for Warner Bros. Discovery," NY Times (Dec. 8, 2025) https://www.nytimes.com/2025/12/08/business/dealbook/trump-effect-netflix-warner-bros.html. Any such references should be excluded. *See Smith for J.L. v. Los Angeles Unified Sch. Dist.*, 2018 WL 6136812, at *9-10 (C.D. Cal. Jan. 16, 2018), *order clarified*, 2018 WL 6137133 (C.D. Cal. Feb. 13, 2018) (excluded unrelated newspaper articles about defendant as "irrelevant, likely to be more prejudicial than probative, and hearsay").

Such references to Netflix's bid for Warner Bros. Discovery should be excluded because it would distract from the merits of this already complex, four-patent dispute. Allowing DivX to invoke even the mere existence of the bid (let alone the payment amount) would unfairly prejudice Netflix by creating a significant and unnecessary diversion from the core issues the Court and the jury must decide. Such an improper side-show would be a complete waste of time and a distraction to the jury, and Netflix would be forced unfairly to respond to these allegations, prejudicing Netflix's trial presentation and taking time from its defense on the merits. *See* FRE 403; *Glaros v. H.H. Robertson Co.*, 797 F.2d 1564, 1572-73 (Fed. Cir. 1986) (affirming exclusion of evidence that "would have injected frolics and detours and would have required introduction of counter-evidence, all likely to create side issues that would have unduly distracted the jury from the main issues"); *Bender v. City of Rialto*, 2022 WL 1502514, at *4 (C.D. Cal. Mar. 21, 2022) ("Evidence may be excluded when its admission would lead to litigation of collateral issues, thereby creating a side issue which might distract the jury from the main issues.") (citation omitted).

### E. DIVX SHOULD BE PRECLUDED FROM MAKING FALSE ALLEGATIONS THAT NETFLIX HAS NEGATIVELY IMPACTED THE FILM AND TELEVISION INDUSTRY

Any implications or allegations that Netflix has negatively impacted the film and television industry, or the entertainment industry generally, is similarly irrelevant to the issues in this case and should be excluded. *See, e.g.*, *Geiger v. Pfizer, Inc.*, 2009 WL 1026479, at *10 (S.D. Ohio Apr. 15, 2009) (excluding "evidence regarding Pfizer's … stature in the pharmaceutical industry because such information i[s] irrelevant and unfairly prejudicial"); *Goss Int'l Corp. v. Man Roland Druckmaschinen Aktiengesellschaft*, 434 F.3d 1081, 1098 (8th Cir. 2006) (holding "district court did not abuse its considerable discretion in deciding generalized reputation evidence would serve no purpose other than to divert the jury's attention away from the relevant

evidence and issue"). Such improper and unfounded accusations that Netflix has negatively affected other competing companies or people in the film, television, or entertainment industry have no relevance to DivX's patent infringement claims or its alleged damages. In addition, such evidence would also be grossly prejudicial to Netflix by seeking to incite jurors to punish Netflix based on unfounded claims that are not relevant to any issue in the case. Such accusations have no place in this trial and should be excluded.

**III.   CONCLUSION**

For the foregoing reasons, Netflix respectfully asks the Court to grant this Motion *In Limine* to exclude: (a) statements or evidence about Netflix's overall financials, including total revenue, total sales, size, overall profits, or similar references; (b) pejorative references to Netflix, including terms like patent holdout, technology thief, goliath, and other similar terms suggesting that Netflix is a bad actor; (c) pejorative references to falsely portray Netflix as being greedy or unscrupulous, or as having no rules; (d) Netflix's recent acquisition bid for Warner Bros. Discovery, and (e) any allegations that Netflix has negatively impacted the movie or television industry.

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

DATED: January 29, 2026

Respectfully submitted,

*/s/ Joseph Taylor Gooch*
Joseph Taylor Gooch (SBN 294282)
Taylor.gooch@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
50 California Street, 36th Floor
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
  HALE AND DORR LLP
360 State Street
Boston, MA 02109
Telephone: (617) 526-6386
Facsimile: (617) 526-5000

*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Netflix, Inc., certifies that this brief contains 2,961 words, which complies with the word limit of L.R. 11-6.1. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 22, 2026.

DATED: January 29, 2026

*/s/ Taylor Gooch*
Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com

**REDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL**

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, a copy of the foregoing document—Defendant Netflix, Inc.'s Memorandum in Support of Its Motion in Limine to Exclude Prejudicial and Irrelevant Evidence About Netflix—was served on counsel of record for Plaintiff DivX, LLC, via email:

*/s/ Taylor Gooch*
Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com