Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

| | |
|---|---|
| Joseph Taylor Gooch (SBN 294282) | Dominic E. Massa (*pro hac vice*) |
| Taylor.Gooch@wilmerhale.com | Dominic.Massa@wilmerhale.com |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|  HALE AND DORR LLP |  HALE AND DORR LLP |
| 50 California Street, Suite 3600 | 60 State Street |
| San Francisco, CA 94111 | Boston, MA 02109 |
| Telephone: (628) 235-1000 | Telephone: (617) 526-6386 |
| Facsimile: (628) 235-1001 | Facsimile: (617) 526-5000 |

*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

Additional counsel on signature page

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIVX, LLC, a Delaware limited liability company,<br><br>Plaintiff and Counterclaim-Defendant,<br><br>v.<br><br>NETFLIX, INC., a Delaware corporation,<br><br>Defendant and Counterclaimant. | Case No. 2:19-cv-1602-GW-AGRx<br><br>**DEFENDANT NETFLIX, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* ON PROCEDURAL ISSUES**<br><br>Judge: Hon. George H. Wu<br>Date: Feb. 19, 2026<br>Time: 8:30 am |

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | ARGUMENTS | 1 |
| | A. DIVX SHOULD BE PRECLUDED FROM REFERENCING ANY DISCOVERY DEFICIENCIES OR DISPUTES | 1 |
| | B. DIVX SHOULD BE PRECLUDED FROM REFERENCING PROTECTIVE ORDER PROVISIONS, INCLUDING THE SOURCE CODE REVIEW CONDITIONS | 3 |
| | C. DIVX SHOULD BE PRECLUDED FROM REFERENCING THE SIZE AND COMPOSITION OF NETFLIX'S TRIAL TEAM | 5 |
| | D. DIVX SHOULD BE PRECLUDED FROM REFERENCING THE IMPACT OF A VERDICT, OR THE ALLEGED "IMPORTANCE" OF THIS CASE TO SOCIETY, INNOVATION, OR THE PARTIES' BUSINESSES OR INDUSTRIES | 5 |
| | E. DIVX SHOULD BE PRECLUDED FROM REFERENCING WITHDRAWN OR DISMISSED CLAIMS AND DEFENSES | 7 |
| | F. DIVX SHOULD BE PRECLUDED FROM REFERENCING EXCLUDED EXPERT TESTIMONY | 8 |
| | G. DIVX SHOULD BE PRECLUDED FROM ASKING QUESTIONS INTENDED TO ELICIT ATTORNEY-CLIENT PRIVILEGED INFORMATION, OR INVITING THE JURY TO DRAW NEGATIVE INFERENCES FROM CLAIMS OF PRIVILEGE | 9 |
| | H. DIVX SHOULD BE PRECLUDED FROM REFERENCING REDACTED INFORMATION | 11 |
| | I. DIVX SHOULD BE PRECLUDED FROM REFERENCING SPECULATION AS TO ATTORNEY ADVICE OR INFLUENCE ON WITNESS'S DEPOSITION ERRATA | 12 |
| | J. DIVX SHOULD BE PRECLUDED FROM REFERENCING (OR INVITING THE JURY TO DRAW A NEGATIVE INFERENCE FROM) A FACT WITNESS'S FAILURE TO OFFER NON-INFRINGEMENT OR INVALIDITY OPINIONS | 12 |
| III. | CONCLUSION | 12 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
  2010 WL 11451797 (E.D. Tex. Mar. 31, 2010) ...................................................... 8

*Aghmane v. Bank of America, N.A.*,
  2018 WL 558886 (N.D. Cal. Jan. 25, 2018) ......................................................... 6

*Alamar Ranch, LLC v. County of Boise*,
  2010 WL 5186182 (D. Idaho Dec. 4, 2010) ....................................................... 10

*Allstate Ins. Co. v. Nassiri*,
  2013 WL 2394116 (D. Nev. May 30, 2013) ........................................................ 5

*Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*,
  2009 WL 10674074 (S.D. Cal. Apr. 1, 2009) ....................................................... 3

*Broadcom Corp. v. Emulex Corp.*,
  2011 WL 13130705 (C.D. Cal. Aug. 10, 2011) .................................................... 8

*Chaudhry v. Smith*,
  2020 WL 869115 (E.D. Cal. Feb. 21, 2020) ......................................................... 6

