Jason G. Sheasby (CA SBN 205455)
jsheasby@irell.com
Lisa Glasser (CA SBN 223406)
lglasser@irell.com
IRELL & MANELLA LLP
1800 Ave. of the Stars, Suite 900
Los Angeles, CA 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

Aaron R. Fahrenkrog (*pro hac vice*)
AFahrenkrog@RobinsKaplan.com
Emily J. Tremblay (*pro hac vice*)
ETremblay@RobinsKaplan.com
ROBINS KAPLAN LLP
800 LaSalle Avenue, Suite 2800
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181

*Attorneys for Plaintiff DivX, LLC*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DIVX, LLC,<br><br>    Plaintiff and Counterclaim-Defendant,<br><br>    v.<br><br>NETFLIX, INC.,<br><br>    Defendant and Counterclaimant. | Case No. 2:19-cv-1602 GW (AGRx)<br><br>**PLAINTIFF DIVX, LLC'S NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO PRECLUDE ARGUMENT OR EVIDENCE RELATING TO ALLEGED "PIRACY" OR COPYRIGHT INFRINGEMENT BY DIVX OR ITS CUSTOMERS**<br><br>**Date: February 19, 2026**<br>**Time: 8:30 am**<br>**Courtroom: 9D**<br>**Judge: The Hon. George Wu** |

# NOTICE OF MOTION

**TO DEFENDANT NETFLIX AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on February 19, 2026 at 8:30 AM or as soon thereafter as the matter may be heard in the United States District Court for the Central District of California, located in Courtroom 9D, First Street U.S. Courthouse, Los Angeles, CA, 90012 and before the Honorable George Wu, Plaintiff DivX, LLC ("DivX") will move this Court for an order to preclude Netflix, Inc. ("Netflix") from presenting evidence or argument relating to alleged "piracy" or copyright infringement by DivX or its customers.

DivX's motion is supported by the files, records and pleadings in this action, any argument presented at the time of hearing on this motion, and such other and further matters as the Court deems just and proper.

## LOCAL RULE 7-3 STATEMENT

This motion is made following a conference of counsel pursuant to Local Rule 7-3, which took place on January 22, 2026.

Dated: January 29, 2026                    Respectfully submitted,

                                           By:   */s/ Lisa Glasser*
                                                 *Attorney for Plaintiff*
                                                 *DivX, LLC*

## MEMORANDUM OF POINTS AND AUTHORITIES

DivX hereby moves to preclude evidence or argument accusing DivX or its customers of infringing copyrights, facilitating piracy, otherwise suggesting that DivX or its customers engaged in any unlawful activity. Such evidence is inadmissible under Federal Rules of Evidence 402, 403, and 802.

The following questioning by Netflix's counsel at the deposition of DivX's Chief Executive Officer about a 2008 copyright infringement case (not involving any finding of wrongdoing by DivX or any other entity) is illustrative of the type of irrelevant and inappropriate subject matter that this motion seeks to preclude.

> Q. All right. So if you look at paragraph 2 on the second page, UMG is alleging that DivX, through its Stage6 website, is a ***massive copyright infringer that built its business by stealing the intellectual property of others***; right?
> A. I'm aware that that is a statement in this demand.
> Q. And, ultimately, DivX settled this case; correct?
> A I'm aware that there was a settlement, and I'm told that it was favorable to DivX.
> …
> Q. Okay. Looking at paragraph 3, the complaint further says, starting with sentence 2, "***DivX's business plan consisted of nothing more than high-tech theft*** in the name of sharing which resulted in the direct and indirect ***infringement of thousands of plaintiffs'' copyrighted sound recordings*** and musical compositions"; right?
> A. I understand that you're reading from paragraph 3 of this demand.

Ex. 6 (Egnatios Depo.), 112:14-113:18 (emphasis added).

The present case has nothing to do with this nearly two decade-old third-party suit—much less the hearsay (and eventually dismissed) inflammatory accusations made therein in an attempt to extract a settlement from DivX. Netflix nonetheless appears intent on injecting into this trial these allegations, as well as allegations attributed to unidentified third parties, accusing DivX of being used years ago by other unidentified third-party users for copyright infringement. Netflix asked similar questions of numerous other witnesses and inserted scattered references to alleged

1  piracy or copyright infringement as purported background in expert reports. None of
2  this has any relevance to the claims and defenses to be decided to the jury, which are
3  limited to Netflix's infringement, patent validity, and a reasonable royalty for
4  Netflix's infringement, and therefore is inadmissible. Fed. R. Evid. 402.

