UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 19-1602-GW-DFMx | Date | September 4, 2026 |
|---|---|---|---|
| Title | *DIVX, LLC v. Netflix, Inc.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: IN CHAMBERS - FINAL RULINGS ON DIVX, LLC'S MOTION FOR A NEW TRIAL [1206]; and DIVX, LLC's MOTION FOR JMOL AND TO ALTER AND AMEND THE JUDGMENT [1207]**

Attached is the Court's Final Ruling on Plaintiff's Motions [1206, 1207]. The Court DENIES DivX's Motions.

: 

Initials of Preparer JG

***DivX, LLC v. Netflix, Inc.***, Case No: 2:19-cv-1602-GW-(AGRx)
Final Rulings on: (1) DivX's Motion for Judgment as a Matter of Law; (2) DivX's Motion for a New Trial

## I. INTRODUCTION

On March 5, 2019, Plaintiff DivX, LLC ("DivX" or "Plaintiff") brought this action against Defendant Netflix, Inc. ("Netflix" or "Defendant"). Compl., Docket No. 1. DivX alleges that Netflix infringes U.S. Patent Nos. 7,295,673 ("the '673 Patent"), 8,139,651 ("the '651 Patent"), 8,472,792 ("the '792 Patent"), 9,184,920 ("the '920 Patent"), 9,270,720 ("the '720 Patent"), 9,998,515 (the '515 Patent"), 10,212,486 ("the '486 Patent"), and 10,225,588 ("the '588 Patent") (collectively, the "Asserted Patents"). Compl., Docket No. 1; First Amended Complaint ("FAC"), Docket No. 60. This matter proceeded to a jury trial on March 13, 2026. Docket No. 1062. The jury returned a verdict finding that DivX had not shown by a preponderance of the evidence that Netflix infringed any of the asserted claims. Docket Nos. 1152, 1153 (sealed).

DivX filed a Motion for Judgment as a Matter of Law. Docket No. 1207. Netflix opposed. Docket No. 1211. DivX replied. Docket No. 1214. DivX also filed a Motion for New Trial. Docket No. 1206. Netflix opposed. Docket No. 1210. DivX replied. Docket No. 1213. The Court held a hearing on DivX's motions on August 24, 2026. For the following reasons, the Court **DENIES** DivX's motions.

## II. LEGAL STANDARD

### A. Judgment as a Matter of Law

Under Fed. R. Civ. P. 50(a) and (b), a court may enter judgment as a matter of law if "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [prevailing] party" as to an issue on which that party has been fully heard during trial. Fed. R. Civ. P. 50. A party seeking judgment as a matter of law has a "very high" standard to meet. *Costa v. Desert Palace*, 299 F.3d 838, 859 (9th Cir. 2002). The jury's verdict must be upheld if, viewing the facts in the light most favorable to the nonmoving party, there is sufficient evidence for a reasonable jury to have found in the nonmoving party's favor. *Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1227 (9th Cir. 2001); *Omega Envt'l, Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir. 1997) ("Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict."), *cert. denied*, 525 U.S. 812 (1998); *see also Baker v. Delta Air*

*Lines, Inc.*, 6 F.3d 632, 644 (9th Cir. 1993) ("[A court] must determine whether the evidence, considered as a whole and viewed in the light most favorable to the nonmoving party, reasonably can support only a verdict for the moving party.") (quoting *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992)).

In considering a motion under Rule 50(b), the district court is not free to weigh the parties' evidence or to pass on the credibility of witnesses or to substitute its judgment of the facts for that of the jury. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000); *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986); *Continental Ore Co. v. Union Carbide & Carbon Corp.*, 370 U.S. 690, 696 n.6 (1962); *Baker*, 6 F.3d at 644.