*U.S. v. Columbia Broad. Sys., Inc.*,
  666 F.2d 364 (9th Cir. 1982) .............................................................................. 4

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001) ................................................................ 10

*Comprehensive Toxicology Billing, LLC v. Nord*,
  2017 WL 11639175 (C.D. Cal. Feb. 3, 2017) ...................................................... 9

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ........................................................................................... 8

*Eastman v. Thompson*,
  594 F. Supp. 3d 1156 (C.D. Cal. 2022) ............................................................. 10

*Fitzpatrick v. Ford Motor Co.*,
  2024 WL 2331843 (C.D. Cal. Jan. 5, 2024) ........................................................ 4

*Gray v. Perry*,
   2019 WL 2992007 (C.D. Cal. July 5, 2019) ....................................................... 7

*Green v. Logan's Roadhouse, Inc.*,
   2015 WL 200977 (S.D. Miss. Jan. 14, 2015) ..................................................... 5

*Hassaine v. Home Depot, U.S.A., Inc.*,
   2011 WL 1213094 (S.D. Cal. Mar. 30, 2011) ..................................................... 4

*Inland Empire Foods v. Zateca Foods*,
   2010 WL 11519623 (C.D. Cal. Aug. 13, 2010) ................................................ 11

*Kinetic Concepts, Inc. v. Bluesky Med. Corp.*,
   2006 WL 6505348 (W.D. Tex. May 31, 2006) ............................................. 7, 8

*Kinsel v. BMW of N. Am., LLC*,
   2023 WL 11899597 (D. Ariz. June 21, 2023) ................................................... 5

*Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.*,
   383 F.3d 1337 (Fed. Cir. 2004) ....................................................................... 10

*M.C. v. Princeton Excess & Surplus Lines Ins. Co.*,
   2017 WL 3579699 (C.D. Cal. June 1, 2017) ..................................................... 9

*Mformation Techs., Inc. v. Research in Motion, Ltd.*,
   2012 WL 2339762 (N.D. Cal. June 7, 2012) ..................................................... 2

*Mitra Mirage v. Costco Wholesale Corp.*,
   2025 WL 3692007 (C.D. Cal. Nov. 21, 2025) ................................................... 4

*Nanometrics, Inc. v. Optical Sols., Inc.*,
   2023 WL 7169549 (N.D. Cal. Oct. 30, 2023) .................................................... 6

*In re NCAA Student-Athlete Name & Likeness Licensing Litig.*,
   2013 WL 1997252 (N.D. Cal. May 13, 2013) ................................................. 11

*Doe ex rel. Rudy-Glanzer v. Glanzer*,
   232 F.3d 1258 (9th Cir. 2000) ......................................................................... 10

*Strickholm v. Evangelical Lutheran Good Samaritan Soc'y*,
   2013 WL 788096 (D. Idaho Mar. 1, 2013) ........................................................ 5

*Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*,
   2025 WL 1565327 (S.D.N.Y. June 3, 2025) ...................................................... 9

*Thomas v. Petro-Canada America Lubricants, LLC*,
 2024 WL 1110917 (C.D. Cal. Feb. 1, 2024) .......................................................... 3

*Zamora v. BMW of N. Am., LLC*,
 2022 WL 17061082 (C.D. Cal. Sept. 13, 2022) ..................................................... 8

**Rules**

Fed. R. Evid. 702 ............................................................................................................ 8

Fed. R. Evid. 401 ..................................................................................................... *passim*

Fed. R. Evid. 402 ..................................................................................................... *passim*

Fed. R. Evid. 403 ..................................................................................................... *passim*

## I. INTRODUCTION

Discovery, briefing, and other indications suggest that DivX, LLC ("DivX"), and its counsel will try to offer improper evidence and argument for purposes of trial atmospherics that have no relevance at all to the claims and defenses that will be tried to the jury. Those subjects will serve only to encourage an emotional response from the jury and a bias against Defendant Netflix, Inc. ("Netflix"). Netflix respectfully requests that Plaintiff be precluded from injecting confusion by raising these improper, irrelevant, and prejudicial issues at trial.