5        In addition to having no relevance to DivX's patent infringement claims against
6  Netflix, Netflix's inflammatory assertions are highly prejudicial, confusing, and
7  misleading, and therefore also inadmissible under Rule 403. *See Unicolors, Inc. v.*
8  *Urb. Outfitters, Inc.*, 686 F. App'x 422, 424-25 (9th Cir. 2017) ("Evidence of prior
9  lawsuits should be excluded when the possible prejudice to a party outweighs any
10 probative value."); *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL (CWx), 2011
11 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("[R]eference to or evidence of Plaintiff's
12 involvement in other litigation prior to this Action is also irrelevant and carries with
13 it a high risk of prejudice."); *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*,
14 No. 3:17-CV-01118-BEN-BLM, 2019 WL 2211897, at *4 (S.D. Cal. May 22, 2019)
15 (excluding evidence of a prior suit and associated alleged "misrepresentations and
16 intentional misconduct," which the Court found had a risk of "significant improper
17 influence on the jury's determination of the issues in the case."); *see also Skye*
18 *Orthobiologics, LLC v. CTM Biomedical, LLC*, No. 2:20-cv-03444-MEMF-PVC,
19 2023 WL 5667558, at *8 (C.D. Cal. Aug. 9, 2023) ("Compliance with this state law
20 does not appear to be an element of any of the [federal] claims at issue . . . . Defendants
21 have failed to show the relevance of any of the [unrelated] litigation at issue . . . .");
22 *Mendenhall v. Cedarapids, Inc.*, 5 F.3d 1557, 1568 (Fed. Cir. 1993) (the court "based
23 his exclusion of the proffered materials relating to prior proceedings even though
24 portions were relevant evidence to some factual issues, on Federal Rule of Evidence
25 403."); *Multimedia Pat. Tr. v. Apple Inc.*, No. 10-CV-2618-H (KSC), 2012 WL
26 12868264, at *8 (S.D. Cal. Nov. 20, 2012) (concluding that "any probative value the
27 [prior] litigation might have would be substantially outweighed by the danger of
28 unfair prejudice"); *Grace v. Apple Inc.*, No. 17-CV-00551-LHK, 2020 WL 227404,

at *3 (N.D. Cal. Jan. 15, 2020) (evidence of prior patent infringement action inadmissible as likely to give rise to "time-consuming tangents about the merits of [that] trial[]"). Further, explanation of the prior accusations, whether in the 2008 litigation or by identified third parties, would result in a substantial waste of time and ultimately detract the jury's attention from evidence that is relevant to the current patent infringement claims, in addition to being confusing and highly prejudicial.

Lastly, discussion of alleged third-party statements about piracy or copyright infringements is also inadmissible under Federal Rule of Evidence 802 because it is quintessential hearsay. All the evidence that Netflix seeks to offer are alleged out-of-court statements by third parties, offered for their alleged truth (i.e., that there was something improper about DivX's business model or that its users were "pirates"). *See Stanley Martin Cos., Inc. v. Universal Forest Prods. Shoffner LLC*, 396 F. Supp. 2d 606, 613 (D. Md. 2005) ("[R]eliance on depositions and interrogatory responses from prior litigation between SMC and [a third party] is more problematic. Such evidence is hearsay . . . .").

In sum, DivX respectfully requests that this Court preclude Netflix from presenting evidence or argument accusing DivX or its customers of infringing copyrights, facilitating piracy, otherwise suggesting that DivX or its customer engaged in any unlawful activity, pursuant to Federal Rules of Evidence 402, 403, and 802.

| | |
|---|---|
| Dated: January 29, 2026 | */s/ Lisa Glasser* |
| | Jason G. Sheasby (CA SBN 205455) |
| | jsheasby@irell.com |
| | Lisa Glasser (CA SBN 223406) |
| | lglasser@irell.com |
| | IRELL & MANELLA LLP |
| | 1800 Ave. of the Stars, Suite 900 |
| | Los Angeles, CA 90067 |
| | Telephone: (310) 277-1010 |
| | Facsimile: (310) 203-7199 |
| | |
| | Aaron R. Fahrenkrog (*pro hac vice*) |
| | AFahrenkrog@RobinsKaplan.com |
| | Emily J. Tremblay (*pro hac vice*) |
| | ETremblay@RobinsKaplan.com |
| | ROBINS KAPLAN LLP |
| | 800 LaSalle Avenue, Suite 2800 |
| | Minneapolis, MN 55402 |
| | Telephone: (612) 349-8500 |
| | Fax: (612) 339-4181 |
| | |
| | **Attorneys for Plaintiff DivX, LLC** |

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff DivX, LLC, certifies that this brief contains 914 words, which complies with the word limit of L.R. 11-6.1.

| | |
|---|---|
| Dated: January 29, 2026 | */s/ Lisa Glasser* |
| | Lisa Glasser |