B. New Trial

Under Fed. R. Civ. P. 59(a)(1), a court may grant a new trial on all or some of the issues after a jury trial "for any reason for which a new trial has been granted in an action at law in federal court." Courts are thus "bound by those grounds that have been historically recognized" for a new trial, including claims "that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

In contrast to a motion for judgment as a matter of law, a judge considering a motion for new trial "can weigh the evidence and assess the credibility of witnesses, and need not view the evidence from the perspective most favorable to the prevailing party." *Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987). Nevertheless, "a decent respect for collective wisdom of the jury, and for the function entrusted to it in our system, certainly suggests that in most cases the judge should accept the findings of the jury, regardless of his own doubts in the matter." *Id.* (citation omitted). If, on the other hand, having given full respect to the jury's findings and having reviewed the entire evidence, the judge "is left with the definite and firm conviction that a mistake has been committed," a new trial should be granted. *Id.* at 1372 (citation omitted); *see also EEOC v. Pape Lift*, Inc., 115 F.3d 676, 680 (9th Cir. 1997) ("*Pape Lift*") (declaring that motion for new trial should only be granted if verdict is against great weight of evidence or it is quite clear that jury has reached seriously erroneous result); *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001) ("[E]ven if substantial

evidence supports the jury's verdict, a trial court may grant a new trial if 'the verdict is contrary to the clear weight of the evidence, or is based upon evidence which is false, or to prevent, in the sound discretion of the trial court, a miscarriage of justice.' ") (quoting *United States v. 4.0 Acres of Land*, 175 F.3d 1133, 1139 (9th Cir. 1999)).

## III. DISCUSSION

### A. DivX's Motion for Judgment as a Matter of Law

#### 1. Infringement

##### *a) The '651 Patent*

DivX argues that, with respect to the '651 Patent, Netflix presented only one non-infringement theory to the jury.[1] Docket No. 1207 at 4. Specifically, DivX contends that Netflix argued that the deblocking filter in Netflix's system does not meet the "determining a level of detail . . ." limitation of Claim 1 of the '651 Patent because it does not use all the pixels in the region to determine the level of detail. *Id.* Basically, the '651 Patent discloses a method of applying deblocking filters to remove blocking artifacts which result from video compression. *See* '651 Patent at 1:25-34, Docket No. 1-2. DivX argues that the claim limitation does not require use of all the pixels. Docket No. 1207 at 4. Netflix asserts that it presented evidence at trial distinguishing a "row-based" filter and a "region-based" filter. Docket No. 1211 at 3-4. Netflix argued at trial that the accused system uses the "row-based" approach instead of the claimed "region-based" approach and thus does not infringe. *Id.* at 4. Netflix provided evidence in support of its position, including the testimony of its expert Dr. Bernd Girod. *Id.* Netflix argues that the jury could have considered this evidence and determined that the accused system does not infringe. *Id*. Netflix also argues that the jury could have determined that DivX did not carry its burden to prove infringement because it did not present any evidence showing how the Beamr software (which NetFlix licenses and utilizes to encode "high efficiency video coding" ("HEVC")) operates. *Id.* at 5.

DivX has failed to show that the jury's non-infringement finding was not supported by substantial evidence. Infringement is a fact intensive issue. As to the dispute about claim scope, the parties did not request construction of the specific terms at issue and plain and ordinary

---

[1] The Court does not necessarily agree with DivX's contention that Netflix presented only one non-infringement theory to the jury (*see* Netflix's assertions as to why "[t]he jury could reasonably have concluded that Netflix does not infringe the '651 Patent" at Docket No. 1211 at 3-7). However, since the Court rejects DivX's only cited contention, it need not address Netflix's other assertions.

meaning applies. The parties were entitled to present competing evidence concerning the plain meaning of the terms at issue to a person having skill in the art and concerning whether the accused system actually performs the claimed method. This factual dispute does not mean that the jury's verdict was unsupported. Based on a review of the record, the Court does not find that Netflix offered impermissible claim constructions at trial.

The jury also could have reasonably determined that DivX failed to present sufficient evidence of infringement. The issue here is not whether Netflix used the Beamr HEVC deblocking filter. It is undisputed that Netflix used it. *See* Docket No. 1214 at 6-7. The issue is whether Netflix's use of the filter infringes the asserted claims. DivX opted to present industry standards showing the operation of the HEVC deblocking filter instead of the Beamr software. DivX stated that it was not proceeding under a theory that the '651 Patent is a standard essential patent. The jury could have determined that DivX did not carry its burden because it did not introduce evidence showing how the Beamr software worked.