## II. ARGUMENTS

### A. DIVX SHOULD BE PRECLUDED FROM REFERENCING ANY DISCOVERY DEFICIENCIES OR DISPUTES

DivX and its experts have indicated that, in an effort to paint Netflix in a negative light, they intend to argue that Netflix failed to produce relevant information during discovery, thereby hindering DivX's ability to prove its case. This argument is improper not only because Netflix did not withhold discovery, but also because DivX never moved to compel the allegedly withheld information. Indeed, discovery has closed, and all outstanding disputes have been resolved by the Court, and so any such reference is irrelevant, unfairly prejudicial to Netflix, and likely to confuse the jury. *See* FRE 401, 402, 403. The Court should, therefore, preclude attorneys and witnesses from alleging that DivX requested certain documents, information, or witnesses that Netflix allegedly either did not produce or did not produce sufficiently.

*First*, all discovery disputes, including the disclosure or nondisclosure of certain discovery, are irrelevant to trial issues, such as infringement, invalidity, and damages. *See* FRE 401, 402. For example, DivX complained that it should have received additional time to depose Netflix's expert, Dr. Sheila S. Hemami, despite spending two separate days on her deposition. The Court already denied DivX's request for additional time. *See* Dkt. 509 [Chamber's Order on Ex Parte Application]. DivX has also complained, for example, that certain of Netflix's 30(b)(6) witnesses

were unprepared to testify on topics on which they were designated, and that Netflix failed to produce certain documents relating to the profitability of and demand for Netflix's services. *See, e.g.*, Dkt. 492-15 [Feamster Dep. Sept. 4, 2025] at 24:18-28:3. The time to raise these and other similar discovery disputes has long since passed, and they have no probative value in determining patent validity, infringement, or damages—the only issues the jury will be asked to consider. Thus, they should be excluded under Rules 401 and 402. *See, e.g.*, *Van v. Language Line Servs.*, Inc., 2016 WL 3566980, at *4 (N.D. Cal. June 30, 2016) (excluding references to discovery disputes that are "irrelevant to Plaintiff's claims at trial"); *Mformation Techs., Inc. v. Research in Motion, Ltd.*, 2012 WL 2339762, at *2 (N.D. Cal. June 7, 2012) ("Evidence of parties' discovery disputes are not relevant to the questions of patent validity or infringement, and thus should not be presented to the jury."); *see also* Second Amended Standing Order on Motions *in Limine* in Cases Involving Allegations of Patent Infringement and/or Breach of FRAND Obligations, Civ. No. 2:-CV-00-JRG (E.D. Tex.) § I; Standing Order Governing Proceedings (OGP) 4.4-Patent Cases, W-2Z-CV-XXX-ADA (W.D. Tex.) § XIV.

*Second*, the potential for prejudice and jury confusion outweighs any purported relevance of these issues. *See* FRE 403. For example, complaining that Netflix did not provide adequate discovery regarding, e.g., its subscriber tiers, counts, and business projections obscures the fact that Netflix provided comprehensive documentation and witness testimony, including its 30(b)(6) witness testimony, on the topic. If Netflix were required to explain its discovery responses during trial, such a diversion would waste valuable trial time and create a prejudicial distraction. Ultimately, all of DivX's discovery complaints were resolved through agreements between the parties and the Court's orders on such disputes. Raising those disputes— or any perceived discovery deficiencies—at trial is likely to create the misleading impression that Netflix acted in bad faith or committed discovery misconduct, despite Netflix's diligent and good faith conduct throughout this litigation. To prevent

potential jury confusion and to ensure that the trial is focused on the disputed issues, any reference to discovery deficiencies or disputes should be excluded. *See, e.g.*, *Thomas v. Petro-Canada America Lubricants, LLC*, 2024 WL 1110917, at *3 (C.D. Cal. Feb. 1, 2024) ("The Court finds that reference to discovery disputes, including the timing of when certain pieces of evidence were disclosed, would be irrelevant and likely prejudicial."); *Brighton Collectibles, Inc. v. Marc Chantal USA, Inc.*, 2009 WL 10674074, at *3 (S.D. Cal. Apr. 1, 2009) (excluding evidence regarding the discovery process because it could paint one party "in a negative light," and that the "prejudice would clearly outweigh any probative value").