*b) The '792 Patent*

As to the '792 Patent, DivX again raises a dispute about claim scope. *See* Docket No. 1207 at 7-8. DivX argues that Netflix applied an impermissibly narrow construction of the claims. *Id.* Netflix disagrees that its non-infringement defense depends on claim scope for the "index" term. Docket No. 1211 at 8-11. Rather, Netflix argues that the accused system lacks an index entirely and thus does not infringe. *Id.* Netflix presented evidence at trial in support of its position, including the testimony of its expert Dr. Sheila Hemami. *Id.* Based on a review of the record, the Court does not understand Netflix as having advanced an impermissibly narrow construction for "complete index" at trial. Rather, the Court agrees that Netflix argued that the accused system lacks an index, applying the plain meaning of that term.

*c) The '673 Patent*

As to the '673 Patent, DivX again raises a dispute about claim scope. *See* Docket No. 1207 at 13-14. DivX argues that Netflix's "multiple key argument" was inconsistent with the Court's claim construction. *Id.* at 14. Netflix argues that DivX misunderstood its position. Docket No. 1211 at 12. Netflix explains that its non-infringement theory was based on the "multiple key pointers" limitation. *Id.* While the Court appreciates that keys and key pointers are not necessarily the same thing, Netflix was entitled to argue that its system does not infringe because it lacks multiple key pointers, which the claims require. Netflix presented expert testimony: (1) explaining

what key pointers are; (2) differentiating keys from key pointers; (3) differentiating key pointers from initialization sectors; and (4) otherwise explaining its position at trial. Thus, substantial evidence supports the jury's non-infringement determination.

*d) The '486 Patent*

As to the '486 Patent, DivX argues that Netflix cannot prove non-infringement because the decryption key employed in the Netflix system (called "K") is only used for synchronization purposes. Docket No. 1207 at 19. The claim construction order acknowledged that use of an outside key for synchronization purposes only was consistent with the claim. *Id.* Therefore, the fact that K is an outside key does not defeat DivX's infringement allegations. *Id.* Netflix understands the evidence differently. *See* Docket No. 211 at 13. Netflix argues that its system used two outside sources (*i.e.* encrypted fragments and K) to unscramble data. *Id.* For these reasons, Netflix argued that it does not infringe. The parties presented competing evidence regarding the role and purpose of K at trial – primarily a battle between DivX's expert (Dr. Michael Sprenger) and Netflix's expert (Dr. Stephen Wicker). The jury was entitled to consider that evidence and determine that K, as used in the Netflix system, is an outside key used for more than just synchronization purposes. For at least this reason, judgment as a matter of law of infringement is not appropriate.

*e) Indirect Infringement*

Indirect infringement requires an underlying act of direct infringement. *See Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 920 (2014) ("there can be no indirect infringement without direct infringement."). For the reasons explained above, the jury could have reasonably determined that none of the asserted patents were directly infringed by any entity. This determination would foreclose any finding of indirect infringement. For at least this reason, the Court declines to grant judgment as a matter of law on the indirect infringement issue.

2. Invalidity

The jury did not reach a verdict on invalidity. The jury decided only the non-infringement issue. For the reasons stated above, the Court declines to find as a matter of law that Netflix infringes DivX's patents. There is no need to separately consider the validity issue.

For the foregoing reasons, the Court **DENIES** DivX's Motion for Judgment as a Matter of Law.

B. <u>Rule 59(a) Motion</u>

1. Jury Instructions

DivX argues that the jury instructions were improper because, in its stated construction for the "deciphering . . ." limitation of the '486 Patent in those instructions, the Court did not add its reasoning explaining that an outside source could be used only for synchronization purposes without falling outside the scope of the claim. Docket No. 1206 at 2-3. The Court opted to provide only its construction, which addressed the parties dispute, in the jury instructions but not its rationale including the discussion of certain embodiment in the specification. The Court disagrees that that choice was a mistake. *See MercExchange, LLC v. eBay, Inc.*, 401 F.3d 1323, 1329 (Fed. Cir. 2005) ("The court's [*Markman*] analysis need not be part of the jury instructions."), *vacated on other grounds*, 547 U.S. 388 (2006). Further, it appears that the dispute presented at trial was a factual one regarding whether the decryption key in the Netflix system (*i.e.* "K") was used for decrypting or merely synchronization purposes. *See* § III.A.1.d, *supra*. Even if the Court had given the instruction DivX now argues should have been given, it is not clear that the jury would have reached a different conclusion. The jury may have still decided, based on the presentation of competing evidence, that K in the Netflix system is used for decryption and not merely for synchronization. Accordingly, DivX's argument does not present a basis for a new trial.