### B. DIVX SHOULD BE PRECLUDED FROM REFERENCING PROTECTIVE ORDER PROVISIONS, INCLUDING THE SOURCE CODE REVIEW CONDITIONS

DivX and its experts have indicated that they intend to argue that the Protective Order's Source Code review provisions hampered their ability to conduct a thorough infringement investigation. Netflix therefore requests that the Court preclude any reference to the Protective Order's Source Code review provisions, Dkt. 100 [Stipulated Protective Order], because they are not relevant to the issues in this trial, will likely cause jury confusion, and be unfairly prejudicial to Netflix. *See* FRE 401, 402, 403. By way of example, DivX's expert, Dr. Nick Feamster, suggested at his deposition that the Protective Order requirements and source code review conditions limited his ability to review Netflix's code. Dkt. 492-15 [Feamster Dep.] at 24:18-28:3, and DivX has likewise argued that it should have been permitted greater access to source code printouts than what the Protective Order allowed. DivX, however, never sought relief from these provisions, and their current complaints should be excluded.

*First*, the scope and provisions of the Protective Order, including source code review protocol, has no bearing on any issues that the jury will be asked to decide on (such as infringement, invalidity, and damages). Protective Orders are "a safeguard

-3-

for the protection of parties and witnesses in view of the broad discovery rights authorized in Rule 26(b)," *U.S. v. Columbia Broad. Sys., Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982) (citing Fed. R. Civ. P. 26(c)); *see also Mitra Mirage v. Costco Wholesale Corp.*, 2025 WL 3692007, at *1 (C.D. Cal. Nov. 21, 2025) (similar), and do not pertain to the substance of an action.  The provisions merely proscribe the way discovery is conducted.  Thus, reference to the Protective Order and source code review provisions should be excluded as irrelevant under Rules 401 and 402.  *See* FRE 401, 402.

*Second*, arguments regarding the conditions of discovery pursuant to the Protective Order are highly likely to confuse the jury and create prejudice against Netflix.  *See* FRE 403.  Jurors are unlikely to be familiar with the fact that parties routinely execute Protective Orders or that it is commonplace for a party such as Netflix to seek extra protection over the handling of its source code.  *See Mitra Mirage*, 2025 WL 3692007, at *1 (courts routinely issue Protective Order to "restrict[] the disclosure of trade secrets or other confidential commercial information"); *Hassaine v. Home Depot, U.S.A., Inc.*, 2011 WL 1213094, at *4-5 (S.D. Cal. Mar. 30, 2011) (upholding defendant's confidentiality designations for documents containing business, competitive, and proprietary information pursuant to a Protective Order).

*Third*, and perhaps most importantly, **DivX agreed** to be bound by the Protective Order's Source Code provisions, Dkt. 100 [Stipulated Protective Order] at 15-21, and there is no dispute that Netflix complied with its obligations under the Protective Order.  *See, e.g.*, Dkt. 492-15 [Feamster Dep.] at 24:18-28:3.  Permitting DivX to introduce arguments about the Protective Order would thus seek to relitigate an order under which DivX agreed to be bound.  *See Fitzpatrick v. Ford Motor Co.*, 2024 WL 2331843, at *3 (C.D. Cal. Jan. 5, 2024) (excluding evidence where it is "not relevant to Plaintiff's … claim" and because to the extent it "has any probative value, it is substantially outweighed by the evidence's tendency to mislead the jury").  Thus, any reference to the restrictions of the Protective Order, including the Source Code

protocol, should be excluded under Rule 403 as unfairly prejudicial to Netflix and wasteful of trial time.  *See* FRE 403.