DivX makes a similar argument with respect to the construction provided for the "synchronized frame decryption stream" limitation of the '673 Patent. Docket No. 1206 at 6. DivX argues that in addition to providing the construction determined by the Federal Circuit, the Court should have expressly instructed the jury that the synchronized frame decryption stream allows, but does not require, interleaving. *Id.* The language that the Court provided to the jury stated that the synchronized framed decryption stream "covers" interleaving.[2] The term, "covers," suggests that interleaving is included but not necessarily required.[3] The provided claim construction does not leave any confusion as to whether interleaving is required. For these reasons, it is not clear that the jury would have reached a different conclusion if they had been provided

[2] It is noted that in the jury instruction, it was stated that "[t]he parties have agreed to the definitions of the following terms: . . . 'synchronized frame decryption stream' ('673 Patent, Claims 29, and 32) [as meaning] covers 'frame decryption information that is provided when there is a key update in an interleaved fashion with said set encrypted frames.'" Docket No. 1147 at 11 of 18.

[3] Netflix characterizes DivX's argument here as "splitting hairs." Docket No. 1210 at 8 of 30. The Court would agree. DivX contends that it was error to use the word "covers" in the jury instruction rather than the word "includes." Docket No. 1206 at 12-13 of 32. Even given the use of the word "covers" in the jury instruction, there was nothing to prevent DivX from arguing to the jury that interleaving is included but not necessarily required in the synchronized frame decryption stream limitation of the '673 Patent.

with the language DivX now argues was needed. The Court declines to grant a new trial based on this argument.

2. Netflix's Claim Scope Arguments

DivX makes several arguments that Netflix interpreted the claim scope during trial in a manner that was inconsistent with the plain language of the claims and the Court's constructions. *See* Docket No. 1206 at 7-14. These arguments are similar to the arguments addressed above in connection with DivX's Motion for Judgment as a Matter of Law. *See* §§ III.A.1.a-d, *supra*. As discussed above, the Court does not view Netflix as having advanced impermissible claim constructions during trial. Rather, the parties presented certain factual disputes to the jury including, for example, whether the Netflix system uses multiple key pointers, whether the Netflix system includes a complete index, and whether the decryption key in the Netflix system was used for decrypting or merely for synchronization purposes. The parties presented competing evidence related to these disputes. The jury was entitled to consider the evidence and resolve the factual disputes in Netflix's favor. DivX has not identified any statement on behalf of Netflix that was so erroneous that it led the jury to reach the wrong conclusion or that it rendered the trial an unfair process. Accordingly, the Court would deny a new trial based on these arguments. The Court also declines to evaluate DivX's arguments concerning the presentation of invalidity evidence because the jury did not return a verdict on any invalidity claims.

3. Industry Standards Testimony and Instructions

Finally, DivX argues that the jury instructions and related testimony regarding industry standards were incorrect and warrant a new trial. Docket No. 1206 at 16. The Court agrees that this was not a standard essential patent case and that evidence that Netflix practices industry standards neither establishes infringement nor serves as a defense to infringement. The instruction the Court provided is consistent with these principles. *See* Docket No. 1147 at 13 of 18. The parties and the Court discussed this issue many times including at the summary judgment stage, in connection with the parties motions *in limine*, and during the jury trial. Nonetheless, at trial, DivX opened the door by eliciting witness testimony showing that DivX's technology formed the basis for industry standards. The Court allowed Netflix to introduce evidence concerning industry standards in response to the evidence DivX presented. Accordingly, the Court cannot find that a new trial is warranted where DivX precipitated the standards issues during trial.

## V. CONCLUSION

For the reasons stated in this Order, the Court **DENIES** DivX's Motion for Judgment as a Matter of Law and its Motion for New Trial.