### C. DIVX SHOULD BE PRECLUDED FROM REFERENCING THE SIZE AND COMPOSITION OF NETFLIX'S TRIAL TEAM

DivX should be precluded from offering any reference to the size and composition (*e.g.*, law firms, jury consultants, and/or trial graphics consultants) of the parties' trial teams.  Such references have no relevance to the issues in this case and instead would be offered only to prejudice the jurors.  The jurors are unlikely to know that jury consultants and litigation service personnel are common in patent cases like the one at bar, and therefore, unfairly impact their perception of Netflix in comparison to DivX.  *See* FRE 401, 402, 403.  Courts routinely prohibit references to the size and composition of trial teams under Federal Rules of Evidence 401, 402, and 403.  *See, e.g.*, *Kinsel v. BMW of N. Am., LLC*, 2023 WL 11899597, at *10 (D. Ariz. June 21, 2023) (excluding reference to "the number of attorneys defending BMW NA and the resources devoted to BMW's defense" because "these matters are all irrelevant to the litigation and carry little to no probative value"); *Green v. Logan's Roadhouse, Inc.*, 2015 WL 200977, at *2 (S.D. Miss. Jan. 14, 2015) (excluding "any argument or reference to the number of Defendant's attorneys or their residence"); *Strickholm v. Evangelical Lutheran Good Samaritan Soc'y*, 2013 WL 788096, at *6 (D. Idaho Mar. 1, 2013) (prohibiting reference "to the number of attorneys representing any other party and where those attorneys are from"); *Allstate Ins. Co. v. Nassiri*, 2013 WL 2394116, at *7 (D. Nev. May 30, 2013) (barring attorneys from identifying jury consultants).

### D. DIVX SHOULD BE PRECLUDED FROM REFERENCING THE IMPACT OF A VERDICT, OR THE ALLEGED "IMPORTANCE" OF THIS CASE TO SOCIETY, INNOVATION, OR THE PARTIES' BUSINESSES OR INDUSTRIES

The jury in this case, as in every case, will be instructed not to review or consider news reports about the case or discuss the case with anyone, including fellow

jurors. Consistent with that instruction, any reference to the alleged "importance" of the case to an industry or society, or to innovation in general, should be excluded as irrelevant and unfairly prejudicial. *See* FRE 401, 402, 403. Likewise, DivX should not be permitted to allege that this case is important to the survival of its business or the video streaming industry.

*First*, such arguments are irrelevant to the issues the jury will be asked to decide. For example, any purported impact of a verdict on DivX's business or on the streaming industry is irrelevant to the questions of whether Netflix infringes the Asserted Patents or whether those patents are valid. Such arguments are also not relevant to the parties' damages calculations. Thus, any such references should be excluded under Rules 401 and 402. *See* FRE 401, 402.

*Second*, reference to the purported impact or importance of the litigation should be excluded because it is meant only to elicit juror emotions and is unfairly prejudicial to Netflix. *See* FRE 403. For example, if DivX were permitted to speculate that an adverse verdict would have a negative effect on innovation, the streaming industry, or DivX's very existence, those arguments would be a misleading distraction from the issues to be decided. Moreover, any argument about an adverse verdict's negative impact on DivX's business would contradict the fact that DivX was created by and is backed by a multi-billion-dollar international investment fund. References to the alleged importance of the litigation also risks prejudicing Netflix by misleadingly suggesting the Asserted Patents are so valuable that they have garnered attention in the press and across the industry. Courts routinely exclude similar evidence and arguments. *See, e.g.*, *Nanometrics, Inc. v. Optical Sols., Inc.*, 2023 WL 7169549, at *4 (N.D. Cal. Oct. 30, 2023) (excluding reference to "the parties' size disparity" because "[a]ny relevance of the difference in the parties' size is substantially outweighed by the risk of unfair prejudice to Nanometrics of appearing as a 'Goliath' to Optical's 'David.'"); *Chaudhry v. Smith*, 2020 WL 869115, at *17 (E.D. Cal. Feb. 21, 2020) (excluding media reports under Rule 403); *Aghmane v. Bank of America*,

*N.A.*, 2018 WL 558886, at *2 (N.D. Cal. Jan. 25, 2018) (excluding evidence of media reports); *Gray v. Perry*, 2019 WL 2992007, at *11 (C.D. Cal. July 5, 2019) (excluding reference to the relative wealth of the parties because it is irrelevant to plaintiffs' claim of copyright infringement and unfairly prejudicial); *Kinetic Concepts, Inc. v. Bluesky Med. Corp.*, 2006 WL 6505348, at *5 (W.D. Tex. May 31, 2006) (excluding "[a]ny statement, reference to or evidence of Defendants' financial condition or adversity, Plaintiffs' financial condition or prosperity, or the relative wealth or size of the parties, if such statement or reference appeals to sympathy or bias.").

Should the Court permit DivX to introduce testimony about the impact of this case on DivX's business or the industries, Netflix should likewise be permitted to introduce evidence of DivX's business of patent monetization, including the fact that it is a Fortress-owned company, because any claim that this action is purportedly an existential threat to DivX is mitigated by the fact that DivX is backed by a multi-billion-dollar hedge fund.

### E. DIVX SHOULD BE PRECLUDED FROM REFERENCING WITHDRAWN OR DISMISSED CLAIMS AND DEFENSES

DivX should not be permitted to reference any claims or defenses that were dismissed or withdrawn earlier in this action. By definition, claims and defenses that are no longer pending are irrelevant to the issues at trial, and there is no reason they should be raised to the jury. *See* FRE 401, 402. As just some examples, the Court should preclude DivX from referring to Netflix's affirmative defenses that were dismissed or dropped earlier in this action and any patents or patent claims that are no longer asserted. Any such reference is likely to create jury confusion as to, *e.g.*, the strength of a party's position or the originally asserted scope of infringement, despite its lack of probative value. *See* FRE 403. For example, the jury may erroneously infer that Netflix lacks conviction on its position on noninfringement and invalidity from the fact that Netflix dropped its inequitable conduct defense, or it may conclude that Netflix's alleged infringement extends beyond just the patents and claims DivX

actually asserts at trial. *See* Dkt. 781 [Final Ruling] at 48. Courts routinely exclude references to dropped claims and defenses. *See, e.g.*, *Zamora v. BMW of N. Am., LLC*, 2022 WL 17061082, at *3 (C.D. Cal. Sept. 13, 2022) (granting motion *in limine* to "exclude evidence of any argument, mention, or reference to other complaints, claims, or lawsuits" because of risk of juror confusion and wasted trial time); *Broadcom Corp. v. Emulex Corp.*, 2011 WL 13130705, at *1 (C.D. Cal. Aug. 10, 2011) (evidence of withdrawn infringement claim is irrelevant, risks juror confusion, and wastes trial time); *Advanced Tech. Incubator, Inc. v. Sharp Corp.*, 2010 WL 11451797, at *2 (E.D. Tex. Mar. 31, 2010) (instructing defendants against arguing that "ATI's act of dropping a claim or instrumentality is evidence of non-infringement as to that claim or instrumentality"); *Kinetic Concepts*, 2006 WL 6505348, at *2 (excluding reference to "KCI's claims and causes of action that were ultimately dropped by KCI").

### F.   DIVX SHOULD BE PRECLUDED FROM REFERENCING EXCLUDED EXPERT TESTIMONY

DivX should be precluded from referring to expert testimony that has been excluded in this or any other action because it is not relevant to trial issues. *See* FRE 401, 402. Exclusion of expert testimony depends on whether it meets the *Daubert* standard and Federal Rule of Evidence 702 that pertain to procedural evidentiary safeguards, not substantive issues. *See* FRE 702; *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 594-95 (1993). The fact that certain expert testimony was excluded in this or another action says nothing about the merits of the infringement, invalidity, and damages issues that the jury will decide at trial, nor does it speak to an expert's credibility for the testimony the Court has permitted the expert to address. For example, the Court's exclusion of certain expert testimony of Dr. Kevin Jeffay is especially irrelevant to the trial issues because the exclusion was made on a procedural, rather than substantive, grounds. *See* Dkt. 781 [Final Ruling] at 49-50 (excluding certain testimony as untimely). Exclusion of expert testimony in other actions is even more removed from the merits of the current action since the factual

and legal issues differ. *See, e.g.*, *Comprehensive Toxicology Billing, LLC v. Nord*, 2017 WL 11639175, at *2 (C.D. Cal. Feb. 3, 2017) (excluding references to evidence, testimony, or comments related to "a separate and unrelated action, which is minimally relevant and carries a high likelihood of distracting the jury and wasting time."); *see also M.C. v. Princeton Excess & Surplus Lines Ins. Co.*, 2017 WL 3579699, at *2 (C.D. Cal. June 1, 2017) (granting a motion to strike witness testimony from an unrelated action as irrelevant).

Further, reference to prior-excluded expert testimony should be excluded because it is likely to be unfairly prejudicial and will confuse the jury. For instance, the jury may improperly infer that exclusion of Dr. Jeffay's testimony bears on his credibility and/or the strength of Netflix's position for those issues he does address at trial, even though his other testimony was either not challenged or not excluded by the Court. Courts routinely preclude references to excluded testimony because they tend to cause jury confusion. *See* FRE 403; *Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 2025 WL 1565327, at *7 (S.D.N.Y. June 3, 2025) (excluding reference to any prior discovery rulings or a party's conduct underlying such rulings because "[t]h[e] evidence has little probative value which is substantially outweighed by the risk of confusing the jury with irrelevant procedural matters, or unfairly prejudicing the jury against a party because of its prior discovery misconduct").

### G. DIVX SHOULD BE PRECLUDED FROM ASKING QUESTIONS INTENDED TO ELICIT ATTORNEY-CLIENT PRIVILEGED INFORMATION, OR INVITING THE JURY TO DRAW NEGATIVE INFERENCES FROM CLAIMS OF PRIVILEGE

Any reference to attorney-client privileged information should be excluded because it is unfairly prejudicial to Netflix and causes jury confusion. *See* FRE 403. During discovery, DivX sought to elicit testimony from witnesses that was subject to attorney-client privilege, garnering privilege objections and instructions from

Netflix's counsel. DivX should be precluded from asking those or similar questions at trial where DivX knows the witness will decline to answer based on attorney-client privilege. Likewise, DivX should not be permitted to argue or imply that assertion of attorney-client privilege implies impropriety or that the witness is "hiding something."

It is well-established that "[t]he attorney-client privilege protects confidential communications between attorneys and clients for the purpose of legal advice." *Eastman v. Thompson*, 594 F. Supp. 3d 1156, 1175 (C.D. Cal. 2022). At appropriate times during discovery, Netflix invoked attorney-client privilege by instructing witnesses not to respond to DivX questions that sought to elicit privileged testimony. At no point during discovery did DivX raise Netflix's invocation of privilege with the Court, and so DivX cannot now use Netflix's proper reliance on that privilege against Netflix at trial. Any such reference is likely to paint Netflix in a negative light, because a juror, unfamiliar with the attorney-client privilege doctrine, is likely to infer impropriety from Netflix's nondisclosure.

Netflix's invocation of the attorney-client privilege also has no probative value related to the issues of infringement, validity, and damages. *See* FRE 401, 402. Courts routinely exclude references to attorney-client privileged communications on similar bases. *See, e.g.*, *Knorr-Bremse Sys. Fuer Nutzfahrzeuge GMBH v. Dana Corp.,* 383 F.3d 1337, 1344 (Fed. Cir. 2004) ("no adverse inference shall arise from invocation of the attorney-client and/or work product privilege"); *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (holding that where a party asserts the privilege to bar disclosure of communications during discovery, the trial court properly excluded reference to the attorney-client communication); *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) ("[A]n adverse inference from an assertion of one's privilege not to reveal information is too high a price to pay"); *Alamar Ranch, LLC v. County of Boise*, 2010 WL 5186182, at *2 (D. Idaho Dec. 4, 2010) ("Defendant shall be

precluded from offering evidence through McNeese as to matters about which he declined to answer, on assertion of attorney-client privilege, work product, legal conclusions, speculation, or executive privilege."); *Inland Empire Foods v. Zateca Foods*, 2010 WL 11519623, at *2 (C.D. Cal. Aug. 13, 2010) ("preclud[ing] evidence of the assertion of Inland's attorney-client privilege by certain representatives of Inland during discovery … [because] invocation of the attorney-client privilege in their responses to inquiries by Zateca during pretrial discovery is irrelevant" and "its probative value is substantially outweighed by the danger of undue prejudice to Inland.").

### H. DIVX SHOULD BE PRECLUDED FROM REFERENCING REDACTED INFORMATION

The Court should preclude DivX from referencing redacted information, including implying that the fact that Netflix produced certain documents with redaction means Netflix is not being forthcoming or acting in bad faith. Any such reference is likely to confuse the jury and unfairly prejudicial to Netflix. *See* FRE 403. Under Rule 26(c)(1), courts routinely permit partial redaction of documents to protect confidential information such as "internal strategy and decision-making process [of a business whose] disclosure could harm [the company's] competitive standing." *See, e.g.*, *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, 2013 WL 1997252, at *2 (N.D. Cal. May 13, 2013) (granting request to redact documents containing "internal strategy and decision making process of EA's product development team," "payment terms," and "royalty rates and payment terms of licensing agreements," among others). Netflix has produced documents with certain irrelevant (and sensitive third-party) information redacted in this litigation, and Netflix expects DivX to use some of those redacted documents. Jurors unfamiliar with the practice of redaction in litigation are likely to speculate as to the redacted information and infer that Netflix is "hiding something" in producing documents with redaction. To avoid such juror confusion and unfair prejudice to Netflix, the Court

should exclude any arguments that redaction implies unseemly or nefarious motivation by the redacting party. *See* FRE 403.[1]

### I. DIVX SHOULD BE PRECLUDED FROM REFERENCING SPECULATION AS TO ATTORNEY ADVICE OR INFLUENCE ON WITNESS'S DEPOSITION ERRATA

The Court should preclude DivX from arguing or implying that any witness deposition errata was influenced or directed by attorneys. For example, DivX should be precluded from arguing or implying that a deposition transcript errata was influenced by an attorney. Any such reference would be speculative, would encroach on the attorney-client privilege, and would be offered solely for the purpose of improperly evoking jury emotions. *See id*.

### J. DIVX SHOULD BE PRECLUDED FROM REFERENCING (OR INVITING THE JURY TO DRAW A NEGATIVE INFERENCE FROM) A FACT WITNESS'S FAILURE TO OFFER NON-INFRINGEMENT OR INVALIDITY OPINIONS

In other trials, counsel has invited the jury to draw a negative inference from the fact that an engineer who testified as a fact witness did not offer non-infringement or invalidity opinions. Because fact witnesses are precluded from offering opinions on invalidity and non-infringement, any such argument or invitation to the jury would be improper, misleading, and prejudicial, and should be excluded. *See* FRE 403.

### III. CONCLUSION

Accordingly, Netflix respectfully requests that the Court preclude DivX from offering untimely and supported evidence, testimony, or argument concerning: (1) discovery deficiencies and disputes; (2) the Source Code review conditions established by the Protective Order; (3) the size and composition of the parties' trial teams; (4) the importance of this case on society, industry, or the parties' businesses;

---

[1] It would also be appropriate for the Court to instruct the jury that the redactions comply with Court orders, such that the jurors are not to guess or speculate about what has been redacted or why the document has been redacted.

(5) withdrawn or dismissed claims or defenses; (6) excluded expert testimony; (7) attorney-client privileged information; (8) redacted information or documents; (9) speculation as to attorney advice or influence on a witness's errata; and (10) a fact witness's failure to testify as to non-infringement or invalidity.

DATED: January 29, 2026    Respectfully submitted,

/s/ Taylor Gooch
Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
50 California Street, 36th Floor
San Francisco, CA 94111
Telephone: (628) 235-1000
Facsimile: (628) 235-1001

Mary (Mindy) V. Sooter (*pro hac vice*)
Mindy.Sooter@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
1225 Seventeenth St., Suite 2600
Denver, CO 80202
Telephone: (720) 274-3164
Facsimile: (720) 274-3133

Dominic E. Massa (*pro hac vice*)
Dominic.Massa@wilmerhale.com
WILMER CUTLER PICKERING
 HALE AND DORR LLP
360 State Street
Boston, MA 02109
Telephone: (617) 526-6386
Facsimile: (617) 526-5000


*Attorneys for Defendant and Counterclaimant Netflix, Inc.*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Netflix, Inc., certifies that this brief contains 4,015 words, which complies with the word limit of L.R. 11-6.1. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on January 22, 2026.

DATED: January 29, 2026

/s/ Taylor Gooch
Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2026, a copy of the foregoing document—Defendant Netflix, Inc.'s Memorandum of Law in Support of Its Motion *in Limine* on Procedural Issues—was served on counsel of record for Plaintiff DivX, LLC, via email:

David M. Stein, dstein@olsonstein.com

David C. McPhie, dmcphie@irell.com

Jason G. Sheasby, jsheasby@irell.com

Lisa Sharrock Glasser, lglasser@irell.com

Emily Tremblay, ETremblay@robinskaplan.com

Aaron R. Fahrenkrog, afahrenkrog@robinskaplan.com

Kia Schmeckpeper, kschmeckpeper@robinskaplan.com

divx-netflix@irell.com

rkdivx@robinskaplan.com

*/s/ Taylor Gooch*
Joseph Taylor Gooch (SBN 294282)
Taylor.Gooch@wilmerhale.com